**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware
(State)

Case number *(if known)*: _____  Chapter 11

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| **1. Debtor's Name** | Akorn, Inc. | |
| **2. All other names debtor used in the last 8 years** | Akorn Pharmaceuticals; Taylor Pharmaceuticals | |
| **3. Debtor's federal Employer Identification Number** (EIN) | 72-0717400 | |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 1925 West Field Court | |
| Number        Street | Number        Street |
| Suite 300 | |
| | P.O. Box |
| Lake Forest        Illinois  60045 | |
| City        State   Zip Code | City        State   Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| Lake | |
| County | Number        Street |
| | City        State   Zip Code |

**5. Debtor's website** (URL)    www.akorn.com

Debtor     Akorn, Inc.                             Case number *(if known)* _____
          Name

| | |
|---|---|
| **6. Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | ☐ Partnership (excluding LLP) |
| | ☐ Other. Specify: |

**7. Describe debtor's business**

A. *Check One:*

☒ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**3254 (Pharmaceutical and Medicine Manufacturing)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

     ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

     ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1). Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☐ The debtor is a small business as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

     ☐ A plan is being filed with this petition.

     ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

     ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor     Akorn, Inc.
Name              Case number *(if known)* _____

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |
| District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

Debtor   **See Rider 1**     Relationship   **Affiliate**

District   **District of Delaware**     When   **05/20/2020**
                                              MM / DD / YYYY

Case number, if known   _____

---

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
             Number     Street

_____
City             State    Zip Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors (on a consolidated basis)**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☒ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

---

| Debtor | Akorn, Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **15. Estimated assets (on a consolidated basis)** | ☐ | $0–$50,000 | ☐ | $1,000,001–$10 million | ☐ | $500,000,001–$1 billion | |
| | ☐ | $50,001–$100,000 | ☐ | $10,000,001–$50 million | ☒ | $1,000,000,001–$10 billion | |
| | ☐ | $100,001–$500,000 | ☐ | $50,000,001–$100 million | ☐ | $10,000,000,001–$50 billion | |
| | ☐ | $500,001–$1 million | ☐ | $100,000,001–$500 million | ☐ | More than $50 billion | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **16. Estimated liabilities (on a consolidated basis)** | ☐ | $0–$50,000 | ☐ | $1,000,001–$10 million | ☐ | $500,000,001–$1 billion | |
| | ☐ | $50,001–$100,000 | ☐ | $10,000,001–$50 million | ☒ | $1,000,000,001–$10 billion | |
| | ☐ | $100,001–$500,000 | ☐ | $50,000,001–$100 million | ☐ | $10,000,000,001–$50 billion | |
| | ☐ | $500,001–$1 million | ☐ | $100,000,001–$500 million | ☐ | More than $50 billion | |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | |
|---|---|
| **17. Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
| | I have been authorized to file this petition on behalf of the debtor. |
| | I have examined the information in this petition and have a reasonable belief that the information is true and correct. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      __05/20/2020__
                      MM/ DD / YYYY

✖    __/s/ Joseph Bonaccorsi__          Joseph Bonaccorsi
Signature of authorized representative of debtor          Printed name

Title   __Authorized Signatory__

| | |
|---|---|
| **18. Signature of attorney** | ✖    __/s/ Paul N. Heath__          Date   __05/20/2020__ |
| | Signature of attorney for debtor          MM/ DD/YYYY |

**Paul N. Heath**

**Richards, Layton & Finger, PA**
Firm name

**920 N. King Street**
Number          Street

**Wilmington**          **Delaware**     **19801-**
City          State      ZIP Code

**(302) 651-7700**          **heath@rlf.com**
Contact phone          Email address

**DE 3704**          **Delaware**
Bar number          State

Official Form 201A (12/15)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AKORN, INC., *et al.*,[1] | ) Case No. 20-[____] (___) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

### Attachment to Voluntary Petition for Non-Individuals Filing for
### Bankruptcy under Chapter 11

1.   If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 0-21196

2.   The following financial data is the latest available information and refers to the debtor's condition on March 31, 2020.

   a.   Total assets                                      $1,032,275,000

   b.   Total debts (including debts listed in 2.c., below)      $1,051,769,000

   c.   Debt securities held by more than 500 holders

Approximate number of holders:

secured ☐  unsecured ☐  subordinated ☐  $ _____      _____
secured ☐  unsecured ☐  subordinated ☐  $ _____      _____
secured ☐  unsecured ☐  subordinated ☐  $ _____      _____
secured ☐  unsecured ☐  subordinated ☐  $ _____      _____
secured ☐  unsecured ☐  subordinated ☐  $ _____      _____

   d.   Number of shares of preferred stock

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are:  Akorn, Inc. (7400); 10 Edison Street LLC (7890); 13 Edison Street LLC; Advanced Vision Research, Inc. (9046); Akorn (New Jersey), Inc. (1474); Akorn Animal Health, Inc. (6645); Akorn Ophthalmics, Inc. (6266); Akorn Sales, Inc. (7866); Clover Pharmaceuticals Corp. (3735); Covenant Pharma, Inc. (0115); Hi-Tech Pharmacal Co., Inc. (8720); Inspire Pharmaceuticals, Inc. (9022); Oak Pharmaceuticals, Inc. (6647); Olta Pharmaceuticals Corp. (3621); VersaPharm Incorporated (6739); VPI Holdings Corp. (6716); and VPI Holdings Sub, LLC.  The location of the Debtors' service address is:  1925 W. Field Court, Suite 300, Lake Forest, Illinois 60045.

e.  Number of shares common stock                                133,404,613

Comments, if any: _____

_____

_____

3.  Brief description of debtor's business: The Debtors are a specialty pharmaceutical company that develops, manufactures, and markets generic and branded prescription pharmaceuticals, branded as well as private-label over-the-counter consumer health products, and animal health pharmaceuticals.

4.  List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

| Equity Holders | Address of Equity Holder | Percentage of Equity Held[2] |
|---|---|---|
| BLACKROCK, INC. | [REDACTED] | 12.50%[3] |
| THE VANGUARD GROUP | [REDACTED] | 7.80%[4] |
| AKORN HOLDINGS LP | [REDACTED] | 6.10% |
| STONEHILL CAPITAL MANAGEMENT LLC | [REDACTED] | 5.10%[5] |

---

[2]  All amounts reflected herein represent percentage of common stock held.  Akorn, Inc. does not currently have any other classes of stock outstanding.

[3]  Percentage ownership calculated in accordance with Rule 13d-3(d)(1) under the Securities Exchange Act of 1934, as amended.

