## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AKORN, INC., *et al.*,[1] | ) Case No. 20-11177 (KBO) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Objection Deadline: June 17, 2020 at 4:00 p.m. (ET)** |
| | ) **Hearing Date:  June 24, 2020 at 1:00 p.m. (ET)** |

### DEBTORS' MOTION
### SEEKING ENTRY OF AN ORDER
### (I) EXTENDING TIME TO FILE SCHEDULES OF ASSETS
### AND LIABILITIES, SCHEDULES OF CURRENT INCOME
### AND EXPENDITURES, SCHEDULES OF EXECUTORY CONTRACTS
### AND UNEXPIRED LEASES, STATEMENTS OF FINANCIAL AFFAIRS,
### AND RULE 2015.3 FINANCIAL REPORTS, AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state as follows in support of this motion:[2]

### Relief Requested

1.    The Debtors seek entry of an order (the "Order"), substantially in the form attached

hereto as **Exhibit A**:  (a) extending the deadline by which the Debtors must file the schedules of

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are:  Akorn, Inc. (7400); 10 Edison Street LLC (7890); 13 Edison Street LLC; Advanced Vision Research, Inc. (9046); Akorn (New Jersey), Inc. (1474); Akorn Animal Health, Inc. (6645); Akorn Ophthalmics, Inc. (6266); Akorn Sales, Inc. (7866); Clover Pharmaceuticals Corp. (3735); Covenant Pharma, Inc. (0115); Hi-Tech Pharmacal Co., Inc. (8720); Inspire Pharmaceuticals, Inc. (9022); Oak Pharmaceuticals, Inc. (6647); Olta Pharmaceuticals Corp. (3621); VersaPharm Incorporated (6739); VPI Holdings Corp. (6716); and VPI Holdings Sub, LLC.  The location of the Debtors' service address is:  1925 W. Field Court, Suite 300, Lake Forest, Illinois 60045.

[2]    A detailed description of the Debtors and their business, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Duane Portwood in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on May 20, 2020 (the "Petition Date") and incorporated by reference herein.  Capitalized terms used but not otherwise defined in this motion shall have the meanings ascribed to them in the First Day Declaration.

assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") by thirteen days in addition to the extension provided by Local Rule 1007-1(b) of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for a total of forty-one days from the Petition Date, through and including June 30, 2020, without prejudice to the Debtors' ability to request additional extensions for cause shown; (b) extending the deadline by which the Debtors must file their initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest as set forth in Federal Rule of Bankruptcy Procedure 2015.3 (the "2015.3 Reports") to and including the later of (i) thirty days after the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "341 Meeting") or (ii) forty-one days from the Petition Date (*i.e.*, June 30, 2020), or to file a motion with the Court seeking a modification of such reporting requirements for cause, without prejudice to the Debtors' ability to request additional extensions for cause shown; and (c) granting related relief.

### Jurisdiction and Venue

2.    The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

RLF1 23467388v.1

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are section 521 of the Bankruptcy Code, Bankruptcy Rules 1007(c), 2015.3(d), and 9006(b), and Local Rule 1007-1(b).

## **Background**

5.      Akorn, Inc., together with its Debtor and non-Debtor subsidiaries (collectively, "Akorn") is a specialty pharmaceutical company that develops, manufactures, and markets generic and branded prescription pharmaceuticals, branded as well as private-label over-the-counter consumer health products, and animal health pharmaceuticals.  Akorn is an industry leader in the development, manufacturing, and marketing of specialized generic pharmaceutical products in alternative dosage forms.  Headquartered in Lake Forest, Illinois, Akorn has approximately 2,180 employees worldwide and maintains a global manufacturing presence, with pharmaceutical manufacturing facilities located in Illinois, New Jersey, New York, Switzerland, and India.  Akorn's operations generated approximately $682 million in revenue and approximately $124 million of Adjusted EBITDA in 2019.  The Debtors commenced these chapter 11 cases to conduct an orderly sale process that will position the Debtors for sustained future success by right-sizing their balance sheet and addressing their litigation overhangs.

6.      On the Petition Date, each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors cases are being jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b).  No party has requested the appointment of a trustee or examiner in these chapter 11 cases, and no committees have been appointed or designated.

