# **EXHIBIT C**

**Bonaccorsi Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>AKORN, INC., *et al.*,[1]<br><br>                  Debtors. | ) Chapter 11<br>)<br>) Case No. 20-11177 (KBO)<br>)<br>) (Jointly Administered)<br>) |

**DECLARATION OF JOSEPH BONACCORSI IN SUPPORT OF THE
DEBTORS' APPLICATION FOR THE ENTRY OF AN ORDER AUTHORIZING
THE RETENTION AND EMPLOYMENT OF KIRKLAND & ELLIS LLP
AND KIRKLAND & ELLIS INTERNATIONAL LLP AS ATTORNEYS FOR
THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF MAY 20, 2020**

I, Joseph Bonaccorsi, being duly sworn, state the following under penalty of perjury:

1. I am the Executive Vice President and General Counsel of Akorn, Inc., located at 1925 W. Field Court, Suite 300, Lake Forest, Illinois 60045.

2. I submit this declaration (the "Declaration") in support of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession Effective as of May 20, 2020* (the "Application").[2] Except as otherwise noted, I have personal knowledge of the matters set forth herein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: Akorn, Inc. (7400); 10 Edison Street LLC (7890); 13 Edison Street LLC; Advanced Vision Research, Inc. (9046); Akorn (New Jersey), Inc. (1474); Akorn Animal Health, Inc. (6645); Akorn Ophthalmics, Inc. (6266); Akorn Sales, Inc. (7866); Clover Pharmaceuticals Corp. (3735); Covenant Pharma, Inc. (0115); Hi-Tech Pharmacal Co., Inc. (8720); Inspire Pharmaceuticals, Inc. (9022); Oak Pharmaceuticals, Inc. (6647); Olta Pharmaceuticals Corp. (3621); VersaPharm Incorporated (6739); VPI Holdings Corp. (6716); and VPI Holdings Sub, LLC. The location of the Debtors' service address is: 1925 W. Field Court, Suite 300, Lake Forest, Illinois 60045.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

## The Debtors' Selection of Counsel

3.      The Debtors recognize that a comprehensive review process is necessary when selecting and managing chapter 11 counsel to ensure that bankruptcy professionals are subject to the same client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements.

4.      To that end, the review process utilized by the Debtors here assessed potential counsel based on their expertise in the relevant legal issues and in similar proceedings.  Kirkland represented the Debtors in litigation beginning in 2012.  As a result, Kirkland is intimately familiar with the Debtors' operations and capital structure.

5.      Ultimately, the Debtors retained Kirkland because of its extensive experience in corporate reorganizations, both out-of-court and under chapter 11 of the Bankruptcy Code.  More specifically, Kirkland is familiar with the Debtors' business operations and many of the potential legal issues that may arise in the context of these chapter 11 cases.  I believe that Kirkland is both well qualified and uniquely able to represent the Debtor in these chapter 11 cases in an efficient and timely manner.

## Rate Structure

6.      In my capacity as General Counsel, I am responsible for supervising outside counsel retained by the Debtors in the ordinary course of business.  Kirkland has informed the Debtors that its rates for bankruptcy representations are comparable to the rates Kirkland charges for non-bankruptcy representations.  As discussed below, I am also responsible for reviewing the statements regularly submitted by Kirkland, and can confirm that the rates Kirkland charged the Debtors in the prepetition period are the same as the rates Kirkland will charge the Debtors in the postpetition period.

**Cost Supervision**

7.      The Debtors have approved the prospective budget and staffing plan for the period from May 20, 2020 to September 30, 2020, recognizing that in the course of a large chapter 11 case like these chapter 11 cases, it is possible that there may be a number of unforeseen fees and expenses that will need to be addressed by the Debtors and Kirkland.  The Debtors further recognize that it is their responsibility to monitor closely the billing practices of their counsel to ensure the fees and expenses paid by the estate remain consistent with the Debtors' expectations and the exigencies of the chapter 11 cases.  The Debtors will continue to review the statements that Kirkland regularly submits, and, together with Kirkland, amend the budget and staffing plans periodically, as the case develops.

8.      As they did prepetition, the Debtors will continue to bring discipline, predictability, client involvement, and accountability to the counsel fees and expenses reimbursement process. While every chapter 11 case is unique, these budgets will provide guidance on the periods of time involved the level of the attorneys and professionals that will work on various matters, and projections of average hourly rates for the attorneys and professionals for various matters.

[*Remainder of Page Intentionally Left Blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  June 3, 2020

Respectfully submitted,

*/s/ Joseph Bonaccorsi*
Name: Joseph Bonaccorsi
Title: Executive Vice President and General Counsel