## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AKORN, INC., *et al.*,[1] | ) Case No. 20-11177 (KBO) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Obj. Deadline: June 17, 2020 at 4:00 p.m. (ET)** |
| | ) **Hearing Date: June 24, 2020 at 1:00 p.m. (ET)** |
| | ) |

## APPLICATION OF THE DEBTORS TO RETAIN AND EMPLOY RICHARDS, LAYTON & FINGER, P.A. AS CO-COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this application (this "Application"): [2]

### Relief Requested

1.    By this Application, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing, but not directing, the Debtors to employ and retain Richards, Layton & Finger, P.A. ("RL&F") as its bankruptcy co-counsel *nunc pro tunc* to the Petition Date. In support of this Application, the Debtors submit (i) the Declaration of Paul

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: Akorn, Inc. (7400); 10 Edison Street LLC (7890); 13 Edison Street LLC; Advanced Vision Research, Inc. (9046); Akorn (New Jersey), Inc. (1474); Akorn Animal Health, Inc. (6645); Akorn Ophthalmics, Inc. (6266); Akorn Sales, Inc. (7866); Clover Pharmaceuticals Corp. (3735); Covenant Pharma, Inc. (0115); Hi-Tech Pharmacal Co., Inc. (8720); Inspire Pharmaceuticals, Inc. (9022); Oak Pharmaceuticals, Inc. (6647); Olta Pharmaceuticals Corp. (3621); VersaPharm Incorporated (6739); VPI Holdings Corp. (6716); and VPI Holdings Sub, LLC. The location of the Debtors' service address is: 1925 W. Field Court, Suite 300, Lake Forest, Illinois 60045.

[2]    A detailed description of the Debtors and their business, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Duane Portwood in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on May 20, 2020 (the "Petition Date"). Capitalized terms used but not otherwise defined in this application shall have the meanings ascribed to them in the First Day Declaration.

N. Heath, a director at RL&F (the "Heath Declaration"), a copy of which is attached hereto as **Exhibit B** and incorporated herein, and (ii) the Declaration of Duane Portwood, Chief Financial Officer in support of the Application, a copy of which is attached hereto as **Exhibit C** and incorporated herein.

### Jurisdiction

2.       The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.       The statutory bases for the relief requested herein are section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1.

### Background

5.       Akorn, Inc., together with its Debtor and non-Debtor subsidiaries (collectively, "Akorn") is a specialty pharmaceutical company that develops, manufactures, and markets generic and branded prescription pharmaceuticals, branded as well as private-label over-the-counter consumer health products, and animal health pharmaceuticals.  Akorn is an industry leader in the development, manufacturing, and marketing of specialized generic

pharmaceutical products in alternative dosage forms.  Headquartered in Lake Forest, Illinois, Akorn has approximately 2,180 employees worldwide and maintains a global manufacturing presence, with pharmaceutical manufacturing facilities located in Illinois, New Jersey, New York, Switzerland, and India.  Akorn's operations generated approximately $682 million in revenue and approximately $124 million of Adjusted EBITDA in 2019.  The Debtors commenced these chapter 11 cases to conduct an orderly sale process that will position the Debtors for sustained future success by right-sizing their balance sheet and addressing their litigation overhangs.

6.      On the Petition Date, each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors cases are being jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b).  On June 3, 2020, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 125] (the "Committee") in these chapter 11 cases.  No party has requested the appointment of a trustee or examiner in these chapter 11 cases.

## Services To Be Provided

7.      The Debtors require RL&F to render a variety of legal services during the pendency of these chapter 11 cases and to assist the Debtors in addressing the myriad issues that may arise. The Debtors request the employment and retention of RL&F to render the professional services, including, but not limited to:

a)      assisting in preparing necessary petitions, motions, applications, orders, reports, and papers necessary or desirable to commence one or more cases under the Bankruptcy Code;

b)      advising the Debtors of their rights, powers, and duties as debtors and debtors-in-possession under chapter 11 of the Bankruptcy Code;

3

Case 20-11177-KBO    Doc 128    Filed 06/03/20    Page 4 of 11

c)      assisting in preparing on behalf of the Debtors all motions, applications, answers, orders, reports, and papers in connection with the administration of the Debtors' estate;

d)      taking all necessary actions to protect and preserve the Debtors' estates, including the prosecution of claims and causes of action on the Debtors' behalf, the defense of actions commenced against the Debtors in these chapter 11 cases, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors;

e)      assisting with any sale or sales of assets, including preparing any necessary motions and papers related thereto;

f)      assisting in preparing a disclosure statement and any related documents and pleadings necessary to solicit votes on any plan of reorganization proposed by the Debtors;

g)      assisting in preparing any plan of reorganization;

h)      prosecuting on behalf of the Debtors any proposed plan and seeking approval of all transactions contemplated therein and in any amendments thereto; and

i)      performing all other necessary and desirable legal services in connection with the prosecution of these chapter 11 cases.

