**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AKORN, INC., *et al.*,[1] | ) Case No. 20-11177 (KBO) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**DEBTORS' APPLICATION AUTHORIZING
THE DEBTORS TO EMPLOY AND RETAIN
KURTZMAN CARSON CONSULTANTS LLC AS ADMINISTRATIVE
ADVISOR EFFECTIVE AS OF THE PETITION DATE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state as follows in support of this application:[2]

### Relief Requested

1.      On the Petition Date, the entered an order [Docket No. 71] (the "Section 156(c)

Order") appointing Kurtzman Carson Consultants LLC ("KCC") as claims and noticing agent

pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code, and Local Rules 2002-1(f)

and 9013-1(m).      The Debtors believe that administration of these chapter 11 cases will require

KCC to perform additional duties outside of the scope requested in the Section 156(c) Order.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are:   Akorn, Inc. (7400); 10 Edison Street LLC (7890); 13 Edison Street LLC; Advanced Vision Research, Inc. (9046); Akorn (New Jersey), Inc. (1474); Akorn Animal Health, Inc. (6645); Akorn Ophthalmics, Inc. (6266); Akorn Sales, Inc. (7866); Clover Pharmaceuticals Corp. (3735); Covenant Pharma, Inc. (0115); Hi-Tech Pharmacal Co., Inc. (8720); Inspire Pharmaceuticals, Inc. (9022); Oak Pharmaceuticals, Inc. (6647); Olta Pharmaceuticals Corp. (3621); VersaPharm Incorporated (6739); VPI Holdings Corp. (6716); and VPI Holdings Sub, LLC.   The location of the Debtors' service address is:   1925 W. Field Court, Suite 300, Lake Forest, Illinois 60045.

[2]    A detailed description of the Debtors and their business, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Duane Portwood in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 15] (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on May 20, 2020 (the "Petition Date").   Capitalized terms used but not otherwise defined in this application shall have the meanings ascribed to them in the First Day Declaration.

Therefore, to enable KCC to provide services outside of the scope of the Section 156(c) Order, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing the Debtors to employ and retain KCC as administrative advisor (the "Administrative Advisor") in these chapter 11 cases effective as of the Petition Date in accordance with the KCC Agreement for Services, dated February 6, 2020, attached hereto as **Exhibit C** (the "Retention Agreement").

2.      In support of this application, the Debtors' submit the Declaration of Robert Jordan, Senior Managing Director, Corporate Restructuring Services of KCC (the "Jordan Declaration"), attached hereto as **Exhibit B.**

### Jurisdiction and Venue

3.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

5.      The statutory bases for the relief requested herein are sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1, 2016-1 and 9013-1(f).

**Background**

6.      Akorn, Inc., together with its Debtor and non-Debtor subsidiaries (collectively, "Akorn") is a specialty pharmaceutical company that develops, manufactures, and markets generic and branded prescription pharmaceuticals, branded as well as private-label over-the-counter consumer health products, and animal health pharmaceuticals.  Akorn is an industry leader in the development, manufacturing, and marketing of specialized generic pharmaceutical products in alternative dosage forms.  Headquartered in Lake Forest, Illinois, Akorn has approximately 2,180 employees worldwide and maintains a global manufacturing presence, with pharmaceutical manufacturing facilities located in Illinois, New Jersey, New York, Switzerland, and India.  Akorn's operations generated approximately $682 million in revenue and approximately $124 million of Adjusted EBITDA in 2019.  The Debtors commenced these chapter 11 cases to conduct an orderly sale process that will position the Debtors for sustained future success by right-sizing their balance sheet and addressing their litigation overhang.

7.      On the Petition Date, each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.   The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 57].   The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   On June 3, 2020, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") [Docket No. 125].  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

**Basis for Relief**

8.      Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval, "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title."  11 U.S.C. § 327(a).   In addition, Bankruptcy Rule 2014(a) requires that a retention application include:

> "[S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee."

Fed. R. Bankr. P. 2014(a).

9.      In light of the size and complexity of the chapter 11 cases, the Debtors respectfully submit that employing and retaining KCC pursuant to the terms of the Retention Agreement is necessary and in the best interests of the Debtors' estates and all parties in interest to these chapter 11 cases.   The Debtors also believe that the terms and conditions of the Retention Agreement are reasonable in light of the anticipated high volume of creditors and other parties in interest that will be involved in these chapter 11 cases.

10.      Accordingly, to help manage administrative tasks with respect to the thousands of creditors and other parties in interest that are expected to be involved in these chapter 11 cases, and the complexity of such cases, the Debtors respectfully requests that this Court enter an order appointing KCC as the Administrative Advisor in these chapter 11 cases.

