**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AKORN, INC., *et al.*,[1] | ) | Case No. 20-11177 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' APPLICATION FOR ENTRY OF AN
ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF GRANT THORNTON LLP AS TAX AND
ADVISORY CONSULTANT EFFECTIVE AS OF THE PETITION DATE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this application:[2]

**Relief Requested**

1. The Debtors seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to employ and retain Grant Thornton LLP ("Grant Thornton") as tax, valuation and financial reporting consultant effective as of the Petition Date, in accordance with the terms and conditions set forth in the following agreements:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: Akorn, Inc. (7400); 10 Edison Street LLC (7890); 13 Edison Street LLC; Advanced Vision Research, Inc. (9046); Akorn (New Jersey), Inc. (1474); Akorn Animal Health, Inc. (6645); Akorn Ophthalmics, Inc. (6266); Akorn Sales, Inc. (7866); Clover Pharmaceuticals Corp. (3735); Covenant Pharma, Inc. (0115); Hi-Tech Pharmacal Co., Inc. (8720); Inspire Pharmaceuticals, Inc. (9022); Oak Pharmaceuticals, Inc. (6647); Olta Pharmaceuticals Corp. (3621); VersaPharm Incorporated (6739); VPI Holdings Corp. (6716); and VPI Holdings Sub, LLC. The location of the Debtors' service address is: 1925 W. Field Court, Suite 300, Lake Forest, Illinois 60045.

[2] A detailed description of the Debtors and their business, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Duane Portwood, Chief Financial Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 15] (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on May 20, 2020 (the "Petition Date").

(a) that certain engagement letter, dated August 17, 2018, between Akorn, Inc. and Grant Thornton (the "Tax Engagement Letter"), a copy of which is attached hereto as **Exhibit B** and incorporated herein by reference;

(b) those certain statements of work: (i) dated February 17, 2020 (the "Voluntary Disclosure Services SOW"); (ii) dated September 5, 2018 (the "Sales and Use Tax Compliance SOW"); (iii) dated August 27, 2019 (the "Tax Examination Assistance"); (iv) dated January 10, 2020 (the "Tax Provision Preparation Services SOW"); (v) dated January 20, 2020 (the "Debt Restructuring Tax Services SOW"); (vi) dated April 22, 2020 (the "Fixed Asset Consulting Services"); and (vii) dated April 27, 2020 (the "Tax Compliance SOW") (collectively the "Tax Statements of Work"). A copy of the Tax Statements of Work are attached hereto as **Exhibit C** and incorporated herein by reference; and

(c) that certain engagement letter, dated July 17, 2019 between Akorn, Inc. and Grant Thornton (the "Advisory Engagement Letter") and the statement of work, dated January 30, 2020 (the "Corporate Advisory and Valuation Services SOW," and, collectively, with the Tax Engagement Letter, the Tax Statements of Work, the Advisory Engagement Letter, and the Corporate Advisory and Valuation Services SOW, the "Agreements".), a copy of each is attached hereto as **Exhibit D** and incorporated herein by reference.

In support of this Application, the Debtors submit the *Declaration of Bill Fasel in Support of Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Grant Thornton LLP as Tax and Advisory Consultant Effective as of the Petition Date* (the "Fasel Declaration"), attached hereto as **Exhibit E**.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this application to the extent that it is later determined that the Court, absent consent of the parties,

cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-2.

**Background**

5. Akorn, Inc., together with its Debtor and non-Debtor subsidiaries (collectively, "Akorn") is a specialty pharmaceutical company that develops, manufactures, and markets generic and branded prescription pharmaceuticals, branded as well as private-label over-the-counter consumer health products, and animal health pharmaceuticals. Akorn is an industry leader in the development, manufacturing, and marketing of specialized generic pharmaceutical products in alternative dosage forms. Headquartered in Lake Forest, Illinois, Akorn has approximately 2,180 employees worldwide and maintains a global manufacturing presence, with pharmaceutical manufacturing facilities located in Illinois, New Jersey, New York, Switzerland, and India. Akorn's operations generated approximately $682 million in revenue and approximately $124 million of Adjusted EBITDA in 2019. The Debtors commenced these chapter 11 cases to conduct an orderly sale process that will position the Debtors for sustained future success by right-sizing their balance sheet and addressing their litigation overhang.

