## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AKORN, INC., *et al.*,[1] | ) Case No. 20-11177 (KBO) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Obj. Deadline: June 17, 2020 at 4:00 p.m. ET** |
| | ) **Hearing Date: June 24, 2020 at 1:00 p.m. ET** |
| | ) |

## DEBTORS' MOTION
## SEEKING ENTRY OF AN ORDER
## (I) SETTING BAR DATES FOR FILING PROOFS
## OF CLAIM, INCLUDING CLAIMS ARISING UNDER SECTION
## 503(B)(9) OF THE BANKRUPTCY CODE, (II) SETTING A BAR DATE
## FOR THE FILING OF PROOFS OF CLAIM BY GOVERNMENTAL UNITS,
## (III) ESTABLISHING AMENDED SCHEDULES BAR DATE AND REJECTION
## DAMAGES BAR DATE, (IV) APPROVING THE FORM OF AND MANNER FOR
## FILING PROOFS OF CLAIM, AND (V) APPROVING NOTICE OF BAR DATES

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state as follows in support of this motion:[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: Akorn, Inc. (7400); 10 Edison Street LLC (7890); 13 Edison Street LLC; Advanced Vision Research, Inc. (9046); Akorn (New Jersey), Inc. (1474); Akorn Animal Health, Inc. (6645); Akorn Ophthalmics, Inc. (6266); Akorn Sales, Inc. (7866); Clover Pharmaceuticals Corp. (3735); Covenant Pharma, Inc. (0115); Hi-Tech Pharmacal Co., Inc. (8720); Inspire Pharmaceuticals, Inc. (9022); Oak Pharmaceuticals, Inc. (6647); Olta Pharmaceuticals Corp. (3621); VersaPharm Incorporated (6739); VPI Holdings Corp. (6716); and VPI Holdings Sub, LLC. The location of the Debtors' service address is: 1925 W. Field Court, Suite 300, Lake Forest, Illinois 60045.

[2] A detailed description of the Debtors and their business, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the Declaration of Duane Portwood, Chief Financial Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions [Docket No. 15] (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on May 20, 2020 (the "Petition Date").

## Relief Requested

1.    The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Bar Date Order"):

> a.    establishing 5:00 p.m., prevailing Eastern Time, on the date that is thirty (30) days after service of the Bar Date Notice (as defined below) (the "Claims Bar Date"), as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, estates, and trusts) to file proofs of claim based on prepetition claims (collectively, the "Proofs of Claim"), including claims arising under section 503(b)(9) of the Bankruptcy Code, against any Debtor;

> b.    solely as to governmental units (as defined in section 101(27) of the Bankruptcy Code), establishing November 16, 2020, at 5:00 p.m., prevailing Eastern Time, (the "Governmental Bar Date," and, together with the Claims Bar Date, the "Bar Dates") as the last date and time for each such governmental unit to file Proofs of Claim against any Debtor;

> c.    establishing the Amended Schedules Bar Date and the Rejection Damages Bar Date (each as defined herein);

> d.    approving the proposed form for filing a Proof of Claim, substantially in the form annexed as **Exhibit 1** to **Exhibit A**, attached hereto (the "Proof of Claim Form");

> e.    approving the proposed written notice of the Bar Dates, substantially in the form annexed as **Exhibit 2** to **Exhibit A**, attached hereto (the "Bar Date Notice"); and

> f.    approving the proposed form of publication of the Bar Date Notice, substantially in the form annexed as **Exhibit 3** to **Exhibit A**, attached hereto (the "Publication Notice").

## Jurisdiction and Venue

2.    The United States Bankruptcy Court for the District of Delaware (the "Court") has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

*Order of Reference* from the United States District Court for the District of Delaware, dated

February 29, 2012.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1(f) of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105(a), 501, 502, and 1111(a) of the Bankruptcy Code, Bankruptcy Rules 2002(a)(7), (f), (l), 3003(c), and 5005(a), and Local Rules 1009-2, 2002-1, and 3003-1(a).

**Background**

5.      Akorn, Inc., together with its Debtor and non-Debtor subsidiaries (collectively, "Akorn") is a specialty pharmaceutical company that develops, manufactures, and markets generic and branded prescription pharmaceuticals, branded as well as private-label over-the-counter consumer health products, and animal health pharmaceuticals.  Akorn is an industry leader in the development, manufacturing, and marketing of specialized generic pharmaceutical products in alternative dosage forms.  Headquartered in Lake Forest, Illinois, Akorn has approximately 2,180 employees worldwide and maintains a global manufacturing presence, with pharmaceutical manufacturing facilities located in Illinois, New Jersey, New York, Switzerland, and India.  Akorn's operations generated approximately $682 million in revenue and approximately $124 million of Adjusted EBITDA in 2019.  The Debtors commenced these chapter 11 cases to conduct an orderly sale process that will position the Debtors for sustained future success by right-sizing their balance sheet and addressing their litigation overhangs.

