**EXHIBIT A**

**Resolution Chart**

KE 69493607

**Akorn, Inc., *et al.* - Disclosure Statement Objections[1]**

| Topic | Bases of Objection | Response |
|---|---|---|
| **Fresenius Objection[2]** | | |
| *Confirmability of the Plan* | • The Disclosure Statement should not be approved because the Plan it describes is patently unconfirmable given the broad releases and misclassification of claims. *See* Fresenius Obj. ¶¶ 41–64. | • As an initial matter, any objections relating to the appropriateness of debtor and third-party releases, exculpation, and classification and subordination of claims are confirmation issues and will be addressed at the time of plan confirmation. None of the issues raised would render the Plan patently unconfirmable. *See* Reply ¶¶ 15–33. |
| *Releases* | • The third-party release is non-consensual and does not conform to applicable law. *See* Fresenius Obj. ¶¶ 41–46. | • The third-party release is consensual and permissible. The Debtors revised the Plan and related solicitation materials to provide for an "opt in" third-party release, placing the consensual nature of the third-party release well within the contours of precedent in this jurisdiction. *See* Plan Art. I.A.103; Reply ¶¶ 21–22. |
| | • The Debtor release is overly-broad and will foreclose the Debtors from pursuing potentially valuable claims and causes of action against certain of the Debtors' directors and officers. *See* Fresenius Obj. ¶¶ 47–50. | • The Debtor release is reasonable and appropriate under the circumstances of these chapter 11 cases. *See* Reply ¶¶ 23–26. The Debtors have added language to the Disclosure Statement regarding their views on the appropriateness of the Debtor release and intend to further establish the bases for its approval at confirmation. *See* Disclosure Statement Arts. II.O, VI.R.2. |

---

[1] Capitalized terms used but not otherwise defined in this Exhibit shall have the meaning ascribed to them in the applicable objection.

[2] *Objection of Fresenius Kabi AG to the Debtors' Disclosure Statement Motion* [Docket No. 240] (the "Fresenius Objection").

| Topic | Bases of Objection | Response |
|---|---|---|
| *Exculpation* | • The Plan provides for impermissible exculpation of non-estate fiduciaries and prepetition conduct. *See* Fresenius Obj. ¶ 51. | • The Debtors revised the definition of the Exculpated Parties to remove non-estate fiduciaries and limit it to conduct occurring post-petition and prior to the plan effective date. *See* Plan Art. I.A.57; Reply ¶ 27. |
| *Classification and Subordination of Claims* | • The Plan improperly classifies claims. *See* Fresenius Obj. ¶¶ 52–64.<br><br>• Claims relating to the Shareholder Settlement claims should be subordinated pursuant to section 510(b) and the Shareholder Settlement should be unwound to provide distributions to unsecured creditors.<br><br>• The Plan impermissibly subordinated the Fresenius's claims. | • The Plan properly classifies claims, without violating section 510(b) or the absolute priority rule. *See* Reply ¶¶ 29–32.<br><br>• The Plan properly addresses the Shareholder Settlement, and even if, the Shareholder Settlement could be unwound or rejected, it would not *per se* entitle the unsecured creditors to distributions. *See* Reply ¶¶ 30–31; Disclosure Statement, Art. II.H, I.<br><br>• The Plan's proposed treatment of Fresenius's claims is appropriate, as they are subject to mandatory subordination under section 510(b). The Debtors will further demonstrate as much at or prior to Confirmation. *See* Disclosure Statement Arts. II.G; Reply ¶ 32. |
| *Adequate Disclosure* | • The Disclosure Statement fails to provide adequate information on a number of topics. *See* Fresenius Obj. ¶¶ 65–70. | • The Disclosure Statement addresses all of the disclosure-related objections and otherwise contains adequate information to satisfy the requirements of section 1125 of the Bankruptcy Code. *See* Disclosure Statement Arts. II.O, IV.C, VI.R.2; Reply ¶¶ 8–12. |
| | • The Debtors fail to include a quantitative liquidation analysis and financial projections with the Disclosure Statement. *See* Fresenius Obj. ¶ 70. | • The Debtors' qualitative liquidation analysis in the Disclosure Statement is sufficient for voting parties to make an informed decision about the Plan and financial projections are not necessary when the plan itself contemplates a liquidation. *See* Disclosure Statement Art. VII.I.1; Reply ¶¶ 11–12. |

2

| Topic | Bases of Objection | Response |
|---|---|---|
| *Solicitation and Voting Procedures* | • The Solicitation and Voting Procedures disenfranchise holders of disputed claims. *See* Fresenius Obj. ¶ 71. | • The Debtors revised the Solicitation Procedures to clarify that creditors who timely file proofs of claim will receive supplemental solicitation packages and provide parties additional time to respond to claims objections for purposes of voting on the Plan. *See* Disclosure Statement Art. VII.E.2; Solicitation and Voting Procedures, attached as Schedule 2 to the proposed Disclosure Statement Order; Reply ¶ 14. |
| *Sale* | • The transfer of Avoidance Actions to the Purchaser impermissibly deprives unsecured creditors of a recovery in these chapter 11 cases. *See* Fresenius Obj. ¶ 40. | • The transfer of Avoidance Actions related to assets acquired in a sale is more appropriately addressed in the context of the Sale Hearing and Confirmation Hearing. *See* Reply ¶ 33; Disclosure Statement, Art. V.F.2.<br><br>• The Debtors have added language to the Disclosure Statement describing the scope of assets to be sold pursuant to the sale, including Avoidance Actions, which is sufficient satisfy the requirements of section 1125 of the Bankruptcy Code. *See* Disclosure Statement, Art. V.F.1. |
| **Provepharm Objection[3]** | | |
| *Adequate Disclosure* | • The Disclosure Statement fails to address or describe the nature or extent of claims asserted by Provepharm, which are significant, and significantly affect the unsecured creditor class. *See* Provepharm Obj. ¶7. | • The Debtors revised the Disclosure Statement to include further explanation of the Provepharm litigation. *See* Disclosure Statement, Art. IV.C. |

