IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AKORN, INC., *et al.*,[1] | ) Case No. 20-11177 (KBO) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**DECLARATION OF DISINTERESTEDNESS OF KING & SPALDING LLP PURSUANT TO THE ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, John Shakow, declare under penalty of perjury:

1. I am a partner at King & Spalding LLP, located at 1700 Pennsylvania Avenue, NW Washington, D.C. 20006-470 ("K&S").

2. Akorn, Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that K&S provide legal services to the Debtors, namely government pricing and government payor program compliance advice to Akorn, Inc., and K&S has consented to provide such services.

3. K&S may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to these chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases. K&S does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Akorn, Inc. (7400); 10 Edison Street LLC (7890); 13 Edison Street LLC (N/A); Advanced Vision Research, Inc. (9046); Akorn (New Jersey), Inc. (1474); Akorn Animal Health, Inc. (6645); Akorn Ophthalmics, Inc. (6266); Akorn Sales, Inc. (7866); Clover Pharmaceuticals Corp. (3735); Covenant Pharma, Inc. (0115); Hi-Tech Pharmacal Co., Inc. (8720); Inspire Pharmaceuticals, Inc. (9022); Oak Pharmaceuticals, Inc. (6647); Olta Pharmaceuticals Corp. (3621); VersaPharm Incorporated (6739); VPI Holdings Corp. (6716); and VPI Holdings Sub, LLC (N/A). The location of the Debtors' service address is: 1925 W. Field Court, Suite 300, Lake Forest, Illinois 60045.

person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matter on which K&S is proposed to be employed.

4. As part of its customary practice, K&S is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5. Neither I nor any principal, partner, director, officer, etc., of or professional employed by, K&S has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016(b) in respect of sharing of compensation among K&S' partners.

6. Neither I nor any principal, partner, director, officer, of or professional employed by, K&S, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which K&S is to be employed.

7. The Debtors owe K&S $30,801.61 for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532.

8. I understand that the amount owed by any of the Debtors to K&S for prepetition services will be treated as a general unsecured claim, and as such, K&S may file a proof of claim.

9. I further understand that this Declaration will not suffice as K&S' proof of claim.

10. As of May 20, 2020, which was the date on which the Debtors commenced these chapter 11 cases, K&S was not party to an agreement for indemnification with certain of the Debtors.

11. K&S is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment,

if K&S should discover any facts bearing on the matters described herein, K&S will supplement the information contained in this Declaration.

    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: July 20, 2020

_____
JOHN SHAKOW

3