[4]  Percentage ownership calculated in accordance with Rule 13d-3(d)(1) under the Securities Exchange Act of 1934, as amended.

[5]  Percentage ownership calculated in accordance with Rule 13d-3(d)(1) under the Securities Exchange Act of 1934, as amended.

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____
District of Delaware
(State)

Case number *(if known)*: _____    Chapter    11

☐ Check if this is an
amended filing

## <u>Rider 1</u>
## <u>Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor</u>

On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to this chapter 11 case of Debtor Akorn, Inc.

Akorn, Inc.
10 Edison Street LLC
13 Edison Street LLC
Advanced Vision Research, Inc.
Akorn (New Jersey), Inc.
Akorn Animal Health, Inc.
Akorn Ophthalmics, Inc.
Akorn Sales, Inc.
Clover Pharmaceuticals Corp.
Covenant Pharma, Inc.
Hi-Tech Pharmacal Co., Inc.
Inspire Pharmaceuticals, Inc.
Oak Pharmaceuticals, Inc.
Olta Pharmaceuticals Corp.
VersaPharm Incorporated
VPI Holdings Corp.
VPI Holdings Sub, LLC

Fill in this information to identify the case:

Debtor Name:    Akorn, Inc.

United States Bankruptcy Court for the District of Delaware

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 204

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders[A]**    **12/15**

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | MCKESSON CORPORATION 6535 N. STATE HIGHWAY 161 IRVING, TX 75039 | ATTN: JOHN PULIDO JOHNSON P: 972.830.3631 EMAIL: JOHN.JOHNSON3@MCKESSON.COM | CUSTOMER | | | | $ 14,497,590 |
| 2 | DOUGLAS PHARMACEUTICALS AMERICA LIMITED 1 CENTRAL PARK DRIVE LINCOLN AUCKLAND, 0610 NZ | ATTN: KENT DURBIN P: 64-9-914-0669 F: 64-9-835-0665 EMAIL: KENTD@DOUGLAS.CO.NZ | TRADE VENDOR | | | | $ 8,445,563 |
| 3 | AMERISOURCEBERGEN GLOBAL SERVICES 1300 MORRIS DRIVE CHESTERBROOK, PA 19087 | ATTN: HEATHER ODENWELDER P: 610-727-2472 F: 800-640-5221 EMAIL: HODENWELDER@AMERISOURCEBERGEN.COM | CUSTOMER | | | | $ 4,889,970 |

---

[A] On a consolidated basis. The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtors with respect to all or any portion of the claims listed below. Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date.

Debtor___Akorn, Inc._____     Case number (if known) _____
Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 4 | CARDINAL HEALTH 7000 CARDINAL PLACE DUBLIN, OH 43017 | ATTN: KELLI JONES P: (614) 757-9578 EMAIL: KELLI.JONES@CARDINALHEALTH.COM | CUSTOMER | | | | $ 3,311,195 |
| 5 | OPTUMRX INC 2858 LOKER AVE E STE 100 CARLSBAD, CA 92010 | ATTN: KENT ROGERS P: 949-988-6066 EMAIL: KENT.ROGERS@OPTUM.COM | CUSTOMER | | | | $ 2,573,674 |
| 6 | CVS HEALTH CORPORATION ATTN MC 1110 ONE CVS DRIVE WOONSOCKET, RI 02895 | ATTN: SCOTT GRIFFIN P: (401) 770-4353 EMAIL: SCOTT.GRIFFIN@CVSHEALTH.COM | CUSTOMER | | | | $ 2,110,798 |
| 7 | LABORATOIRE UNITHER GROUPE UNITHER ESPACE INDUSTRIEL NORD 151 RUE ANDRE DUROUCHEZ AMIENS, 80 80080 FRANCE | ATTN: ERIC GOUPIL P: +33144635170 F: 011-33-144635179 EMAIL: ERIC.GOUPIL@UNITHER-PHARMA.COM | TRADE VENDOR | | | | $ 1,780,422 |
| 8 | CATALENT PHARMA SOLUTIONS 14 SCHOOLHOUSE ROAD SOMERSET, NJ 08873 | ATTN: BILL HARTZEL P: (717)-542- 4922 EMAIL: BILL.HARTZEL@CATALENT.COM | TRADE VENDOR | | | | $ 1,707,214 |
| 9 | AMRI RENSSELAER INC ORGANICHEM CORP 21 CORPORATE CIRCLE ALBANY, NY 12203 | ATTN: STEVE LICHTER P: 872-241-5203 EMAIL: STEVE.LICHTER@AMRIGLOBAL.COM | TRADE VENDOR | | | | $ 1,473,887 |
| 10 | HEALTH TRUST PURCHASING GROUP 1100 DR MARTIN L KING JR BLVD STE 1100 NASHVILLE, TN 37203 | ATTN: CHRIS LITTLE P: 314.364.6595; 615-344-3000 EMAIL: THOMAS.LITTLE@HEALTHTRUSTPG.COM; HPGSVC@HEALTHTRUSTPG.COM; | CUSTOMER | | | | $ 1,397,519 |

Debtor___Akorn, Inc._____    Case number (if known) _____
      Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 11 | SANTEN PHARMACEUTICAL CO LTD 4-20, OFUKACHO, KTA-KU GRAND FRONT OSAKA TOWER A OSAKA, JP 530-8552 JAPAN | ATTN: KEN ARAKI P: 81-6-4802-9652 F: 81-6-6321-5082 EMAIL: KEN.ARAKI@SANTEN.COM | ROYALTY | | | | $ 1,321,096 |
| 12 | VIZIENT INC 290 EAST JOHN CARPENTER FREEWAY IRVING, TX 75062 | ATTN: GLORIA SUMLER P: (972) 581-5244; 972-581-5089; 972-581-5000 EMAIL: GLORIA.SUMLER@VIZIENTINC.COM | CUSTOMER | | | | $ 974,014 |
| 13 | WALMART 702 SOUTHWEST 8TH ST BENTONVILLE, AR 72716 | ATTN: DICK DERKS P: (479) 204-9441 EMAIL: DDERKS@WALMART.COM | CUSTOMER | | | | $ 754,349 |
| 14 | NSF HEALTH SCIENCES LLC 2001 PENNSYLVANIA AVENUE STE 950 WASHINGTON, DC 20006 | ATTN: MAXINE FRITZ P: 202-822-1850 F: 734-769-0109 EMAIL: MFRITZ@NSF.ORG; NSFBILLING@NSF.ORG | CONSULTANT | | | | $ 714,288 |
| 15 | CLARUSONE SOURCING SERVICES LLP 6 ST ANDREW STREET LONDON, EC4A 3AE UNITED KINGDOM | ATTN: SARAH O LARSON P: +011 (44) 7712 681 824 EMAIL: SARAH.LARSON@CLARUSONESOURCING.COM | CUSTOMER | | | | $ 703,895 |
| 16 | LEADIANT BIOSCIENCES INC 800 SOUTH FREDERICK AVENUE SUITE 300 GAITHERSBURG, MD 20877 | ATTN: MICHAEL MINARICH P: 815-603-9037 F: 301- 948-1862 EMAIL: MICHAEL.MINARICH@LEADIANT.COM | TRADE VENDOR | | | | $ 559,987 |
| 17 | THERMO FISHER SCIENTIFIC 168 THIRD AVENUE WALTHAM, MA USA 02451 | ATTN: ISABELLE LAFOSSE P: (513) 375-2174 EMAIL: ISABELLE.LAFOSSE@THERMOFISHER.COM | TRADE VENDOR | | | | $ 517,421 |