**Basis for Relief**

**I.    Cause Exists to Extend the Debtors' Deadline to File the Schedules and Statements.**

7.    The requirements of section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) normally require debtors to file their Schedules and Statements within fourteen days after their petition date.  Local Rule 1007-1(b), however, extends the filing deadline for such Schedules and Statements to twenty-eight days if the bankruptcy petition is accompanied by a list of all of the debtor's creditors and their addresses, in accordance with Local Rule 1007-2, and if the total number of creditors in a debtor's case or, in the case of jointly administered cases, the Debtors' cases, exceeds two hundred.  The Debtors here have filed a list of creditors in accordance with Local Rule 1007-2, which list reflects that the total number of their creditors exceeds two hundred.[3]

8.    The Court has the authority to grant the requested extension under Bankruptcy Rules 1007(c) and 9006(b) and Local Rule 1007-l(b).  Bankruptcy Rule 1007(c), together with Bankruptcy Rule 9006(b), allows the Court to extend the filing deadline for the Schedules and Statements "for cause shown."  Similarly, Local Rule 1007-l(b) provides that such an extension may be granted for cause.  Showing "cause" merely requires that a debtor "demonstrate some justification for the issuance of the order" and bankruptcy courts will normally grant such extensions "in the absence of bad faith or prejudice to the adverse party."  *See, e.g.*, *Bryant v. Smith*, 165 B.R. 176, 182 (W.D. Va. 1994) (discussing the standard for granting extensions under Bankruptcy Rule 1007) (internal citations and quotation marks omitted).

9.    Good and sufficient cause exists for granting an extension of time to file the Schedules and Statements.  The ordinary operation of the Debtors' businesses requires the Debtors

---

[3]    *See Chapter 11 Voluntary Petition* [Docket No. 1].

to maintain voluminous books, records, and complex accounting systems.  To prepare the Schedules and Statements, the Debtors must compile information from those books and records, from documents relating to the claims of their thousands of creditors (many of whom are customers), and from the Debtors' many assets and contracts.  This information is extensive and located in numerous places throughout the Debtors' organization.  Collecting the necessary information requires an enormous expenditure of time and effort on the part of the Debtors, their employees, and their advisors in the near term.

10.    Prior to the Petition Date, the Debtors focused on preparing for the chapter 11 filing, preparing their business to transition into chapter 11, and negotiating with their significant creditor constituencies.  Although the Debtors have commenced the process that will enable them to prepare and finalize what will be voluminous Schedules and Statements and are working diligently to move the process forward, the Debtors anticipate that they may require up to thirteen additional days to complete the Schedules and Statements.  The Debtors submit that the extensive amount of information that must be assembled and compiled, the multiple places where the information is located, and the hundreds of employee and professional hours required to complete the Schedules and Statements constitute good and sufficient cause for granting the requested extension of time.  The Debtors therefore request that the Court extend the twenty-eight day period for an additional thirteen days, without prejudice to the Debtors' right to request further extensions, for cause shown.

11.    Courts in this district have granted similar relief to that requested herein in a number of cases.  *See*, *e.g.*, *In re Art Van Furniture, LLC*, No. 20-10553 (CSS) (Bankr. D. Del. April 3, 2020) (granting debtors a total of sixty days from the petition date to file their schedules and statements); *In re Destination Maternity Corp.*, No. 19-12256 (BLS) (Bankr. D. Del. Nov. 12,

2019) (granting debtors a total of forty-six days from the petition date to file their schedules and statements); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 28, 2019) (granting debtors a total of fifty days from the petition date to file their schedules and statements); *In re PES Holdings, LLC*, No. 19-11626 (KG) (Bankr. D. Del. July 23, 2019) (granting debtors a total of forty-seven days from the petition date to file their schedules and statements); *In re Z Gallerie, LLC*, No. 19-10488 (LSS) (Bankr. D. Del. Apr. 9, 2019) (granting debtors a total of thirty-two days from the petition date to file their schedules and statements).[4]

## II.    Cause Exists to Extend the Debtors' Time to File Certain Financial Reporting Pursuant to Bankruptcy Rule 2015.3.

12.    Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file, no later than seven days before the date set for the 341 Meeting and no less than every six months thereafter, periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling interest.  Fed. R. Bankr. P. 2015.3(a)–(c).  Bankruptcy Rule 9006(b)(1) provides the Court with authority to extend the period of time to file the 2015.3 Reports "for cause."  Additionally, Bankruptcy Rule 2015.3(d) provides the Court with the ability, after notice and a hearing, to modify the reporting requirements for cause, including that a debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available."  Fed. R. Bankr. P. 2015.3(d).