8.      In addition to the services set forth in paragraphs 7(a) through 7(i) above, RL&F may perform other services assigned to it by the Debtors, in consultation with Kirkland & Ellis LLP, and Kirkland & Ellis International LLP (together, "Kirkland"), the Debtors' co-counsel, including serving as lead counsel to the Debtors with respect to matters or parties as to which Kirkland has a conflict and determines that it cannot (or should not) represent the Debtors (in such instances in which RL&F does not similarly have a conflict).  To the extent RL&F determines that such services fall outside of the scope of services historically or generally performed by RL&F as counsel or co-counsel in a bankruptcy case, RL&F will file a supplemental declaration.

**Basis For Relief Requested**

9.      Under section 327(a) of the Bankruptcy Code, a debtor-in-possession "with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest

4

adverse to the estate, and that are disinterested persons, to represent or assist the [debtor-in-possession] in carrying out [its] duties under this title." 11 U.S.C. § 327(a). Such employment may be based "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

10.     The Debtors believe that RL&F is well qualified to represent them in their bankruptcy cases in an efficient and timely manner. The Debtors have selected RL&F as their co-counsel because of, among other things, the firm's extensive experience and knowledge in the field of debtors' and creditors' rights, business reorganizations and liquidations under chapter 11 of the Bankruptcy Code, its expertise, experience, and knowledge in practicing before this Court, its proximity to the Court, and its ability to respond quickly to emergency hearings and other emergency matters. RL&F's services will enable the Debtors to execute faithfully their duties as debtors-in-possession.

11.     To that end, RL&F has stated its desire and willingness to act in these chapter 11 cases and to render the necessary professional services as co-counsel to the Debtors.

12.     By separate applications, the Debtors have also employed or are seeking to employ (i) Kirkland, as bankruptcy co-counsel to the Debtors; (ii) PJT Partners, LP ("PJT"), as financial advisor; and (iii) Kurtzman Carson Consultants LLC ("KCC") as claims and noticing agent and administrative advisor in these chapter 11 cases. The Debtors understand the division of responsibilities between these professionals and intend to monitor carefully these and any other retained professionals to ensure a clear delineation of their respective duties and roles so as to prevent duplication of effort. The Debtors recognize that efficient coordination of efforts among the Debtors' legal professionals, and between such legal professionals and its other professionals, will greatly add to the effective administration of these chapter 11 cases.

## **Professional Compensation**

**A.     Professional Fees**

13.     The Debtors understand that RL&F intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders of this Court. In that regard, the Debtors and RL&F have developed a prospective budget and staffing plan in a reasonable effort to comply with the U.S. Trustee requests for information and additional disclosures.  Subject to the foregoing, the Debtors propose to pay RL&F its customary hourly rates in effect from time to time as set forth below and in the Heath Declaration.  The Debtors submit that these rates are reasonable.

14.     RL&F's current hourly rates for matters related to these chapter 11 cases are expected to be within the following ranges:

| Position | Range of Hourly Rates |
|---|---|
| Directors | $725 to $1,200 an hour |
| Counsel | $650 to $700 an hour |
| Associates | $400 to $665 an hour |
| Paraprofessionals | $295 an hour |

15.     The principal professionals and paraprofessionals designated to represent the Debtors and their current standard hourly rates are as follows:

|     |     |     |
|---|---|---|
| a) | Paul N. Heath | $875 per hour |
| b) | Amanda R. Steele | $750 per hour |
| c) | Zachary I. Shapiro | $725 per hour |
| d) | Brett M. Haywood | $575 per hour |
| e) | Sarah E. Silveira | $445 per hour |
| f) | J. Zachary Noble | $400 per hour |
| g) | Ann Jerominski | $295 per hour |

RLF1 23151318v.2

16.     The Debtors understand that RL&F's hourly rates are set at a level designed to compensate RL&F fairly for the work of its attorneys and paralegals and to cover fixed and routine expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions (which adjustments will be reflected in the first RL&F fee application following such adjustments) and are consistent with the rates charged elsewhere.

17.     Other than the periodic adjustments described above, RL&F's hourly rates and financial terms for the services performed prior to the Petition Date, with respect to the Debtors' restructuring and commencement of the chapter 11 cases, are identical to the hourly rates and financial terms of the postpetition engagement proposed herein.  The Debtors understand that these hourly rates are consistent with the rates that RL&F charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case, and are not significantly different from the rates that RL&F charges in non-bankruptcy representations.  None of RL&F's professionals included in this engagement have varied their rate based on the geographic location of these chapter 11 cases.  Notwithstanding the consistent hourly rates, RL&F as a practice reviews all time charges and makes adjustments as necessary to correct any inefficiencies that may appear before billing.