### KCC's Qualifications

11.    KCC is a bankruptcy administrator that specializes in providing comprehensive chapter 11 administrative services including noticing, claims processing, solicitation, balloting, and other related services critical to the effective administration of chapter 11 cases.  KCC has developed efficient and cost-effective methods to properly handle the voluminous mailings associated with the noticing, claims processing, solicitation, and balloting portions of chapter 11 cases to ensure the orderly and fair treatment of creditors, equity security holders, and all other parties in interest.  Further, KCC will work with the Clerk to ensure that such methodology conforms to all of the Court's procedures, the Local Rules, and the requirements of any Court orders

12.    As a specialist in claims management and legal administration services, KCC provides comprehensive services in chapter 11 cases.   KCC has substantial experience in matters of all sizes and levels of complexity, including many bankruptcy cases filed in this district. *See, e.g.*, *In re Melinta Therapeutics, Inc., et al.*, No. 19-12748 (LSS) (Bankr. D. Del. Dec. 27, 2019); *In re Celadon Grp., Inc., et al.*, No. 19-12606 (KBO)  (Bankr. D. Del. Dec. 8, 2019); *In re HRI Holding Corp., et al.*, No. 19-12415 (MFW) (Bankr. D. Del. Nov. 14, 2019); *In re Highland Capital Management, L.P.*, No. 19-12239 (CSS) (Bankr. D. Del. Oct. 16, 2019); *In re Bayou Steel BD Holdings, L.L.C.*, No. 19-12153 (KBO) (Bankr. D. Del. Oct. 1, 2019); *In re Perkins & Marie Callender's, LLC, et al.*, No. 19-11743 (KG) (Bankr. D. Del. Aug. 5, 2019); *In re Emerge Energy Services LP, et al.*, No. 19-11563 (KBO) (Bankr. D. Del. Jul. 15, 2019); *In re Fuse, LLC, et al.*, No. 19-10872 (KG) (Bankr. D. Del. Apr. 22, 2019); *In re Achaogen, Inc.*, No. 19-10844 (BLS) (Bankr. D. Del. Apr. 15, 2019); *In re Southcross Energy Partners, L.P., et al.*, No. 19-10702 (MFW) (Bankr. D. Del. Apr. 1, 2019); *In re Novum Pharma, LLC*, No. 19-10209 (KJC) (Bankr. D. Del. Feb. 3, 2019); *In re Egalet Corp.*, No. 18-12439 (BLS) (Bankr. D.

Del. Nov. 1, 2018); *In re Welded Construction, L.P., et al.*, No. 18-12378 (KG) (Bankr. D. Del. Oct. 22, 2018); *In re ATD Corp., et al.,* No. 18-12221 (KJC) (Banrk. D. Del. Oct. 4, 2018); *In re RM Holdco LLC, et al.*, No. 18-11795 (MFW) (Bankr. D. Del. Aug. 5, 2018); *In re Heritage Home Grp. LLC, et al.*, No. 18-11736 (KG) (Bankr. D. Del. Jul. 29, 2018); *In re Tintri, Inc.*, No. 18-11625 (KJC) (Bankr. D. Del. Jul. 10, 2018); *In re The Walking Company Holdings, Inc*., No. 18-10474 (LSS) (Bankr. D. Del. Mar. 8, 2018); *In re VER Techs. Holdco LLC*, No. 18-10834 (KG) (Bankr. D. Del. Apr. 6, 2018); *In re Rand Logistics, Inc.*, No. 18-10175 (BLS) (Bankr. D. Del. Jan. 29, 2018); *In re ExGen Tex. Power, LLC*, No. 17-12377 (BLS) (Bankr. D. Del. Nov. 7, 2017); *In re TerraVia Holdings, Inc.*, No. 17-11655 (CSS) (Bankr. D. Del. Aug. 2, 2017); *In re Prospector Offshore Drilling S.à r.l*, No. 17-11572 (CSS) (Bankr. D. Del. July 20, 2017); *In re Keystone Tube Co., LLC (A.M. Castle & Co.)*, No. 17-11330 (LSS) (Bankr. D. Del. June 18, 2017); *In re Sungevity, Inc.*, No. 17-10561 (KG) (Bankr. D. Del. Mar. 15, 2017); *In re Aquion Energy, Inc.*, No. 17-10500 (KJC) (Bankr. D. Del. Mar. 8, 2017).[3]

13.    The Debtors chose KCC to perform the Administrative Services, as defined herein, because of KCC's experience, reputation, familiarity with these chapter 11 cases, and the competitiveness of its fees.   The Debtors submit that using KCC to provide the Administrative Services has provided, and will continue to provide, the most cost-effective and efficient administration of the chapter 11 cases.   Further, retaining KCC as Administrative Advisor has allowed, and will continue to allow, the Debtors and their other professionals to focus on key aspects of the Debtors' restructuring efforts.   Accordingly, the Debtors believe that KCC is

---

[3]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this application. Copies of these orders are available upon request to the Debtors' proposed counsel.

qualified to provide the Administrative Services and that KCC's retention in such capacity is in the best interests of the Debtors' estates and creditors.