6. On the Petition Date, each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 57]. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On June 3, 2020, the United States Trustee for the District of Delaware (the

"U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") [Docket No. 125]. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

### Grant Thornton's Qualifications

7. Grant Thornton is the U.S. member firm of Grant Thornton International Ltd., a global audit, tax, and advisory organization of independent member firms providing services in more than 130 countries, including 55 offices in the United States. The professionals in Grant Thornton's advisory and tax advisory practices consist of senior tax, accounting, and other professionals specializing in tax, financial, business, and strategic advice to enterprises, including distressed enterprises. Grant Thornton has significant qualifications, experience, and extensive knowledge in the fields of accounting, taxation and advisory for large, sophisticated companies, both in and out of bankruptcy. Accordingly, the Debtors have determined that Grant Thornton has the resources and experience necessary to perform tax and advisory services in these chapter 11 cases.

8. Grant Thornton has provided advisory, tax and advisory services in numerous large cases, including: *In re Fusion Connect, Inc.*, No. 19-11811 (SMB) (Bankr. S.D.N.Y. Aug. 6, 2019); *In re Claire's Stores, Inc.*, No. 18-10584 (MFW) (Bankr. D. Del. May 8, 2018); *In re Avaya Inc.*, No. 17-10089 (SMB) (Bankr. S.D.N.Y. Mar. 28, 2017); *In re Samson Resources Corporation*, No. 15-11934 (CSS) (Bankr. D. Del. Dec. 9, 2015); *In re ATLS Acquisition, LLC*, No. 13-10262 (PJW) (Bankr. D. Del. Apr. 19, 2013); *In re AMR Corp.*, No. 11-15463 (SHL) (Bankr. S.D.N.Y. Oct. 9, 2012); *In re Northstar Aerospace (USA) Inc.*, No. 12-11817 (MFW) (Bankr. D. Del. Sept. 6, 2012); *In re W.R. Grace & Co.*, No. 01-01139 (JKF) (Bankr. D. Del. Aug. 14, 2012); *In re*

4

*Tronox Inc.*, No. 09-10156 (ALG) (Bankr. S.D.N.Y. July 21, 2010); *In re Washington Mutual*, No. 08-12229 (MFW) (Bankr. D. Del. Jan. 29, 2009).[3]

9. The Debtors seek to employ and retain Grant Thornton because of Grant Thornton's pre-existing advisory relationship with the Debtors, and Grant Thornton's expertise and extensive knowledge of international, federal, state, and local tax matters, as well as its expertise regarding valuation and financial reporting. Grant Thornton has provided tax and advisory services to the Debtors since 2014. By virtue of its prior work, Grant Thornton is familiar with the books, records, financial information, and other data maintained by the Debtors and is qualified and best positioned to continue to provide these services to the Debtors in an efficient and cost effective manner. Indeed, many of the services covered by the Agreements are a continuation of work that had been done historically. Accordingly, the Debtors believe Grant Thornton has the resources and experience necessary to provide tax and advisory services in these chapter 11 cases.

10. Further, the Debtors seek to employ Grant Thornton effective as of the Petition Date because Grant Thornton has continued to provide services to the Debtors throughout the post-petition period so as not to prejudice the Debtors. During this period, Grant Thornton has continued to perform various imperative planning, preparation, valuation, financial reporting, and tax services in order for the Debtors to meet certain statutory filing deadlines for which they will face fines and penalties in the event that the deadlines are not met. Grant Thornton negotiated the Agreements with the Debtors and performed an internal conflict check on the individuals and entities on the Parties-in-Interest list prior to executing the new Agreements. Both the Debtors and Grant Thornton believed in good faith that it was in the Debtors' best interest to continue

---

[3] Because of the voluminous nature of the orders cited herein, they are not attached to the Application. Copies of these orders are available on request of the Debtors' counsel.

utilizing Grant Thornton's services through the present date while the Agreements were negotiated and the internal conflict check was performed because the Debtors would have been prejudiced in the event that this work was not performed.