6.      On the Petition Date, each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and

manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 57].  On June 3, 2020, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") [Docket No. 125].  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

## The Bar Dates

### I.    Summary.

7.    Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which Proofs of Claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code. Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor who has a claim against the Debtors that arose prior to the Petition Date, and whose claim is not scheduled in the Debtors' schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules"), or whose claim is listed on the Schedules as disputed, contingent, or unliquidated, must file a Proof of Claim.  Section 502(b)(9) of the Bankruptcy Code further provides that governmental units shall have a minimum of 180 days after the entry of the order for relief to file Proofs of Claim.  The Debtors anticipate filing their Schedules on or before June 30, 2020.[3]

8.    The Debtors therefore propose allowing creditors other than governmental units until thirty (30) days after service of the Bar Date Notice to file Proofs of Claim.  Accordingly, the

---

[3]    The current deadline for the Debtors to file their Schedules is June 17, 2020, which the Debtors have sought to extend to June 30, 2020.

Debtors will mail notices of the Claims Bar Date at least thirty (30) days prior to such deadline, as required by Bankruptcy Rule 2002.  Accordingly, the Debtors respectfully submit that the proposed timeline will give all parties in interest adequate notice of the Bar Dates and an opportunity to respond.

**II.     The Claims Bar Date.**

9.     The Debtors request that the Court establish **5:00 p.m., prevailing Eastern Time**, on the date that is thirty (30) days after service of the Bar Date Notice as the Claims Bar Date, which would be the date by which all entities, other than governmental units, holding prepetition claims must file Proofs of Claim, including claims arising under section 503(b)(9) of the Bankruptcy Code, so that such Proofs of Claim are actually received by the Debtors' notice and claims agent, Kurtzman Carson Consultants LLC ("KCC"), unless such person's or entity's claim falls within one of the exceptions set forth in this motion.  Subject to these exceptions, the Claims Bar Date would apply to all claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, and rejection damages claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these chapter 11 cases; *provided* that, unless otherwise ordered by the Court, the bar date for filing claims arising from the rejection of executory contracts and unexpired leases of the Debtors shall be the later of:  (a) the Claims Bar Date or Governmental Bar Date, as applicable; (b) **5:00 p.m., prevailing Eastern Time**, on the date that is **thirty (30) days** following service of an order approving the rejection of the applicable executory contract or unexpired lease of the Debtors; and (c) any such other date that the Court may fix in the applicable order approving such rejection (any such date, a "Rejection Damages Bar Date").

### III.    The Governmental Bar Date.

10.    Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "[a] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide . . . ."  11 U.S.C. § 502(b)(9). The Debtors therefore request that the Court establish **November 16, 2020, 2020, at 5:00 p.m., prevailing Eastern Time**, as the Governmental Bar Date in these chapter 11 cases, which would apply to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.   All governmental units holding such claims against the Debtors would be required to file Proofs of Claim so that such Proofs of Claim are actually received by the Debtors' notice and claims agent, KCC, by the Governmental Bar Date.

### IV.    Amended Schedules Bar Date.

11.    In accordance with Local Rule 1009-2, in the event the Debtors amend or supplement their Schedules after having given notice of the Bar Dates to (i) reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, (ii) change the nature or classification of a claim against the Debtors reflected in the Schedules, or (iii) add a new claim to the Schedules, the Debtors propose that with respect to holders of claims affected thereby, the Court establish the later of:  (a) the Claims Bar Date or the Governmental Bar Date, as applicable; and (b) **5:00 p.m., prevailing Eastern Time**, on the date that is **twenty-one (21) days** from the date on which the Debtors provide notice of the amendment or supplement to the Schedules, as the deadline by which affected claimants holding such claims must file Proofs of Claim with respect to such claims so that such Proofs of Claim are actually received by the Debtors' notice

and claims agent, KCC (such date, as applicable, an "Amended Schedules Bar Date").  Notice of

the Amended Schedules Bar Date shall be sent to each claimant holding a claim affected by any

such amendment or supplement.