---

[3] *Objection to Debtors' Motion for Entry of an Order (I) Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures with Respect to Confirmation of the Joint Chapter 11 Plan of Akorn, Inc. and its Debtor Affiliates, (III) Approving the Forms of Ballots and Notices in Connection Therewith, and (IV) Scheduling Certain Dates with Respect Thereto* [Docket No. 238] (the "Provepharm Objection").

| Topic | Bases of Objection | Response |
|---|---|---|
| | • The Disclosure Statement fails to adequately address investigations of malfeasance the Debtors performed of the serious Malfeasance Claims (claims of malfeasance identified by Judge Laster in the Fresenius merger opinion). *See* Provepharm Obj. ¶8.<br><br>• The Disclosure Statement fails to describe or identify how Debtors arrived at the value of the Malfeasance Claims and what consideration, if any, is being exchanged for them. *See* Provepharm Obj. ¶9. | • The Disclosure Statement contains adequate information about the scope and reasonableness of the Debtor release, including the release of claims (if any) related to the Fresenius Opinion. *See* Disclosure Statement Arts. II.O, VI.R.2; Reply ¶¶ 24–25. |
| | • The Disclosure Statement fails to disclose or describe the consideration exchanged for the broad releases of officers, directors, employees and advisors. *See* Provepharm Obj. ¶10. | • As an initial matter, any objections relating to the appropriateness of debtor and third-party releases are confirmation issues and will be addressed at the time of plan confirmation.<br><br>• The Debtors revised the Disclosure Statement to provide additional information regarding the appropriateness of the Debtor releases. *See* Disclosure Statement, Art. VI.R.2. |
| | • The Disclosure Statement fails to adequately disclose how the Debtors intend to treat the class action settlement agreement and why separate treatment is appropriate. *See* Provepharm Obj. ¶11.<br><br>• The Disclosure Statement fails to adequately disclose (i) why the class action plaintiffs' claims shouldn't be classified as 11 U.S.C. § 510(b) claims and (ii) why they are entitled to recover $30 million in director and officer insurance proceeds under an executory prepetition settlement agreement. *See* Provepharm Obj. ¶12. | • The Debtors revised the Disclosure Statement to provide additional information regarding the treatment of the Shareholder Settlement. *See* Disclosure Statement, Art. II.H.<br><br>• The Debtors revised the Disclosure Statement to provide additional information addressing such concerns. *See* Disclosure Statement, Art. II.I; Reply ¶¶ 30–31. |
| *Solicitation and Voting Procedures* | • Provepharm joins in paragraph 27 of the Limited Objection of the Opt-Out Plaintiffs [Dkt 228]. *See* Provepharm Obj. ¶13. | • The Debtors revised the Solicitation Procedures to clarify that creditors who timely file proofs of claim will receive supplemental solicitation packages and provide parties additional time to respond to claims objections for purposes of voting on the Plan. *See* Disclosure |

4

| Topic | Bases of Objection | Response |
|---|---|---|
| | | Statement Art. VII.E.2; Solicitation and Voting Procedures, attached as Schedule 2 to the proposed Disclosure Statement Order; Reply ¶ 14. |
| **Funds Objection[4]** | | |
| *Adequate Disclosure* | • The Disclosure Statement does not provide adequate information about the MDL.  *See* Funds Obj. pg. 7–8. | • Debtors revised the Disclosure Statement to include discussion of the MDL.  *See* Disclosure Statement, Art. IV.C. |
| | • The Disclosure Statement does not provide adequate information about the releases and injunctions.  *See* Funds Obj. pg. 9–12. | • The Disclosure Statement contains adequate information about the releases and injunctions. Nonetheless, the Debtors provided additional disclosure regarding the releases and injunctions, including the consideration for the releases, and revised the Plan and related solicitation materials to provide for an "opt in" third-party release, placing the consensual nature of the third-party release well within the contours of precedent in this jurisdiction.  *See* Plan Art. I.A.103; Reply ¶¶ 21–26. |
| | • The Disclosure Statement does not provide adequate information about treatment of unsecured creditors.  *See* Funds Obj. pg. 12–14. | • The Debtors revised the Disclosure Statement to include estimates of the projected amount of claims and additional information about the treatment of unsecured creditors.  *See* Disclosure Statement, Art. II.D. |
| | • The Plan is patently unconfirmable because it was proposed in bad faith.  *See* Funds Obj. pg. 14–18. | • This is a confirmation issue.  Nevertheless, the Debtors believe the Plan is proposed in good faith and will be prepared to demonstrate that in connection with Plan confirmation.  *See* Reply ¶ 28. |

---

[4] *Joint Objection of 1199SEIU Benefit Funds, DC47 Fund and SBA Fund to the Adequacy of Debtors' Disclosure Statement (DI #102)* [Docket No. 233] (the "<u>Funds Objection</u>").