Debtor___Akorn, Inc._____        Case number (if known) _____
　　　　　　Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | WALGREENS 108 WILMOT RD DEERFIELD, IL 60015 | ATTN: ZACHARY MIKULAK P: 847-964-4058 EMAIL: ZACHARY.MIKULAK@WALGREENS.COM | CUSTOMER | | | | $ 510,449 |
| 19 | DEPARTMENT OF VETERANS AFFAIRS P.O. BOX 76, 1ST AVENUE, ONE BLOCK NORTH OF 22ND STREET, HINES, IL 60141 | ATTN: ERIK BOEHMKE P: 708.786.5803 F: 708.786.5828 EMAIL: ERIK.BOEHMKE@VA.GOV | CUSTOMER | | | | $ 453,855 |
| 20 | TARGET CORPORATION 1000 NICOLLET MALL MINNEAPOLIS, MN 55403 | ATTN: BECKY FAIT P: (612) 696-6340 EMAIL: BECKY.FAIT@TARGET.COM | CUSTOMER | | | | $ 440,755 |
| 21 | AMAZON.COM SERVICES INC 410 TERRY AVE N SEATTLE, WA 98109 | ATTENTION: KYLE TEMPLETON; GABRIELLE LEWNES P: (206) 266-1000 EMAIL: KYLTEMPL@AMAZON.COM; ABBOUDG@AMAZON.COM | CUSTOMER | | | | $ 420,307 |
| 22 | EXPRESS SCRIPTS INC ONE EXPRESS WAY ST LOUIS, MO 63121 | ATTN: JASON PARRISH; LYNN FERNANDEZ P: (314) 684-6211 EMAIL: JMPARRISH@EXPRESS-SCRIPTS.COM; LYNN.FERNANDEZ@ECONDISC.NET | CUSTOMER | | | | $ 409,978 |
| 23 | MORRIS & DICKSON CO LTD 10301 HIGHWAY 1 SOUTH SHREVEPORT, LA 71115 | ATTN: PAUL DICKSON P: 318-797-7900 F: 318-798-5237 EMAIL: PMDJR@MORRISDICKSON.COM; INFO@MORRISDICKSON.COM | CUSTOMER | | | | $ 396,894 |
| 24 | HUMANA PHARMACY SOLUTIONS 500 WEST MAIN STREET 7TH FLOOR LOUISVILLE, KY 40202 | ATTN: MIKE VEZZA P: (502) 301-3434 EMAIL: MVEZZA@HUMANA.COM | CUSTOMER | | | | $ 354,593 |

Debtor  Akorn, Inc.
       Name

Case number (if known) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25 | OPTISOURCE LLC 7500 FLYING CLOUD DR EDEN PRAIRIE, MN 55344 | ATTN: MATT ADAMS P: 952-334-8366; 952-937-0901; 505-792-0277 F: 505-792-0281 EMAIL: OPTISOURCE.MATT@GMAIL.COM | CUSTOMER | | | | $ 333,327 |
| 26 | EAGLE PHARMACY LLC 350 EAGLES LANDING DRIVE LAKELAND, FL 33810 | ATTN: STACY HUSS P: 303-725-1700 EMAIL: SHUSS@EAGLESFP.COM | TRADE VENDOR | | | | $ 327,646 |
| 27 | BERLIN PACKAGING LLC 525 WEST MONROE, 14TH FLOOR CHICAGO, IL 60661 | ATTN: ANDREW BERLIN P: 312-876-9292; 800-723-7546; 312-965-9000 F: 312-876-9290 EMAIL: ANDREW.BERLIN@BERLINPACKAGING.COM | TRADE VENDOR | | | | $ 325,832 |
| 28 | GDL INTERNATIONAL 3715 BECK RD ST JOSEPH, MO 64506 | ATTN: MARCY ENNEKING P: 816-364-3520; 913- 49-6570 EMAIL: MARCY@GDLINTERNATIONAL.COM | TRADE VENDOR | | | | $ 306,000 |
| 29 | PD SUB LLC 2629 S HANLEY RD SAINT LOUIS, MO 63144 | ATTN: BRIAN SCANLAN P: 314.281.8017 EMAIL: BSCANLAN@PARTICLEDYNAMICS.COM | TRADE VENDOR | | | | $ 252,644 |
| 30 | FRESENIUS KABI USA, LLC THREE CORPORATE DRIVE LAKE ZURICH, IL 60047 | ATTN:  JACK C. SILHAVY P: 847-550-2760 F: 847-550-2920 EMAIL: JACK.SILHAVY@FRESENIUS-KABI.COM | LITIGATION | CONTINGENT UNLIQUIDATED DISPUTED | | | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AKORN, INC., | ) Case No. 20-_____ (___) |
| | ) |
| Debtor. | ) |
| | ) |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| AKORN, INC. | CEDE & CO | [REDACTED] | 89.13% |
| AKORN, INC. | AKORN HOLDINGS LP | [REDACTED] | 6.10% |
| AKORN, INC. | EJ FUNDS LP | [REDACTED] | 2.69% |
| AKORN, INC. | JOHN N KAPOOR TR JOHN N KAPOOR TRUST DTD 09 20 89 | [REDACTED] | 1.30% |
| AKORN, INC. | JOHN AND EDITHA KAPOOR CHARITABLE FOUNDATION | [REDACTED] | < 1.00% |
| AKORN, INC. | JOHN N KAPOOR | [REDACTED] | < 1.00% |
| AKORN, INC. | EDITHA HOUSE FOUNDATION | [REDACTED] | < 1.00% |
| AKORN, INC. | NELIDA OQUENDO | [REDACTED] | < 1.00% |
| AKORN, INC. | QUENTIN D FALGOUT MD | [REDACTED] | < 1.00% |
| AKORN, INC. | LINDA STONE ROCK | [REDACTED] | < 1.00% |
| AKORN, INC. | BETTY J FAUST TR BETTY J FAUST MANAGEMENT TRUST | [REDACTED] | < 1.00% |
| AKORN, INC. | TANG NHAT NGUYEN | [REDACTED] | < 1.00% |
| AKORN, INC. | R P LEHMANN MD | [REDACTED] | < 1.00% |
| AKORN, INC. | KEN GENE KAMBARA | [REDACTED] | < 1.00% |
| AKORN, INC. | SUSAN BETH HENRY | [REDACTED] | < 1.00% |
| AKORN, INC. | RUDI TEIFKE | [REDACTED] | < 1.00% |
| AKORN, INC. | CHARLES BARNES | [REDACTED] | < 1.00% |
| AKORN, INC. | B J WOODS | [REDACTED] | < 1.00% |
| AKORN, INC. | A B CROSS MD | [REDACTED] | < 1.00% |
| AKORN, INC. | WILLIAM SONNIER | [REDACTED] | < 1.00% |
| AKORN, INC. | ROLAND SYLVESTER | [REDACTED] | < 1.00% |
| AKORN, INC. | LORENTZ ENTERPRISES | [REDACTED] | < 1.00% |
| AKORN, INC. | BARRY S BORDENAVE MD | [REDACTED] | < 1.00% |
| AKORN, INC. | NORMAN MEDOW | [REDACTED] | < 1.00% |
| AKORN, INC. | RODOIFO PEREZ JR | [REDACTED] | < 1.00% |
| AKORN, INC. | VISUAL OPTICS | [REDACTED] | < 1.00% |
| AKORN, INC. | ARJUN C WANEY & JUDITH D WANEY TR UA 12/07/1979 WANEY REVOCABLE TRUST | [REDACTED] | < 1.00% |
| AKORN, INC. | JOHN MONTGOMERY | [REDACTED] | < 1.00% |