13.    Certain of the Debtors maintain interests in non-Debtor subsidiaries that fall under the ambit of Bankruptcy Rule 2015.3 and, as such, they are required to file 2015.3 Reports.  Cause exists to extend the deadline for filing the 2015.3 Reports as requested herein based on (a) the size,

---

[4]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

complexity, and geographic scope of the Debtors' businesses, (b) the substantial burdens imposed by compliance with Bankruptcy Rule 2015.3 in the early days of these chapter 11 cases, and (c) the same considerations supporting an extension of the date by which to file the Schedules and Statements.

14.     Extending the deadline to file the initial 2015.3 Reports will enable the Debtors to work with their financial advisors and the United States Trustee for the District of Delaware (the "U.S. Trustee") to determine the appropriate nature and scope of the reports and any proposed modifications to the reporting requirements established by Bankruptcy Rule 2015.3.  Accordingly, the Debtors respectfully request that the Court grant an extension of the time by which the Debtors must file their initial 2015.3 Reports through and including the later of (a) thirty days after the 341 Meeting, or (b) forty-one days from the Petition Date (*i.e.*, June 30, 2020) pursuant to Bankruptcy Rule 2015.3(d).

15.     The relief requested herein will not prejudice any party in interest.  The Debtors intend to work cooperatively with the U.S. Trustee and any other necessary parties in these chapter 11 cases to provide access to relevant information regarding the business and financial affairs of the Debtors and the non-Debtor subsidiaries.

16.     Courts in this district and others regularly have found "cause" to extend the deadline for filing 2015.3 Reports in chapter 11 cases of comparable size, complexity, and geographic scope.  *See, e.g.*, *In re Gibson Brands, Inc.*, No. 18-11025 (CSS) (Bankr. D. Del. July 9, 2018) (granting forty-five-day extension to file 2015.3 reports); *In re Claire's Stores, Inc.*, No. 18-10584 (MFW) (Bankr. D. Del. May 10, 2018) (granting extension to file 2015.3 reports until twenty-one days before chapter 11 plan voting deadline); *In re CMTSU Liquidation, Inc.*, No. 17-10772 (BLS) (Bankr. D. Del. Apr. 28, 2017) (granting extension through later of thirty days after 341 meeting

and forty-four days from the petition date to file 2015.3 reports); *In re iHeartMedia, Inc.*, No. 18-31274 (MI) (Bankr. S.D. Tex. Mar. 15, 2018) (granting extension through May 12, 2018, to file 2015.3 reports); *In re Cenveo, Inc.*, No. 18-22178 (RDD) (Bankr. S.D.N.Y. Feb. 6, 2017) (Docket No. 42) (same); *In re 21st Century Oncology Holdings, Inc.*, No. 17-22770 (RDD) (Bankr. S.D.N.Y. May 26, 2017) (granting extension through later of thirty days after 341 meeting and ninety days from the petition date to file 2015.3 reports).[5]

### Notice

17.     The Debtors will provide notice of this motion to:  (a) the U.S. Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) Wilmington Savings Fund Society, FSB, in its capacity as successor administrative agent under the Term Loan Credit Agreement, or any of its predecessors or successors (the "Term Loan Agent"); (d) counsel to the Term Loan Agent; (e) counsel to the ad hoc group of the Debtors' Prepetition Lenders (the "Ad Hoc Group"); (f) the United States Attorney's Office for the District of Delaware; (g) the Internal Revenue Service; (h) the Food and Drug Administration; (i) the Drug Enforcement Administration; (j) the Securities Exchange Commission; (k) the state attorneys general for all states in which the Debtors conduct business; and (l) any party that requests service pursuant to Bankruptcy Rule 2002.

### No Prior Request

18.     No prior request for the relief sought in this motion has been made to this or any other court.

---

[5]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

Wilmington, Delaware
May 22, 2020

*/s/ Amanda R. Steele*
<u>**RICHARDS, LAYTON & FINGER, P.A.**</u>
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Zachary I. Shapiro (No. 5103)
Brett M. Haywood (No. 6166)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone:     (302) 651-7700
Facsimile:     (302) 651-7701
Email:         heath@rlf.com
               steele@rlf.com
               shapiro@rlf.com
               haywood@rlf.com


*Proposed Co-Counsel for the*
*Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
Christopher M. Hayes (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:         patrick.nash@kirkland.com
               gregory.pesce@kirkland.com
               christopher.hayes@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         nicole.greenblatt@kirkland.com

*Proposed Co-Counsel for the*
*Debtors and Debtors in Possession*