18.     Prior to the Petition Date, the Debtors paid RL&F a total retainer of $297,087.53 (the "Retainer"), consisting of an initial retainer of $147,087.53 and a supplemental retainer of $150,000, to cover fees and expenses actually incurred, as well as anticipated to be incurred, prior to, and in connection with, the Debtors' restructuring and the commencement of these chapter 11 cases.  Prior to the Petition Date, RL&F drew down the unused portion of its Retainer (the "Drawn Down Amount") in order to cover anticipated incurred but unpaid prepetition fees and expenses.  Thus, as of the time of the filing of these chapter 11 cases, the Retainer had a zero balance.  RL&F

is in the process of reconciling its prepetition fees and expenses. Upon completion of such reconciliation, any portion of the Drawn Down Amount not attributable to prepetition fees and expenses will be treated by RL&F as an evergreen retainer to be held by RL&F as security throughout these chapter 11 cases until RL&F's fees and expenses are awarded by final order and payable to RL&F.

19.     In this district, evergreen retainer agreements reflect normal business terms in the marketplace. *See In re Insilco Tech., Inc.*, 291 B.R. 628, 634 (Bankr. D. Del. 2003) ("[T]he practice [of receiving security retainers] in this district has been engaged in since at least the early 1990's."). Moreover, RL&F believes that its request for approval of an evergreen retainer in these cases satisfies the five-part test articulated by Judge Carey in *Insilco*. First, RL&F submits that the proposed terms of RL&F's engagement reflect normal business terms in the market-place. Second, RL&F believes that both RL&F and the Debtors are sophisticated business entities that have negotiated the Retainer at arm's length. Third, RL&F believes that approval of the Retainer as an evergreen retainer is in the best interests of the Debtors' estates. Fourth, RL&F and the Debtors are currently unaware of any creditor opposition to the approval of the Retainer as an evergreen retainer. Fifth, given the size, circumstances, and posture of the Debtors' chapter 11 cases, RL&F believes approval of the Retainer as an evergreen retainer provides it with an appropriate level of risk minimization in connection with the payment of its prospective fees and costs in these cases.

20.     Given the extensive nature of the services that RL&F will provide to the Debtors, the retention of RL&F under an evergreen retainer is appropriate and necessary to enable the Debtors to faithfully execute their duties as debtors and debtors-in-possession and to implement the reorganization of the Debtors.

8

21.    Other than as set forth in the Heath Declaration, no arrangement is proposed between the Debtors and RL&F for compensation to be paid in these chapter 11 cases.  RL&F has informed the Debtors that it has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

**B.    Expenses**

22.    The Debtors understand that it is RL&F's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to chapter 11 clients include, among other things, regular mail and express mail charges, special or hand delivery charges, document processing charges, printing/photocopying charges, travel expenses, expenses for "working meals," computerized research charges and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.  RL&F will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to RL&F's other clients or as previously fixed by this Court.  The Debtors understand that it is RL&F's belief that it is fair to charge these expenses to the clients incurring them instead of increasing hourly rates and spreading these expenses among all clients.

<u>Disinterestedness</u>

23.    To the best of the Debtors' knowledge and as disclosed herein and in the Heath Declaration:  (a) RL&F is a "disinterested person" under section 101(14) of the Bankruptcy Code; (b) RL&F does not hold or represent an interest adverse to the Debtors' estates; and (c) RL&F's directors, counsel and associates have no connection to the Debtors, their creditors, or their related parties except as may be disclosed in the Heath Declaration.

RLF1 23151318v.2

**Bankruptcy Rule 5002**

24.    As further described in the Heath Declaration, no director, counsel or associate of RL&F is a relative of, or has been so connected with, any United States Bankruptcy Judge for the District of Delaware, any of the current District Court Judges for the District of Delaware who handle bankruptcy cases, the United States Trustee for Region 3, the Assistant United States Trustee for the District of Delaware, the attorneys for the United States Trustee assigned to these chapter 11 cases or any other employee of the Office of the United States Trustee, except as expressly set forth therein.    Accordingly, the appointment of RL&F is not prohibited by Bankruptcy Rule 5002.

**Notice**

25.    The Debtors will provide notice of this Application to:  (a) the U.S. Trustee for the District of Delaware; (b) proposed counsel to the Committee; (c) Wilmington Savings Fund Society, FSB, in its capacity as successor administrative agent under the Term Loan Credit Agreement, or any of its predecessors or successors; (d) counsel to the Term Loan Agent; (e) counsel to the ad hoc group of the Debtors' Prepetition Lenders; (f) the United States Attorney's Office for the District of Delaware; (g) the Internal Revenue Service; (h) the Food and Drug Administration; (i) the Drug Enforcement Administration; (j) the Securities Exchange Commission; (k) the state attorneys general for all states in which the Debtors conduct business; and (l) any party that requests service pursuant to Bankruptcy Rule 2002.  The Debtors submit that, under the circumstances, no other or further notice is required.

**No Prior Request**

26.    No previous request for the relief sought herein has been made to the Court or any other court.

RLF1 23151318v.2

WHEREFORE, the Debtors respectfully request entry of the Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: June 3, 2020

<div style="margin-left:40%">

AKORN, INC., et al.
(for itself and on behalf of its affiliated Debtors and Debtor-in-possession)

*/s/ Duane Portwood*
Duane Portwood
Chief Financial Officer

</div>