**Services to be Provided**

14.     Pursuant to the Retention Agreement, the Debtors seek to retain KCC to provide, among other things, the following bankruptcy administrative services (collectively, the "Administrative Services"), if and to the extent the Debtors request:

(a)     assist with, among other things, solicitation, balloting, and tabulation of votes, and prepare any related reports, as required in support of confirmation of a chapter 11 plan, and in connection with such services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices, and institutional holders;

(b)     prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

(c)     assist with the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs and gather data in conjunction therewith;

(d)     provide a confidential data room, if requested;

(e)     manage and coordinate any distributions pursuant to a chapter 11 plan; and

(f)     provide such other processing, solicitation, balloting, and administrative services described in the Retention Agreement, but not included in the Section 156(c) Order, as may be requested from time to time by the Debtors, this Court, or the Clerk of this Court.

**Professional Compensation**

15.     The fees KCC will charge in connection with its services to the Debtors are set forth in the Retention Agreement.   The Debtors respectfully submit that KCC's rates are competitive and comparable to the rates its competitors charge for similar services.   Indeed, the Debtors conducted a competitive comparison of other firms and reviewed their rates before selecting KCC as Administrative Advisor and the rates are reasonable given the quality of its services and its professionals' bankruptcy expertise.   Additionally, KCC will seek reimbursement from the

7

Debtors for reasonable and documented expenses in accordance with the terms of the Retention Agreement.

16.     KCC intends to apply to this Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in connection with the services it provides pursuant to the Retention Agreement.   It will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any orders entered in these chapter 11 cases regarding professional compensation and reimbursement of expenses.

17.     Additionally, under the terms of and in accordance with the Retention Agreement, the Debtors have agreed to indemnify and hold harmless KCC and its affiliates, members, directors, officers, employees, consultants, subcontractors, and agents under certain circumstances specified in the Retention Agreement, except in circumstances resulting solely from KCC's gross negligence or willful misconduct or as otherwise provided in the Retention Agreement or Order.   The Debtors believe that such an indemnification obligation is customary, reasonable, and necessary to retain the services of a Claims and Noticing Agent in these chapter 11 cases.

18.     Before the Petition Date, the Debtors provided KCC a retainer in the amount of $50,000.   KCC seeks to first apply the retainer to all prepetition invoices, and thereafter, to hold the retainer under the Retention Agreement during these chapter 11 cases as security for the payment of fees and expenses incurred under the Retention Agreement in accordance with the terms of the Retention Agreement.

**<u>Disinterestedness</u>**

19.     KCC has reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors.   KCC has

represented to the Debtors that, to the best of its knowledge, and except as set forth in the Jordan Declaration, neither KCC nor any of its professional personnel have any relationship with the Debtors that would impair KCC's ability to serve as Administrative Advisor.   To the extent that KCC or its personnel have, or may have had, relationships with certain of the Debtors' creditors, as described in the Jordan Declaration, KCC has represented to the Debtors that those matters are completely unrelated to the Debtors' chapter 11 cases.   To the best of the Debtors' knowledge, KCC is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

20.    KCC believes that it does not have any relationships with creditors or parties in interest that would present a disqualifying conflict of interest.   KCC will supplement its disclosure to this Court if any facts or circumstances are discovered that would require such additional disclosure.

**Relief Effective as of the Petition Date is Appropriate**

21.    Pursuant to the Debtors' request, KCC has served as the Administrative Advisor since the Petition Date with assurances that the Debtors would seek approval of its employment and retention effective as of the Petition Date so that KCC may be compensated for its pre-application services in these chapter 11 cases.   The Debtors believe that no party in interest will be prejudiced by the granting of the employment effective as of the Petition Date, as provided herein, because KCC has provided and continues to provide valuable services to the Debtors' estates in the interim period.   Based on the foregoing, the Debtors submit that it has satisfied the requirements of the Bankruptcy Code, Bankruptcy Rules, and the Local Rules.   Accordingly, the Debtors respectfully request entry of the Order appointing KCC as the Administrative Advisor

pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rules 2014-1(a), 2016-1, and 9013-1(f) approving this application to retain and employ KCC as the Administrative Advisor in these chapter 11 cases, effective as of the Petition Date.

## Notice

22.     The Debtors will provide notice of this motion to:  (a) the U.S. Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) Wilmington Savings Fund Society, FSB, in its capacity as successor administrative agent under the Term Loan Credit Agreement, or any of its predecessors or successors (the "Term Loan Agent"); (d) counsel to the Term Loan Agent; (e) counsel to the ad hoc group of the Debtors' Prepetition Lenders (the "Ad Hoc Group"); (f) the United States Attorney's Office for the District of Delaware; (g) the Internal Revenue Service; (h) the Food and Drug Administration; (i) the Drug Enforcement Administration; (j) the Securities Exchange Commission; (k) the state attorneys general for all states in which the Debtors conduct business; and (l) any party that requests service pursuant to Local Rule 9013-1(m)(iii).

## No Prior Request

23.     No prior request for the relief sought in this application has been made to this or any other court.


[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>**, (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

Dated:    June 3, 2020
Wilmington, Delaware

*/s/ Joseph Bonaccorsi*
Joseph Bonaccorsi
Akorn, Inc.
Executive Vice President & General Counsel