## Services to be Provided

11. Subject to further order of the Court and consistent with the Agreements, Grant Thornton and, as provided for in the applicable Agreements, and potentially certain of the member firms of Grant Thornton International Ltd., may provide tax and advisory services as Grant Thornton and the Debtors shall deem appropriate and feasible in order to advise the Debtors during the course of these chapter 11 cases, including, but not limited to the following services (collectively, the "Services"):[4]

a) **Sales and Use Tax - "Voluntary Disclosure Services"**:

The following services include sales and use tax consulting services to assist with the remediation of issues related to the Debtors' sales and use tax collections and filings. Specifically, Grant Thornton will:

- Work with management to identify jurisdictions where the Debtors have sales tax exposure and determine where filing obligations exist. This may include a partial or complete nexus study or research on specific jurisdictions.
- Calculate amounts of potential tax, interest, and penalty exposure.
- Based on the Debtors' review of potential exposure summary, provide assistance at the direction of the Debtors, which may include registering, back filing sales tax returns, or applying for voluntary disclosure agreements ("VDA") in jurisdictions chosen by Akorn.
- Research to determine the specific requirements of VDA programs when applicable; in some cases, this may involve oral discussions with the relevant tax authority to secure necessary information.

---

[4] Further detail on the specific services to be provided by Grant Thornton is outlined in the Agreements. To the extent that there are any discrepancies between the summary provided herein and the Agreements, the terms and conditions of the Agreements shall govern in all respects.

- Prepare a draft letter or draft online application, if applicable for the Debtors' review, approval and transmittal to the state seeking a VDA with each state's VDA officer for management's signature.

- If applicable, contact tax authorities on an anonymous basis on behalf of the Debtors, and negotiate VDA settlement agreements.

- Provide consultation regarding other matters related to sales and use tax but which are not enumerated specifically above.

- Assist the Debtors with the preparation of sales and use tax returns related to the remediation of issues reviewed as part of this agreement.

b) **Sales and Use Tax – "Tax Return Preparation and Compliance Services"**:

Grant Thornton will provide the Debtors, for the period ending July 31, 2021, the following specific deliverables, as detailed below. Specifically, Grant Thornton will assist the Debtors with the generation of sales, use and other transactional tax returns (the "Tax Returns") by providing tax return compliance services for the filing periods beginning July 2018 and ending July 2021. In connection with these services, Grant Thornton's responsibilities to the Debtors are as follows:

- Receipt of tax data file(s) through Grant Thornton Online ("GTO"), our web portal, each month (note a single data file must contain only a single data table, not multiple tables or separate tabs on an Excel worksheet).
    (a) A single Vertex Tax2000 data file (standard Vertex output)
    (b) 1 Excel file for AP Use tax
- Notify the Debtors of any data issues, if any are identified.
- Prepare, for the Debtors' review and approval, the Tax Returns as listed on the attached Addendum based upon Akorn provided information, available as Adobe Acrobat PDF files through our GTO web portal, including necessary manual adjustments (i.e. credit carryforwards, use taxes, etc.) limited to twenty (20) entries per month.
- Any necessary transfer of information for unsupported returns requiring jurisdiction-provided forms.
- Prepare a state-by-state reconciliation report comparing taxes included in the original data sent to Grant Thornton, taxes remitted by tax type, discounts earned, and any differences between tax collected/accrued and remitted (requires inclusion of tax amounts in data).
- Review of the tax returns and reconciliation report and notification of discrepancies.

- Preparation of Vertex payment requests, or other agreed-upon format based solely on the Tax Returns prepared listing the tax liability by jurisdiction and required payments, for the Debtors' review and approval, based on the Debtors' G/L structure.

- Deliver copies of all signature ready returns in an agreed upon format to the Debtors on the GTO web portal for the Debtors' review, approval, and signature or signature authorization.

- Up to one (1) monthly funding request to fund the escrow account for tax payments – funding requests will show tax returns and amounts being paid by legal entity.