**Procedures for Filing Proofs of Claim**

**I.      Parties Required to File Proofs of Claim.**

12.      Except as otherwise set forth herein, the Debtors propose that the following entities

holding claims against the Debtors arising prior to the Petition Date be required to file Proofs of

Claim on or before the applicable Bar Date:

> a.      any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed in such Schedules as "contingent," "unliquidated," or "disputed" if such person or entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

> b.      any entity that believes its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

> c.      any entity that believes its prepetition claim(s) as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules;

> d.      any former or present full-time, part-time, salaried, or hourly employee who believes that he or she has a claim related to any grievance to the extent such grievance arose on or prior to the Petition Date; and

> e.      any entity that believes its claim against a Debtor is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

**II.     Parties Not Required to File Proofs of Claim By the Claims Bar Date.**

13.      The Debtors propose that the following persons or entities whose claims otherwise

would be subject to the Claims Bar Date need not file Proofs of Claim:

a.     any entity who already has filed a signed Proof of Claim against the respective Debtor(s) with the Clerk of the Court or with KCC in a form substantially similar to Official Form 410;

b.     any entity whose claim is listed on the Schedules if:  (i) the claim is *not* scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.     any entity whose claim has previously been allowed by order of the Court;

d.     any entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

e.     any Debtor or direct or indirect affiliate or subsidiary of the Debtors having a claim against another Debtor;

f.     any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

g.     any holder of an equity interest in the Debtors need not file a proof of interest with respect to the ownership of such equity interest at this time; *provided*, however, that any holder of an equity interest who wishes to assert a claim against the Debtors, including a claim relating to such equity interest or the purchase or sale of such interest, must file a Proof of Claim asserting such claim on or prior to the Claims Bar Date pursuant to procedures set forth herein;

h.     any current or former employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, benefit, health care claim, or severance; *provided* that an employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

i.     any current or former officer, director, or employee of any Debtor for claims based on indemnification, contribution, or reimbursement;

j.     any entity holding a claim for which a separate deadline is fixed by the Court;

k.      administrative expense claims for postpetition fees and expenses of professionals retained in these chapter 11 cases allowable under section 330, 331, and 503(b) of the Bankruptcy Code; and

l.      any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date.

**III.     Form of Proof of Claim.**

14.    The Debtors have prepared, and request that the Court approve, the Proof of Claim Form, substantially in the form annexed as **Exhibit 1** to **Exhibit A**, attached hereto.  Although the Proof of Claim Form is based on Official Form 410, it has, among other things, been modified to allow creditors to request payment for claims arising under section 503(b)(9) of the Bankruptcy Code.  In addition, with the assistance of KCC, the Debtors propose to provide each of the creditors listed on the Debtors' Schedules, with a "personalized" Proof of Claim Form, which will indicate how the Debtors have scheduled the creditor's claim in the Schedules, including: (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority.

15.    If a creditor disagrees with information set forth on the "personalized" Proof of Claim Form, the creditor is required to timely file a Proof of Claim identifying the Debtor against which the creditor is asserting a claim and the amount and type of such claim on or before the applicable Bar Date or Amended Schedules Bar Date.  Additionally, creditors may choose not to use the personalized Proof of Claim Form and instead submit Proofs of Claim on Official Form 410.

**IV.    Requirements for Preparing and Filing Proofs of Claim.**

16.    With respect to preparing and filing of a Proof of Claim, the Debtors propose that

each Proof of Claim be required to be consistent with the following:

a.    ***Contents***.  Each Proof of Claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b.    ***Section 503(b)(9) Claim***.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.    ***Original Submissions Required***.  Only ***original*** Proofs of Claim or claims filed electronically through the interface available at https://www.kccllc.net/akorn may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

d.    ***Identification of the Debtor Entity***.  Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (Case No. 20-11177 (KBO)) or otherwise without identifying a specific Debtor, will be deemed as filed only against Akorn, Inc.

e.    ***Claim Against Multiple Debtor Entities***.  Unless otherwise ordered by the Court, each Proof of Claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against the first-listed Debtor.

f.    ***Supporting Documentation***.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and (d) or an explanation as to why such documentation is not available.

g.   ***Timely Service***.  Each Proof of Claim must be filed, including supporting documentation, so as to be ***actually received*** by KCC on or before the Claims Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein or by order of the Court) either: (i) electronically through the interface available at https://www.kccllc.net/akorn or (ii) by first class U.S. mail, by overnight U.S. mail, or other hand delivery system at the following address:

Akorn Claims Processing Center
c/o KCC
222 N Pacific Coast Highway, Suite 300
El Segundo, CA 90245

> **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.   ***Receipt of Service***.  Claimants wishing to receive acknowledgment that their Proofs of Claim were received by KCC must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to KCC) and (ii) a self-addressed, stamped envelope to KCC.