---

[1]   This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| AKORN, INC. | CHARLES G ANGE MD | [REDACTED] | < 1.00% |
| AKORN, INC. | MARK M SILVERBERG | [REDACTED] | < 1.00% |
| AKORN, INC. | SUSAN TALADA | [REDACTED] | < 1.00% |
| AKORN, INC. | CHARLES MILLER | [REDACTED] | < 1.00% |
| AKORN, INC. | CARLA HERTEL | [REDACTED] | < 1.00% |
| AKORN, INC. | T RAMSEY THORP MD PROF/SHR PL | [REDACTED] | < 1.00% |
| AKORN, INC. | DANIEL J HENNESY MD | [REDACTED] | < 1.00% |
| AKORN, INC. | SANFORD GREENBERG TR SANFORD GREENBERG TRUST UWO MORRIS A GREENBERG DECD | [REDACTED] | < 1.00% |
| AKORN, INC. | CRAIG C KUGLEN JR | [REDACTED] | < 1.00% |
| AKORN, INC. | ELOISE DONAHOE | [REDACTED] | < 1.00% |
| AKORN, INC. | JOHN A TURNER | [REDACTED] | < 1.00% |
| AKORN, INC. | RAYMOND SLY | [REDACTED] | < 1.00% |
| AKORN, INC. | MARIA FONSECA | [REDACTED] | < 1.00% |
| AKORN, INC. | ALAN BARIBEAU | [REDACTED] | < 1.00% |
| AKORN, INC. | CARL SHIBATA INC DEFINED BENEFIT PENSION PLAN | [REDACTED] | < 1.00% |
| AKORN, INC. | GOPAL ANYARAMBHATLA | [REDACTED] | < 1.00% |
| AKORN, INC. | ARTHUR W SHERMAN | [REDACTED] | < 1.00% |
| AKORN, INC. | SUSAN E YEISLEY | [REDACTED] | < 1.00% |
| AKORN, INC. | ELLIOT FINKELSTEIN | [REDACTED] | < 1.00% |
| AKORN, INC. | BRADLEY DECICCO | [REDACTED] | < 1.00% |
| AKORN, INC. | FRANK A RYMER JR | [REDACTED] | < 1.00% |
| AKORN, INC. | LARRY D THOMPSON | [REDACTED] | < 1.00% |
| AKORN, INC. | MRS ALTON PERRY | [REDACTED] | < 1.00% |
| AKORN, INC. | JOHN S EMERSON | [REDACTED] | < 1.00% |
| AKORN, INC. | RONALD C WYCHE | [REDACTED] | < 1.00% |
| AKORN, INC. | LARRY P ALEXANDER | [REDACTED] | < 1.00% |
| AKORN, INC. | ADITAYA CHELLARAM STANDARD CARPETS IND LLC | [REDACTED] | < 1.00% |
| AKORN, INC. | STEPHEN OQUENDO | [REDACTED] | < 1.00% |
| AKORN, INC. | ANNE MARIE T MANNONE | [REDACTED] | < 1.00% |
| AKORN, INC. | ANDREW F DILL EX EST FRANKLIN G DILL | [REDACTED] | < 1.00% |
| AKORN, INC. | TRACEY BARNETT | [REDACTED] | < 1.00% |
| AKORN, INC. | KIMBERLY D PAYTON | [REDACTED] | < 1.00% |
| AKORN, INC. | CHERYL WINTERS-HEARD | [REDACTED] | < 1.00% |
| AKORN, INC. | SAMUEL R KLINGER | [REDACTED] | < 1.00% |
| AKORN, INC. | MARY KLINGER | [REDACTED] | < 1.00% |
| AKORN, INC. | DEBORAH SANDELES | [REDACTED] | < 1.00% |
| AKORN, INC. | KEVIN MIKOS | [REDACTED] | < 1.00% |
| AKORN, INC. | JOSEPH FISHELSON | [REDACTED] | < 1.00% |
| AKORN, INC. | TADEUSZ WISNIEWSKI | [REDACTED] | < 1.00% |
| AKORN, INC. | PENNY K BUTTON | [REDACTED] | < 1.00% |
| AKORN, INC. | MARTA SIVITZ | [REDACTED] | < 1.00% |
| AKORN, INC. | CLEMENS BRAND AGENCY | [REDACTED] | < 1.00% |
| AKORN, INC. | GEORGETTE FRANK | [REDACTED] | < 1.00% |
| AKORN, INC. | THERESA BAKER | [REDACTED] | < 1.00% |
| AKORN, INC. | STEPHANIE JARRELL | [REDACTED] | < 1.00% |
| AKORN, INC. | RONICA SCHRISHUHN | [REDACTED] | < 1.00% |