- Perform electronic return filings of Tax Returns reviewed and approved where authorized by the Debtors, including EDI and online filings.

- Account setup and management services with PNC Bank to issue payments for taxes due on each return.

- Signature, upon the Debtors' review and approval in approved jurisdictions, and filing of all sales and use tax returns on behalf of the Debtors.

- Prepare, assemble, and mail of all approved Tax Returns (not electronically filed) by the Debtors in envelopes with their payments if by check.

- Prepare and submit of any EFT or ACH transactions as required by jurisdictions for payment of tax on submitted returns.

- Reconcile comparing check and EFT payments with items that have cleared the bank.

- Prepare all limited Power of Attorney/Authorization forms for Akorn's review and signature.

- Publish copies of all returns and reports prepared monthly through our GTO web portal. This will contain copies of all Tax Returns reviewed and approved by Akorn (as set forth in this Statement of Work), proof of mailing, electronic filing confirmations, and all summary reports we use in our monthly reconciliations.

- Maintain filing calendar and payment method changes (up to twelve (12) changes per year).

  c) **Sales and Use Tax – "Tax Examination Assistance"**:

Grant Thornton will provide the Debtors with assistance around state and local tax audits and notice resolution. Specifically, Grant Thornton will:

- Attend initial meeting with the Debtors' management and the auditor to discuss the framework of the audit and review the initial information request letter.

- Review of Debtor's tax files in light of the apparent focus areas of the examination and discuss our thoughts with the Debtors before the examination begins.

- Retrieve invoices from an electronic repository (if available)

- Review and analysis of contracts with clients, invoices and other documentation pertinent to each state's audit.

- Work with the Debtors' staff to discuss responses to audit questions and proposed audit findings

- Prepare for the Debtors' review and signature the required power of attorney forms, which will authorize the Auditor to share information and discuss issues with us so that we may assist and advise the Debtors.

- Assist the Debtors in communicating with the Auditor to determine the general focus of the examination from the perspective of the State.

- Assist the Debtors in reviewing the information and document requests ("IDRs") issued by the jurisdiction to understand, to the extent possible, the specific focus of the examination and assist the Debtors in understanding the concerns and the scope of the IDRs.

- Assist the Debtors by reviewing the information and documents produced or prepared by the Debtors in response to the IDRs before documents are provided to the Jurisdiction.

- Assist the Debtors in communicating with the Auditor at the Debtors' request in regard to providing explanations, satisfying requests for information, and providing explanations as to how the return(s) was prepared.

- Assist and advise the Debtors on appropriate responses and positions as issues arise during the examination and assist the Debtors in communicating the Debtors' positions to the jurisdiction.

- Review and advise the Debtors with respect to any requests by the jurisdiction to extend the statute of limitations for assessing taxes with respect to any taxable period before you agree to sign any documents extending the statute of limitations.

- Review and analysis of each state's work papers

- Host the jurisdictions auditors at Grant Thornton's offices.

d) **Tax Provision Preparation Services**:

Grant Thornton will assist Debtor's management with the preparation of income tax accounting and reporting matters in accordance with Generally Accepted Accounting Principles in the US ("GAAP"). Specifically, Grant Thornton will:

- Assist the Debtors' management in the accounting for income taxes during each interim period during the year ending December 31, 2020. Our Services for each interim period include, as may be necessary, the preceding matters and the following assistance to Company management:

    (a)    Calculate the estimate annual effective tax rate ("ETR") applicable to ordinary income or loss from continuing operations in each interim period, and in the determination of whether any item should be treated as an adjustment to the ETR or as a discrete item in that interim period; and

    (b)    Preliminarily compute the income tax (or benefit) applicable to significant, unusual or infrequently occurring items; discontinued operations; or other comprehensive income.