### Consequences of Failure to File a Proof of Claim

17.    Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors propose that any entity that is required to file a Proof of Claim in these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules, or the Bar Date Order with respect to a particular claim against the Debtors but fails to do so properly by the applicable Bar Date, shall not be treated as a creditor with respect to such claim for any purpose of voting or distribution.

### Procedures for Providing Notice of the Bar Dates

18.    The Debtors propose the following procedures for providing mailing and publication notice of the Bar Dates.

**I.     Mailing of Bar Date Notices.**

19.    Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors propose to cause the Bar Date Notice, substantially in the form annexed as **Exhibit 2** to **Exhibit A** attached hereto, and the Proof

11

of Claim Form (collectively, the "Bar Date Package") to be mailed via first class mail, no later

than five (5) business days after the filing of the Schedules, to the following parties:

a.      the U.S. Trustee;

b.      the entities listed as holding the 30 largest unsecured claims against the Debtors (on a consolidated basis);

c.      counsel to any statutory committee;

d.      the administrative agent and the lenders under the Debtors' prepetition term loan credit facility and counsel thereto;

e.      all known creditors and other known holders of claims against the Debtors, including all entities listed in the Schedules as holding claims against the Debtors;

f.      all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

g.      all entities that have filed Proofs of Claim in these chapter 11 cases as of the date of the Bar Date Order;

h.      all known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered (whose Bar Date Package shall not contain a Proof of Claim Form);

i.      all known entities who are party to executory contracts and unexpired leases with the Debtors;

j.      all known entities who are party to active litigation with the Debtors;

k.      all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

l.      all regulatory authorities that regulate the Debtors' businesses, including environmental and permitting authorities;

m.      the Office of the Attorney General for each state in which the Debtors maintain or conduct business;

n.      the United States Internal Revenue Service;

o.      all other entities listed on the Debtors' matrix of creditors; and

      p.    all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business.

20.    The proposed Bar Date Notice notifies the parties of the Bar Dates and contains information regarding who must file a Proof of Claim, the procedures for filing a Proof of Claim, and the consequences of failure to timely file a Proof of Claim. Each creditor shall have an opportunity to inspect the Proof of Claim Form provided by the Debtors and correct any information that is missing, incorrect, or incomplete. The Debtors request the Court approve the use of the Bar Date Notice.

## II.    Supplemental Mailings.

21.    After the initial mailing of the Bar Date Package, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses;[4] (b) certain parties, acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to equity or interest holders), decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (c) additional potential claimants become known as the result of the Bar Date noticing process. In this regard, the Debtors request that the Court permit it to make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to twenty-one (21) days in advance of the applicable Bar Date, with any such mailings deemed timely and the relevant Bar Date being applicable to the recipient creditors.

## III.    Publication Notice.

22.    In the interest of ensuring that all potential claimants receive adequate notice of the Bar Dates, in addition to providing the Bar Date Notice to known creditors, the Debtors propose

---

[4]    However, if notices are returned as "return to sender" without a forwarding address, the Debtors respectfully request that they should not be required to mail additional notices to such entity or persons.

to provide notice of the Bar Dates by publication.  The Debtors propose to publish notice of the Bar Dates in the Publication Notice in accordance with Bankruptcy Rule 2002(l), modified for publication in substantially the form annexed as **Exhibit 3** to **Exhibit A** attached hereto, on one occasion in *The New York Times* (National edition) and *PM360* at least twenty-one (21) days before the Claims Bar Date.

23.     The proposed Publication Notice includes a telephone number that creditors may call to obtain copies of the Proof of Claim Form, the URL for a website at which creditors may obtain a copy of a Proof of Claim Form (https://www.kccllc.net/akorn), and information concerning the procedures and appropriate deadlines for filing Proofs of Claim.

### Basis for Relief

I.    **Ample Authority Exists to Approve the Bar Dates and the Proposed Procedures for Filing Proofs of Claim in These Chapter 11 Cases.**

24.     Bankruptcy Rule 3003(c)(3) generally governs the filing of Proofs of Claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."  Fed. R. Bankr. P. 3003(c)(3).  Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive twenty-one (21) days' notice of the time fixed for filing Proofs of Claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Local Rules specify a time by which Proofs of Claim must be filed in chapter 11 cases (other than section 502(b)(9) of the Bankruptcy Code relating to governmental units).