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| AKORN, INC. | EDWIN F BLUM | [REDACTED] | < 1.00% |
| AKORN, INC. | ARTHUR W SCHULTZ | [REDACTED] | < 1.00% |
| AKORN, INC. | EMORY V HAMBY & LOUISE S HAMBY JT TEN | [REDACTED] | < 1.00% |
| AKORN, INC. | CRAIG B COX | [REDACTED] | < 1.00% |
| AKORN, INC. | HORACE J BALTZ | [REDACTED] | < 1.00% |
| AKORN, INC. | MCCLELLAN WALTHER | [REDACTED] | < 1.00% |
| AKORN, INC. | ELSIE RITA BALTZ WRIGHT USUFRUCT MICHAEL R WRIGHT & PATRICIA W WRIGHT & STELLA M WRIGHT NAKED OWNERS | [REDACTED] | < 1.00% |
| AKORN, INC. | JOSEPH A YAZBECK | [REDACTED] | < 1.00% |
| AKORN, INC. | JAMES H ELLIOTT | [REDACTED] | < 1.00% |
| AKORN, INC. | CHRISTOPHER F BARNES | [REDACTED] | < 1.00% |
| AKORN, INC. | JAMES O LADUKE | [REDACTED] | < 1.00% |
| AKORN, INC. | JAMES JOHNSTON | [REDACTED] | < 1.00% |
| AKORN, INC. | KRISTEN J LANDIS | [REDACTED] | < 1.00% |
| AKORN, INC. | BEVERLY V MICHAELIS | [REDACTED] | < 1.00% |
| AKORN, INC. | AMY L PEARSON | [REDACTED] | < 1.00% |
| AKORN, INC. | PERRY DIGIROLAMO & JULIE DIGIROLAMO JT TEN | [REDACTED] | < 1.00% |
| AKORN, INC. | DEBRA L DALE | [REDACTED] | < 1.00% |
| AKORN, INC. | DAVID SMITH | [REDACTED] | < 1.00% |
| AKORN, INC. | DEBRA L CASSISA | [REDACTED] | < 1.00% |
| AKORN, INC. | TRACEY BARNETT | [REDACTED] | < 1.00% |
| AKORN, INC. | MARIA IVAN | [REDACTED] | < 1.00% |
| AKORN, INC. | JULIE OSTROW | [REDACTED] | < 1.00% |
| AKORN, INC. | BRIAN KUNZ | [REDACTED] | < 1.00% |
| AKORN, INC. | MARGARET N BLAUM | [REDACTED] | < 1.00% |
| AKORN, INC. | JEROME E LISS TR J E LISS & COMPANY INC 401 K 01/01/97 FBO JOEL BLUMENSCHEIN | [REDACTED] | < 1.00% |
| AKORN, INC. | PENNY L CHABRECK | [REDACTED] | < 1.00% |
| AKORN, INC. | DANIEL W WALLER EX EST ANNA WALLER | [REDACTED] | < 1.00% |
| AKORN, INC. | GERALD F YANKE & LORA LEE YANKE JT TEN | [REDACTED] | < 1.00% |
| AKORN, INC. | ANDREW LEE CANNIZARO | [REDACTED] | < 1.00% |
| AKORN, INC. | WILLIAM HOGUE | [REDACTED] | < 1.00% |
| AKORN, INC. | BRENDA H MCLAURIN | [REDACTED] | < 1.00% |
| AKORN, INC. | ROSEMARY F PALLADINO | [REDACTED] | < 1.00% |
| AKORN, INC. | SUSAN E TALADA | [REDACTED] | < 1.00% |
| AKORN, INC. | ALBERT A RIEDERER | [REDACTED] | < 1.00% |
| AKORN, INC. | KAREN MONSON | [REDACTED] | < 1.00% |
| AKORN, INC. | MICHAEL DUBSON | [REDACTED] | < 1.00% |
| AKORN, INC. | KIM J TAPAJ | [REDACTED] | < 1.00% |
| AKORN, INC. | LESLIE H MAREADY | [REDACTED] | < 1.00% |
| AKORN, INC. | JUNE C GARRETT | [REDACTED] | < 1.00% |
| AKORN, INC. | JAMES W COOK MD | [REDACTED] | < 1.00% |
| AKORN, INC. | WILLIAM L COBB MD | [REDACTED] | < 1.00% |
| AKORN, INC. | ROBERTO BRUNO HERRERA & ADOLFO P HERRERA TEN COM | [REDACTED] | < 1.00% |