- Document the preceding Services through providing the related workpapers ("Income Tax Provision Workpapers") to the Designated Individual.

    e)    **Debt Restructuring Tax Services – "Tax Consulting and Modeling"**:

Grant Thornton will provide tax consulting and modeling related to the Debtors' 2019 debt modifications and 2020 potential corporate debt restructuring. Specifically, Grant Thornton will:

- Assist in analyzing transaction structures proposed by the Debtors or legal counsel.
- Analyze cancellation of debt income ("CODI") from 2019 debt modifications and its impact on the Debtors' tax attributes.
- Evaluate future proposed transactions for CODI and impact on attributes and cash taxes of the Debtors.
- Analyze potential asset sales or "Bruno's" style transactions.
- Prepare stock basis and asset basis calculations for the Debtors' subsidiaries for purposes of supporting the modeling discussed above.
- Work with the Debtors to assess the amount and location of its tax attributes (such as NOLs, 163(j) carryforwards, etc.) analyze their potential limitation under section 382, and determine their impact on the modeling and planning.
- Work with the Debtors to assess any changes to tax attributes related to COVID-19 stimulus package.
- Provide advice regarding the impact of all transactions on other taxes, including sales tax and transfer taxes.
- Provide consultation regarding other matters related to debt restructuring but which are not enumerated specifically above.

    f)    **Tax Services – "Fixed Asset Consulting Services"**:

The services that Grant Thornton will provide, which are solely for Federal income tax purposes, consist of assisting the Debtors with preparing, calculating and documenting the following

accounting method changes for December 31, 2019. Specifically, Grant Thornton will assist management with the following:

- Qualified Improvement Property ("QIP"):

  o Reviewing the classification of, or reclassifying, costs incurred by the Debtors for real property assets to determine which assets meet the definition of qualified improvement property for federal income tax purposes.

  o Calculation of the necessary gross §481(a) adjustment (opening balance adjustment), which is required under tax method change procedures as of the beginning of the year of the proposed method change. This does include a calculation of the net §481(a) adjustment that includes the impact of recalculating Section 263A to include the gross amount of the §481(a) adjustment, if necessary.

  o Preparation and filing of Form(s) 3115, Application for Change in Accounting Method, for review, approval, signature and filing.

  o Performing the "roll-forward" adjustment calculations for December 31, 2019 under the revised federal income tax methods for the tax year of change (current year calculation), including determination of the applicable Schedule M adjustment(s).

  o Technical research, as needed, during the method change implementation related to the consideration of federal income tax methods requirements and alternatives.

- Uniform Capitalization ("Unicap"):

  o Review and analyze of existing documentation related to the Debtors' current §263A methods for inventory, including existing §263A calculations, workpapers and other tax related information provided by the Debtors.

  o Provide procedural and mechanical revisions to the Debtors' current additional §263A cost methods for inventory, including information gathering and interviews with the Debtors personnel to confirm existing facts and to determine the appropriate §263A classifications of costs in the Debtors' Trial Balance(s) and other provided information.

  o Calculate of the necessary §481(a) adjustments (opening balance adjustment), which are required under tax method change procedures as of the beginning of the year of the proposed method change.

  o Prepare and file of a Form 3115, Application for Change in Accounting Method, for review, approval, signature and filing.

  o Perform the "roll-forward" adjustment calculations for December 31, 2019 under the revised federal income tax additional §263A cost methods for inventory for the tax year of change (current year calculation), including

      determination of the applicable Schedule M adjustment(s) related to inventory capitalization.

- Technical research, as needed, during the method change implementation related to the consideration of federal income tax §263A methods requirements and alternatives for inventory including interaction with §163(j).

    **g)**     **Tax Services – "Tax Compliance Services"**

The services that Grant Thornton will provide are for the taxable year ended December 31, 2019 and will include the following specific deliverables:

- *Tax Compliance:*

  - Prepare federal and state tax returns.

  - Prepare federal and state extension calculations and applicable forms.

  - Prepare federal and state estimated tax payment calculations and applicable forms.

  - Additionally, Grant Thornton will assist the Debtors with analysis related to net operating loss carryback opportunities. Our assistance may include preparation of Form 1139, Corporation Application for Tentative Refund, or Form 1120X, Amended U.S. Corporation Income Tax Return

- *Tax Depreciation Calculation:*

Additionally, Grant Thornton will assist the Debtors with the following Services related to calculating tax depreciation:

  - Calculate of depreciation/amortization and gain/loss from disposition of assets for U.S. federal income tax purposes and preparation of Forms 4562 and 4797.