25.     It is well-recognized that the claims bar date plays an essential role in the twin goals of bankruptcy—preserving a debtor's going-concern value and maximizing property available to satisfy creditors.  *See, e.g.*, *Bank of Am. Nat. Tr. & Sav. Ass'n v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999).  The claims bar date allows the debtor and parties in interest to

expeditiously determine and evaluate the liabilities of the estate. The absence of such a deadline, in contrast, would prolong creditor uncertainty, increase the costs and expenses incurred by debtors in connection with the claims reconciliation process, and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law—"secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate." *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

26.     The procedures described herein provide creditors with notice and opportunity and a clear process for filing Proofs of Claim and achieve administrative and judicial efficiency. Indeed, the proposed procedures will provide comprehensive notice and clear instructions to creditors, on the one hand, and allow these chapter 11 cases to move forward quickly with a minimum of administrative expense and delay, on the other hand.

27.     The Debtors' proposed procedures provide clear instructions that will help avoid confusion or uncertainty among creditors that might lead them to file unnecessary protective Proofs of Claim or multiple Proofs of Claim that would cause expense and delay in the claims process for all parties. Additionally, the proposed use of a personalized Proof of Claim Form for all known creditors is designed to both streamline the claims process and provide useful information to creditors as to whether and how their claims are reflected in the Debtors' Schedules. The proposed procedures are designed to comply with the Bankruptcy Code and provide the Debtors with flexibility in case of the need for supplemental bar dates or situations in which a creditor's claim status may change during these chapter 11 cases (such as in the event of contract rejections).

## II.     The Proposed Notice Procedures Are Reasonable and Appropriate.

28.     Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least twenty-one (21) days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c).

Additionally, Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impractical or it is desirable to supplement other notice. Bankruptcy Rule 9008 also provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

29.     In conjunction with setting deadlines to file Proofs of Claim, the Debtors must give appropriate notice to interested parties. The Debtors propose to mail the Bar Date Notice to their known creditors and, thus, must rely on publication to give notice to their unknown creditors. This procedure is consistent with applicable case law and practice in this district. *See, e.g.*, *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317 (1950); *see also Chemetron*, 72 F.3d at 346 (3d Cir. 1995). To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors. *Chemetron*, 72 F.3d at 346. As the Third Circuit explained in *Chemetron*, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date. For unknown creditors, notification by publication will generally suffice." *Id.* (citations omitted). A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor." *Id.* (citing *Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 490 (1988)). An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." *Id.* (citing *Mullane*, 339 U.S. at 317).

30.     Where a creditor is known to the debtor, due process requires that the debtor must take reasonable steps, such as direct mailing, to provide actual notice of the deadline for filing Proofs of Claim. A creditor's identity is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts." *Mennonite Bd. of Missions v. Adams*,

462 U.S. 791, 798 n.4 (1983).  But this does not require the debtor to engage in "impracticable and extended searches . . . in the name of due process."  *See Mullane*, 339 U.S. at 317–18.  Rather, the required search is limited to a debtor's "books and records."  *See, e.g.*, *Chemetron*, 72 F.3d at 347.

31.     In addition, requiring entities asserting claims pursuant to section 503(b)(9) of the Bankruptcy Code to assert such claims by filing a Proof of Claim on or prior to the Claims Bar Date will ensure that the Debtors have complete information regarding the nature, validity, and amount of such section 503(b)(9) claims, while affording parties asserting section 503(b)(9) claims appropriate and adequate notice.

32.     The Debtors submit that requiring parties to assert section 503(b)(9) claims by Proof of Claim on or before the Claims Bar Date is justified and warranted under the circumstances of these chapter 11 cases.  Indeed, courts in this district routinely fix bar dates for filing claims under section 503(b)(9) of the Bankruptcy Code.  *See, e.g.*, *In re Bluestem Brands, Inc.*, No 20-10566 (MFW) (Bankr. D. Del. March 30, 2020) (establishing claims bar date for claims asserted pursuant to section 503(b)(9) of the Bankruptcy Code); *In re Destination Maternity Corp.*, No. 19-12256 (BLS) (Bankr. D. Del. Dec. 10, 2019) (same); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Nov. 5, 2019) (same); *In re PES Holdings, LLC*, No. 19-11626 (KG) (Bankr. D. Del. Aug. 23, 2019) (same); *In re Z Gallerie, LLC*, No. 19-10488 (LSS) (Bankr. D. Del. Apr. 10, 2019) (same).[5]

33.     The Debtors submit that the relief requested herein provides for clear notice of the Claims Bar Date (and other Bar Dates as set forth herein) in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code.