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| AKORN, INC. | JOE MILLER | [REDACTED] | < 1.00% |
| AKORN, INC. | MALINE M LEVY | [REDACTED] | < 1.00% |
| AKORN, INC. | THEODORE P DIAZ | [REDACTED] | < 1.00% |
| AKORN, INC. | RICHARD REDDEMAN | [REDACTED] | < 1.00% |
| AKORN, INC. | LARRY MARGULES | [REDACTED] | < 1.00% |
| AKORN, INC. | ETHAN JOSEPH CULLINAN | [REDACTED] | < 1.00% |
| AKORN, INC. | PATRICK J BASLER | [REDACTED] | < 1.00% |
| AKORN, INC. | GWENDOLYN HINES | [REDACTED] | < 1.00% |
| AKORN, INC. | RANDY L MITCHELL | [REDACTED] | < 1.00% |
| AKORN, INC. | JEFF L BROOKS JR | [REDACTED] | < 1.00% |
| AKORN, INC. | ROBERT M LAWRENCE | [REDACTED] | < 1.00% |
| AKORN, INC. | LESSIA FASSHAUER | [REDACTED] | < 1.00% |
| AKORN, INC. | BERNADETTE E PORCHE & ALBERT J PORCHE COMMUNITY PROPERTY | [REDACTED] | < 1.00% |
| AKORN, INC. | DANIEL W WALLER EX EST ANNA WALLER | [REDACTED] | < 1.00% |
| AKORN, INC. | SCOTT GROSSENBACH | [REDACTED] | < 1.00% |
| AKORN, INC. | RAMONA R TARGOS | [REDACTED] | < 1.00% |
| AKORN, INC. | FRANCES CARBONE ROCHELLE | [REDACTED] | < 1.00% |
| AKORN, INC. | DANA L WILLIAMS | [REDACTED] | < 1.00% |
| AKORN, INC. | SHARON MACDONALD | [REDACTED] | < 1.00% |
| AKORN, INC. | RUSSELL AMANNS & TRACY AMANNS JT TEN | [REDACTED] | < 1.00% |
| AKORN, INC. | LYNN G EASON | [REDACTED] | < 1.00% |
| AKORN, INC. | BRENDA MOORE | [REDACTED] | < 1.00% |
| AKORN, INC. | DAVID SCHAEFFER | [REDACTED] | < 1.00% |
| AKORN, INC. | BARBARA ARMSTRONG | [REDACTED] | < 1.00% |
| AKORN, INC. | JOSE MONTEFALCON BUENASEDA | [REDACTED] | < 1.00% |
| AKORN, INC. | DIANE PRATT | [REDACTED] | < 1.00% |
| AKORN, INC. | ANGELA DAWSON | [REDACTED] | < 1.00% |
| AKORN, INC. | SYLVIA MARES MD | [REDACTED] | < 1.00% |
| AKORN, INC. | CHRISTIAN H MILLER CUST MARK J MILLER UGMA PA | [REDACTED] | < 1.00% |
| AKORN, INC. | JOSEPH KAUFMAN & ADELE KAUFMAN JT TEN | [REDACTED] | < 1.00% |
| AKORN, INC. | MELANIE FURGAL | [REDACTED] | < 1.00% |
| AKORN, INC. | STEVEN ZANBRYSKI & JOSEPH ZANBRYSKI JT TEN | [REDACTED] | < 1.00% |
| AKORN, INC. | RICHARD A CONTI CUST BRIANA E CONTI UGMA NY | [REDACTED] | < 1.00% |
| AKORN, INC. | KIRK V GIES | [REDACTED] | < 1.00% |
| AKORN, INC. | CATHERINE ALLEN | [REDACTED] | < 1.00% |
| AKORN, INC. | ELEANOR J DILL | [REDACTED] | < 1.00% |
| AKORN, INC. | GEORGE T DILL | [REDACTED] | < 1.00% |
| AKORN, INC. | BOB KEPHART & BETTY KEPHART JT TEN | [REDACTED] | < 1.00% |
| AKORN, INC. | CHANDU V SHANBHAG | [REDACTED] | < 1.00% |
| AKORN, INC. | SCARLET AUCOIN | [REDACTED] | < 1.00% |
| AKORN, INC. | H W MARCUM & WENDI S MARCUM JT TEN | [REDACTED] | < 1.00% |
| AKORN, INC. | THOMAS KERR & CATHERINE B KERR JT TEN | [REDACTED] | < 1.00% |

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| AKORN, INC. | ALICE K FLETCHER | [REDACTED] | < 1.00% |
| AKORN, INC. | BRYAN M GOWLAND | [REDACTED] | < 1.00% |
| AKORN, INC. | CURRY E CLEMENT CUST BRADLEY J DAROCA UTMA LA | [REDACTED] | < 1.00% |
| AKORN, INC. | HELEN S HARTEL | [REDACTED] | < 1.00% |
| AKORN, INC. | WILLIAM CONRAD GWOSDZ & TRACI M GWOSDZ JT TEN | [REDACTED] | < 1.00% |
| AKORN, INC. | SUZAN J KNIGHTON | [REDACTED] | < 1.00% |
| AKORN, INC. | JEFFREY R AKERS & SANDRA L AKERS JT TEN | [REDACTED] | < 1.00% |
| AKORN, INC. | MARK LINDHOLM & DAVE VONDRA JT TEN | [REDACTED] | < 1.00% |
| AKORN, INC. | JUSTINE LASSAR | [REDACTED] | < 1.00% |
| AKORN, INC. | ANTONIA LASSAR | [REDACTED] | < 1.00% |
| AKORN, INC. | TRACY ATHERTON | [REDACTED] | < 1.00% |
| AKORN, INC. | CHRISTOPHER T HARDING & LAURA K HARDING JT TEN | [REDACTED] | < 1.00% |
| AKORN, INC. | SHIRLEY BOUDREAUX | [REDACTED] | < 1.00% |
| AKORN, INC. | SHIRLEY BOUDREAUX USUFRUCTUARY PAUL M BOUDREAUX NAKED OWNER | [REDACTED] | < 1.00% |
| AKORN, INC. | GARY ALDEN WINSOR CUST ROSS EDWARD WINSOR UTMA MA | [REDACTED] | < 1.00% |
| AKORN, INC. | MILGHEN ORTIZ MC MAHAN | [REDACTED] | < 1.00% |
| AKORN, INC. | AMY V LADNER | [REDACTED] | < 1.00% |
| AKORN, INC. | CARLA SUE PEAVLER | [REDACTED] | < 1.00% |
| AKORN, INC. | CAROL A LAWRENCE | [REDACTED] | < 1.00% |
| AKORN, INC. | MARTHA B LAWRENCE | [REDACTED] | < 1.00% |
| AKORN, INC. | HOWARD G TEICH | [REDACTED] | < 1.00% |
| AKORN, INC. | THOMAS P LITTLE | [REDACTED] | < 1.00% |
| AKORN, INC. | JENNIFER S WHITMER | [REDACTED] | < 1.00% |
| AKORN, INC. | SHEILA MARIE DOOLIN | [REDACTED] | < 1.00% |
| AKORN, INC. | GWEN ESTLOW | [REDACTED] | < 1.00% |
| AKORN, INC. | JOHN L DE LA HOUSSAYE CUST MARIE T DE LA HOUSSAYE UNDER UGMA LA | [REDACTED] | < 1.00% |
| AKORN, INC. | JACQUELINE R CERISE CUST JONATHAN B CERISE A MINOR UGMA LA | [REDACTED] | < 1.00% |
| AKORN, INC. | JOHN L DE LA HOUSSAYE CUST PHILIPPEA DE LA HOUSSAYE UNDER UGMA LA | [REDACTED] | < 1.00% |
| AKORN, INC. | ANDRE SCHAN & CARLA SCHAN JT TEN | [REDACTED] | < 1.00% |
| AKORN, INC. | RICK R VINCENT | [REDACTED] | < 1.00% |
| AKORN, INC. | LILLIAN F MALONEY | [REDACTED] | < 1.00% |
| AKORN, INC. | TERRI J GAINES | [REDACTED] | < 1.00% |
| AKORN, INC. | LOAYNE K BROWN | [REDACTED] | < 1.00% |
| AKORN, INC. | JANET R FULK | [REDACTED] | < 1.00% |
| AKORN, INC. | JOHN SWARTZ | [REDACTED] | < 1.00% |
| AKORN, INC. | RONALD RADKE & JUDY RADKE JT TEN | [REDACTED] | < 1.00% |