  - Calculate of depreciation/amortization (where applicable) and gain/loss from disposition of assets for state/local income tax purposes in the applicable jurisdictions.

    **h)**     **Advisory Services – "Corporate Advisory and Valuation Services"**:

Grant Thornton will provide the following financial reporting, valuation and technical accounting services:

- Assist in connection with the Debtors' accumulation of data and preparation of various schedules, account analyses, and reconciliations, including reconciliations of claims, the plan of reorganization, responses to various sponsor and committee-

related information requests, as well as any financial reporting requirements required by the bankruptcy court, including bankruptcy schedules and statements of financial affairs, monthly operating reports and such other documentation that may be required to submit to the Court.

- Assist the Debtors with accounting considerations under ASC 852 for companies that continue to report but are preparing for S363 sales process and may reorganize as going concerns under Chapter 11.

- Assist the Debtors' management with analytics, strategic review, and valuation advisory and support throughout the restructuring and post-petition process.

- Provide valuation estimates of the consolidated company and its underlying operating segments for financial reporting and management planning purposes.

- Perform analyses of cash flow scenarios and certain identified assets for financial reporting and management planning purposes.

12. In addition to the foregoing, Grant Thornton will provide other tax and advisory services as may be requested from time to time. To the extent those requested services are outside of these Agreements, Grant Thornton and the Debtors may amend the Agreements to reflect any substantive changes.

### Efforts to Avoid Duplication of Services

13. The Debtors utilize various accounting firms to keep costs down through competitive pricing. Grant Thornton is aware that the Debtors have, or may seek to retain, AlixPartners LLP and PJT Partners (collectively, the "Professional Services Firms") to provide certain advisory services for the Debtors during the duration of these chapter 11 cases. Grant Thornton has been chosen to provide the Services outlined herein, which are distinct from the services to be provided by the other Professional Services Firms. The Debtors will work closely with Grant Thornton and the Professional Services Firms to prevent any unnecessary duplication

of efforts with respect to the services performed by the Professional Services Firms and Grant Thornton.

### Professional Compensation

14. Pursuant to section 328(a) of the Bankruptcy Code, the Debtors request that the Court approve the retention of Grant Thornton at the rates expressed in the Agreements, either based on hours actually expended by each assigned staff member at each staff member's hourly billing rate, or based on an otherwise agreed proposal rate, as set forth below.[5] In the normal course of Grant Thornton's business, hourly rates are subject to periodic increase. To the extent such hourly rates are increased, Grant Thornton requests that, with respect to the work to be performed after such increase, the rates listed below be amended to reflect the increase.

15. The Debtors have agreed to compensate Grant Thornton on a monthly basis pursuant to the rates agreed upon in the respective Tax Statements of Work. Grant Thornton's hourly rates as negotiated with the Debtors for Services rendered in the United States under the Tax Statements of Work (reflecting an average 20% discount off of standard rates) are as follows:

| Professional | Hourly Rate |
|---|---|
| Partner | $815 |
| Managing Director | $740-760 |
| Director/Senior Manager | $695 |
| Manager | $610 |
| Senior Associate | $450-490 |
| Associate | $290-300 |

The Tax Compliance Services Statement of Work fees are quoted as fixed fees as follows:

---

[5] The following summary of the fee structure is provided solely for the convenience of the Court and parties-in-interest. To the extent there are any discrepancies between the summary provided herein and the Agreements, the terms and conditions of the Agreements shall govern in all respects.

14

| | |
|---|---|
| Federal tax return | $120,000 |
| International filings (Including 5 Form 5471s) | $12,000 |
| State tax filings per addendum | $65,000 |
| Form 5471 | $2,500 |
| Unitary state income / franchise tax filing | $1,050 |
| Separate company state income / franchise tax filing | $800 |
| City income tax filing | $500 |
| Depreciation services (range) | $3,000 to $5,000 |

Grant Thornton's hourly rates as negotiated with the Debtors for the Advisory Services (reflecting an average 20% discount off of standard rates) are as follows:[6]

| Professional | Hourly Rate |
|---|---|
| Partner / Managing Director | $650 |
| Director/Senior Manager | $575 |
| Manager | $475 |
| Senior Associate/Associate | $275-350 |

16.  As set forth in the Agreements and Tax Statements of Work, Grant Thornton also will seek reimbursement for reasonable, documented, and necessary expenses incurred in connection with the Services, and the time and costs associated with administrative expenses and disbursements involved in filing the retention application fee applications in these chapter 11 cases.