---

[5]   Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

Specifically, the Debtors intend to: (a) cause the Bar Date Notice to be mailed no later than five (5) business days after the filing of the Schedules; and (b) cause the Publication Notice to be published by a date that is at least twenty-one (21) days prior to the Claims Bar Date.  Thus, by establishing the Claims Bar Date in accordance with the provisions hereof, all known claimants will have at least **twenty-one (21) days'** notice, and unknown or unreachable claimants will have at least **twenty-one (21) days** of constructive notice of the Claims Bar Date for filing its Proof of Claim, thereby satisfying Bankruptcy Rule 2002(a)(7).  Additionally, because the Debtors will file their Schedules at least thirty (30) days prior to the Claims Bar Date, known creditors will have ample time to review the Schedules, reconcile the information contained therein with their own books and records, and prepare and file Proofs of Claim, if necessary.

34.    In addition, in the event the Debtors amend or supplement the Schedules subsequent to the date on which the Debtors serve the Bar Date Notice, the Debtors shall give notice of any such amendment or supplement to the holders of affected claims whereby such holders will have no less than twenty-one (21) days from the notice date to file Proofs of Claim with respect to their claims.  Moreover, unless otherwise ordered by the Court, and in the event the Debtors reject an executory contract or unexpired lease, holders of claims arising from such rejection, if any, shall file claims on account of such rejection by the later of:  (a) the Claims Bar Date; (b) 5:00 p.m., prevailing Eastern Time, on the date that is thirty (30) days following service of an order approving the rejection of any executory contract or unexpired lease of the Debtors; and (c) any other such date that the Court may fix in the applicable order approving such rejection.

35.    The procedures and notice periods described herein afford creditors ample opportunity to review the Schedules and file Proofs of Claim while, at the same time, ensuring that the Debtors can achieve certainty with respect to its liabilities in a timely manner.  In fact, the entry

of orders granting relief similar to that requested herein is routinely approved in large chapter 11 cases in this district. *See, e.g.*, *In re Bluestem Brands, Inc.*, No 20-10566 (MFW) (Bankr. D. Del. March 30, 2020); *In re Destination Maternity Corp.*, No. 19-12256 (BLS) (Bankr. D. Del. Dec. 10, 2019); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Nov. 5, 2019); *In re PES Holdings, LLC*, No. 19-11626 (KG) (Bankr. D. Del. Aug. 23, 2019); *In re Z Gallerie, LLC*, No. 19-10488 (LSS) (Bankr. D. Del. Apr. 10, 2019).

36.     Accordingly, the Debtors respectfully submit that the Bar Dates and the form and manner of providing notice thereof are appropriate in light of the circumstances, inure to the benefit of all parties in interest, and should be approved.

## Notice

37.     The Debtors will provide notice of this motion to:  (a) the U.S. Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) Wilmington Savings Fund Society, FSB, in its capacity as successor administrative agent under the Term Loan Credit Agreement, or any of its predecessors or successors (the "Term Loan Agent"); (d) counsel to the Term Loan Agent; (e) counsel to the ad hoc group of the Debtors' Prepetition Lenders (the "Ad Hoc Group"); (f) the United States Attorney's Office for the District of Delaware; (g) the Internal Revenue Service; (h) the Food and Drug Administration; (i) the Drug Enforcement Administration; (j) the Securities Exchange Commission; (k) the state attorneys general for all states in which the Debtors conduct business; and (l) any party that requests service pursuant to Bankruptcy Rule 2002.

## No Prior Request

38.     No prior request for the relief sought in this motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>**, (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

Wilmington, Delaware
June 3, 2020

/s/ *Paul N. Heath*

**RICHARDS, LAYTON & FINGER, P.A.**
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Zachary I. Shapiro (No. 5103)
Brett M. Haywood (No. 6166)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Email:          heath@rlf.com
                steele@rlf.com
                shapiro@rlf.com
                haywood@rlf.com

*Proposed Co-Counsel for the*
*Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
Christopher M. Hayes (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
                patrick.nash@kirkland.com
                gregory.pesce@kirkland.com
                christopher.hayes@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          nicole.greenblatt@kirkland.com

*Proposed Co-Counsel for the*
*Debtors and Debtors in Possession*