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| AKORN, INC. | MARILYN C CUDJOE | [REDACTED] | < 1.00% |
| AKORN, INC. | LESLIE ROBINSON | [REDACTED] | < 1.00% |
| AKORN, INC. | DONNA CLELAND | [REDACTED] | < 1.00% |
| AKORN, INC. | REX E POE | [REDACTED] | < 1.00% |
| AKORN, INC. | LYNN NUNEZ CUST THOMAS J REVERE 3RD | [REDACTED] | < 1.00% |
| AKORN, INC. | SONIA HORAN PERRONE | [REDACTED] | < 1.00% |
| AKORN, INC. | ANDREA WOODRUFF | [REDACTED] | < 1.00% |
| AKORN, INC. | MARY DAVIS | [REDACTED] | < 1.00% |
| AKORN, INC. | KELLY RALPH | [REDACTED] | < 1.00% |
| AKORN, INC. | GABRIELLE E GRAY | [REDACTED] | < 1.00% |
| AKORN, INC. | KATHLEEN BRANLEY | [REDACTED] | < 1.00% |
| AKORN, INC. | RICHARD A CONTI CUST OLIVIA ROSE CONTI UTMA NJ | [REDACTED] | < 1.00% |
| AKORN, INC. | LINDA SMITH | [REDACTED] | < 1.00% |
| AKORN, INC. | LAURIE LEE G FOLSE | [REDACTED] | < 1.00% |
| AKORN, INC. | MICHELE SZYMANKOWSKI | [REDACTED] | < 1.00% |
| AKORN, INC. | TAMA GEDDES | [REDACTED] | < 1.00% |
| AKORN, INC. | KATHIE SMITH | [REDACTED] | < 1.00% |
| AKORN, INC. | KATHIE SMITH | [REDACTED] | < 1.00% |
| AKORN, INC. | ROBERT L MENARD JR | [REDACTED] | < 1.00% |
| AKORN, INC. | MARGARET SUMPTER | [REDACTED] | < 1.00% |
| AKORN, INC. | GLENDA SPENCER FROST | [REDACTED] | < 1.00% |
| AKORN, INC. | RONALD R RADKE CUST HEATH R RADKE UTMA FL | [REDACTED] | < 1.00% |
| AKORN, INC. | HEATHER A RADKE & RONALD R RADKE JT TEN | [REDACTED] | < 1.00% |
| AKORN, INC. | ELLIOT J BUDNICK | [REDACTED] | < 1.00% |
| AKORN, INC. | JAMES ANGLE IV | [REDACTED] | < 1.00% |
| AKORN, INC. | NANCY HERNANDEZ | [REDACTED] | < 1.00% |
| AKORN, INC. | MELISSA HELM | [REDACTED] | < 1.00% |
| AKORN, INC. | MARLENE M SOLACK | [REDACTED] | < 1.00% |
| AKORN, INC. | JANET FULK | [REDACTED] | < 1.00% |
| AKORN, INC. | MICHAEL MCGAHEE & JOHN COBERN JT TEN | [REDACTED] | < 1.00% |
| AKORN, INC. | BARRY D LEBLANC | [REDACTED] | < 1.00% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| AKORN, INC., | ) | Case No. 20-_____ (___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## CORPORATE OWNERSHIP STATEMENT

       Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| BLACKROCK, INC. | 12.50% |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | Akorn, Inc. |
| United States Bankruptcy Court for the: | District of Delaware |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration: <u>List of Equity Security Holders and Corporate Ownership Statement</u>

I declare under penalty of perjury that the foregoing is true and correct.

| | | | |
|---|---|---|---|
| Executed on | <u>05/20/2020</u> | ☒ */s/ Joseph Bonaccorsi* | |
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor | |
| | | **Joseph Bonaccorsi** | |
| | | Printed name | |
| | | **Authorized Signatory** | |
| | | Position or relationship to debtor | |

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

## OMNIBUS SECRETARY'S CERTIFICATE

May 20, 2020

I, Joseph Bonaccorsi, the undersigned officer, as applicable, of each of the entities listed on **Schedule 1** (each a "Company" and collectively, the "Companies"), do hereby certify the following:

1.  I am the duly qualified and appointed Secretary of each Company.

2.  Attached hereto as **Exhibit A** is a true, correct, and complete copy of the resolutions (the "Resolutions") duly adopted by the board of directors or the sole member, as applicable, of each Company acting pursuant to each Company's articles of incorporation, bylaws, shareholder agreement, limited liability company agreement, operating agreement, or similar governing document, as applicable (in each case as amended or amended and restated) (collectively, the "Governing Documents").

3.  The Resolutions are not inconsistent with the Governing Documents.

4.  The Resolutions have not been amended, modified, repealed, or rescinded since adopted, and are in full force and effect on and as of the date hereof.

*[Signature page follows]*

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the date first written above.

By: _____

Name:    Joseph Bonaccorsi

Title:    Secretary of each Company

**Exhibit A**

**OMNIBUS FILING RESOLUTION**

Dated as of May 20, 2020

After due deliberation, all of the members of the board of directors or the sole member, as applicable (each, a "Governing Body"), of the applicable entity set forth on **Schedule 1** attached hereto (each, a "Company," and, collectively, the "Companies"), hereby take the following actions and adopt the following resolutions (these "Resolutions") pursuant to the articles of incorporation, bylaws, shareholder agreement, limited liability company agreement, operating agreement, or similar governing document, as applicable (in each case as amended or amended and restated), of each Company and the laws of the state of formation of each Company as set forth next to each Company's name on **Schedule 1**:

**WHEREAS**, each Governing Body has considered presentations by the management and the financial and legal advisors of each Company regarding the liabilities and liquidity of each Company, the strategic alternatives available to it, and the effect of the foregoing on each Company's business;

**WHEREAS**, the Board has reviewed and considered presentations by the management and the financial and legal advisors of the Companies regarding that certain restructuring support agreement, dated as of May 20, 2020 (the "Restructuring Support Agreement") and the advantages and disadvantages to each Company of the transactions contemplated thereunder; and

**WHEREAS**, each Governing Body has had the opportunity to consult with the management and the financial and legal advisors of the Companies and to fully consider each of the strategic alternatives available to the Companies;

**NOW, THEREFORE, BE IT,**

**RESTRUCTURING SUPPORT AGREEMENT**

**RESOLVED**, that in the business judgment of the Board, it is desirable, and in the best interests of each Company, its creditors, and other parties in interest, to enter into the Restructuring Support Agreement, and that each Company's performance of its obligations under the Restructuring Support Agreement, and all exhibits, schedules, attachments, and ancillary documents or agreements related thereto, hereby is, in all respects approved.