17.  Grant Thornton intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases,

---

[6] If in connection with any subsequent agreements, Grant Thornton is retained to perform additional services at different rates, such rates will be disclosed in connection with the relevant agreements.

subject to this Court's approval and in compliance with applicable provisions of the Bankruptcy Code, including sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court and consistent with the proposed terms of compensation set forth in the Agreements to which the Debtors respectfully refer this Court for a full recitation.

18. As of the Petition Date, Grant Thornton did not hold fees for prepetition services. According to Grant Thornton's books and records, during the 90-day period prior to the Petition Date, Grant Thornton received payments totaling $1,909,894.99 from the Debtors for professional services performed and expenses incurred. The Debtors do not owe Grant Thornton any fees for prepetition services.

19. The Debtors believe that the compensation structure described above and set forth in the Agreements is comparable to compensation generally charged by tax and audit consultants and advisors of similar stature to Grant Thornton for comparable engagements, both in and out of bankruptcy. The compensation structure is also consistent with Grant Thornton's normal and customary billing practices for cases of comparable size and complexity that require the level and scope of services to be provided in these chapter 11 cases.

### Grant Thornton's Disinterestedness

20. In connection with the proposed retention by the Debtors in these chapter 11 cases, Grant Thornton received and reviewed a list of parties-in-interest from the Debtors (the "Parties-in-Interest"), and has run a conflict check on the individuals and entities on the Parties-in-Interest list attached hereto as **Schedule 1**. The results of that search are attached hereto as **Schedule 2**.

21. Grant Thornton has reviewed its internal electronic databases and, to the best of the Debtors' knowledge and except to the extent disclosed herein and in the Fasel Declaration, Grant

16

Thornton: (a) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code; (b) does not hold or represent an interest adverse to the Debtors' estates; and (c) has no connection to the Debtors, their creditors, or their related parties. To the extent that Grant Thornton discovers any new relevant facts or relationships bearing on the matters described herein during the period of Grant Thornton's retention, Grant Thornton will use reasonable efforts to file promptly a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## Basis for Relief

22. Section 327(a) of the Bankruptcy Code provides that a debtor subject to court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C § 327(a).

23. Moreover, Bankruptcy Rule 2014 requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

24. The terms and conditions of the Agreements were negotiated by the Debtors and Grant Thornton at arm's length and in good faith. The Debtors and Grant Thornton respectfully submit that the terms of Grant Thornton's retention are customary and reasonable for tax and audit

engagements, both out of court and in comparable chapter 11 cases, and in the best interests of the Debtors' estates, creditors, and all Parties-in-Interest.

## Notice

25. The Debtors will provide notice of this motion to: (a) the U.S. Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) Wilmington Savings Fund Society, FSB, in its capacity as successor administrative agent under the Term Loan Credit Agreement, or any of its predecessors or successors (the "Term Loan Agent"); (d) counsel to the Term Loan Agent; (e) counsel to the ad hoc group of the Debtors' Prepetition Lenders (the "Ad Hoc Group"); (f) the United States Attorney's Office for the District of Delaware; (g) the Internal Revenue Service; (h) the Food and Drug Administration; (i) the Drug Enforcement Administration; (j) the Securities Exchange Commission; (k) the state attorneys general for all states in which the Debtors conduct business; and (l) any party that requests service pursuant to Local Rule 9013-1(m)(iii).

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request entry of an Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

Dated: June 3, 2020
     Wilmington, Delaware

*/s/ Joseph Bonaccorsi*
Joseph Bonaccorsi
Executive Vice President and General Counsel
Akorn, Inc. and its Debtor affiliates