**CHAPTER 11 FILING**

**RESOLVED**, that in the business judgment of each Governing Body, it is desirable and in the best interests of each Company (including a consideration of its creditors and other parties in interest) that each Company shall be, and hereby is, in all respects, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the bankruptcy court for the District of Delaware (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States.

4

**RESOLVED**, that any of the Chief Executive Officer, Chief Financial Officer, any Executive Vice President, General Counsel, and Secretary or any other duly appointed officer of each Company (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business.

## RETENTION OF PROFESSIONALS

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "K&E") as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Richards, Layton & Finger, P.A. ("Richards Layton") as local bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Richards Layton.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of AlixPartners, LLP ("Alix") as restructuring advisor to each Company to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Alix.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of PJT Partners LP ("PJT"), as financial advisor and investment banker to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of PJT.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Grant Thornton LLP ("Grant Thornton"), as tax advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Grant Thornton

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Kurtzman Carson Consultants LLC ("KCC") as notice and claims agent to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of KCC.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

## CASH COLLATERAL, DEBTOR-IN-POSSESSION FINANCING, AND ADEQUATE PROTECTION

**RESOLVED**, that each Company will obtain benefits, which are necessary and convenient to the conduct, promotion and attainment of the business of such Company, from (a) the use of collateral, including cash collateral, as that term is defined in  section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition term lenders (the "Term Loan Lenders") under the term loan agreement, dated as of April 17, 2014 (as the same shall have been amended, supplemented, or otherwise supplemented from time to time, including by that certain Standstill Agreement and First Amendment to Loan Agreement, that certain First Amendment to Standstill Agreement and Second Amendment to Loan Agreement, and that certain Second Amendment to Standstill Agreement and Third Amendment to Loan Agreement, the "Term Loan Credit Agreement"), by and among Akorn, Inc. and certain of its subsidiaries, as borrowers, the Term Loan Lenders party thereto, and Wilmington Savings Fund Society, FSB, in its capacity as successor administrative agent (together with the Term Loan Lenders, the "Secured Parties"), and (b) the incurrence of debtor-in-possession financing obligations by entering into that certain Senior

Secured Super-Priority Term Loan Debtor-In-Possession Loan Agreement (the "Loan Agreement"), to be dated on or about May 20, 2020 (the "DIP Financing").

**RESOLVED**, that in order to use and obtain the benefits of the DIP Financing and Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Companies will provide certain adequate protection to the Secured Parties (the "Adequate Protection Obligations"), as documented in a proposed order in interim and final form (the "DIP Order") and submitted for approval to the Bankruptcy Court.

**RESOLVED**, that the form, terms and provisions of the Loan Agreement be, and hereby are, in all respects approved.

**RESOLVED**, that the form, terms, and provisions of the DIP Order to which the Companies are or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Signatories of the Companies be, and hereby are, authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Order and the Loan Agreement, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which each Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively with the DIP Order and the Loan Agreement, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board, with such changes, additions, and modifications thereto as the officers of each Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof.

**RESOLVED**, that each Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including the guaranty of the obligations thereunder and the granting of liens on substantially all of its assets to secure such obligations.

**RESOLVED**, that the Authorized Signatories of each Company be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the DIP Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, fee letters, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents; (b) such other agreements, instruments, certificates, notices, assignments, and documents as may be reasonably requested by the agent under the DIP Financing (the "DIP Agent"); and (c) such forms of account control agreements, lockbox agreements, landlord agreements, collateral access agreements, warehouse waivers, other agreements with third parties relating to the Collateral (as defined in the Loan Agreement), officer's certificates, and compliance certificates as may be required by the DIP Documents (clauses (a) through (c) of this paragraph, collectively, the "DIP Financing Documents").

**RESOLVED**, that each of the Authorized Signatories of each Company be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, each Company to file or to authorize the DIP Agent to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of the Company that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Order.

**RESOLVED**, that each of the Authorized Signatories of each Company be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of such Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Financing Documents, which shall in their sole judgment be necessary, proper, or advisable to perform such Company's obligations under or in connection with the DIP Order or any of the other DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

## ENTRY INTO STALKING HORSE ASSET PURCHASE AGREEMENT

**RESOLVED**, that the Company is authorized to enter into that certain asset purchase agreement (including all exhibits and schedules related thereto, the "Stalking Horse APA") with certain Term Loan Lenders under the Term Loan Credit Agreement (the "Ad Hoc Group") for the sale of the Companies and to undertake any and all related transactions contemplated thereby, including the bid protections, on the terms contained therein or on such other terms and conditions as the Authorized Signatories, or any of them in their, his, or her sole discretion, determine to be necessary, appropriate, or desirable.

**RESOLVED**, that each of the Authorized Signatories of each Company be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, each Company to execute, on behalf of the Companies, the Stalking Horse APA and to execute and file, on behalf of the Companies, the motion (the "Sale Motion" and bidding procedures thereunder, the "Bidding Procedures") with the Bankruptcy Court.

**RESOLVED**, that each of the Authorized Signatories of each Company be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, each company to conduct the auction approved by the Bankruptcy Court pursuant to the Sale Motion and Bidding Procedures (the "Auction") and to negotiate, for and on behalf of the Companies, such agreements, documents,

assignments, and instruments as may be necessary, appropriate, or desirable in connection with the Sale to Ad Hoc Group or such other successful bidder at the Auction.

## GENERAL

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, individually authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable, convenient, or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein.

**RESOLVED**, that each Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice.

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of each Governing Body.

**RESOLVED**, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

* * *

**Schedule 1**

| Company | Jurisdiction |
|---|---|
| Akorn, Inc. | Louisiana |
| 10 Edison Street LLC | Delaware |
| 13 Edison Street LLC | Delaware |
| Advanced Vision Research, Inc. | Delaware |
| Akorn (New Jersey), Inc. | Illinois |
| Akorn Animal Health, Inc. | Delaware |
| Akorn Ophthalmics, Inc. | Delaware |
| Akorn Sales, Inc. | Delaware |
| Clover Pharmaceuticals Corp. | Delaware |
| Covenant Pharma, Inc. | Georgia |
| Hi-Tech Pharmacal Co., Inc. | Delaware |
| Inspire Pharmaceuticals, Inc. | Delaware |
| Oak Pharmaceuticals, Inc. | Delaware |
| Olta Pharmaceuticals Corp. | Delaware |
| VersaPharm Incorporated | Georgia |
| VPI Holdings Corp. | Delaware |
| VPI Holdings Sub, LLC | Delaware |