## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AKORN, INC., *et al.*,[1] | ) Case No. 20-11177 (KBO) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Re: Docket No. 286** |

## NOTICE OF FILING OF AMENDMENT TO SCHEDULES
## OF DEBTOR AKORN SALES, INC. (CASE NO. 20-11174)

PLEASE TAKE NOTICE that, on July 1, 2020, Akorn Sales, Inc. ("**Akon Sales**"), one of the debtors and debtors in possession in the above-captioned chapter 11 cases, filed its Schedules of Assets and Liabilities [D.I. 286] (the "**Schedules**") with the United States Bankruptcy Court for the District of Delaware.

PLEASE TAKE FURTHER NOTICE that Akorn Sales is hereby filing amendments to Schedule G (Executory Contracts and Unexpired Leases), and Schedule H (Codebtors) (together, the "**Schedule Amendments**") to add certain additional executory contracts and unexpired leases, and codebtors.

PLEASE TAKE FURTHER NOTICE that a copy of the Schedule Amendments is attached hereto as Exhibit A. The Schedule Amendments are in addition to, and do not replace, the previously filed Schedules G and H. The Schedule Amendments are hereby incorporated

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are:  Akorn, Inc. (7400); 10 Edison Street LLC (7890); 13 Edison Street LLC; Advanced Vision Research, Inc. (9046); Akorn (New Jersey), Inc. (1474); Akorn Animal Health, Inc. (6645); Akorn Ophthalmics, Inc. (6266); Akorn Sales, Inc. (7866); Clover Pharmaceuticals Corp. (3735); Covenant Pharma, Inc. (0115); Hi-Tech Pharmacal Co., Inc. (8720); Inspire Pharmaceuticals, Inc. (9022); Oak Pharmaceuticals, Inc. (6647); Olta Pharmaceuticals Corp. (3621); VersaPharm Incorporated (6739); VPI Holdings Corp. (6716); and VPI Holdings Sub, LLC.  The location of the Debtors' service address is:  1925 W. Field Court, Suite 300, Lake Forest, Illinois 60045.

into, and comprise an integral part of, the Schedules.  Akorn Sales reserves its right to further

amend the Schedules, from time to time as may be necessary or appropriate.


Wilmington, Delaware
August 21, 2020

*/s/ Amanda R. Steele*

| | |
|---|---|
| **RICHARDS, LAYTON & FINGER, P.A.** | **KIRKLAND & ELLIS LLP** |
| Paul N. Heath (No. 3704) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Amanda R. Steele (No. 5530) | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*) |
| Zachary I. Shapiro (No. 5103) | Gregory F. Pesce (admitted *pro hac vice*) |
| Brett M. Haywood (No. 6166) | Christopher M. Hayes (admitted *pro hac vice*) |
| One Rodney Square | 300 North LaSalle Street |
| 920 N. King Street | Chicago, Illinois 60654 |

RICHARDS, LAYTON & FINGER, P.A.
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Zachary I. Shapiro (No. 5103)
Brett M. Haywood (No. 6166)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Email:      heath@rlf.com
             steele@rlf.com
             shapiro@rlf.com
             haywood@rlf.com


*Co-Counsel for the Debtors*
*and Debtors in Possession*

KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
Christopher M. Hayes (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:      patrick.nash@kirkland.com
             gregory.pesce@kirkland.com
             christopher.hayes@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:      nicole.greenblatt@kirkland.com

*Co-Counsel for the Debtors*
*and Debtors in Possession*

2

**<u>EXHIBIT A</u>**

**UNITED STATES BANKRUPTCY COURT**

**District of Delaware**

| | | |
|---|---|---|
| <u>In re</u> | ) | **Chapter 11** |
| | ) | |
| **Akorn, Inc., et al.,** | ) | **Case No 20-11177** |
| **Debtors.** | ) | **(Jointly Administered)** |
| | ) | |

**AMENDED SCHEDULES OF ASSETS AND LIABILITIES FOR**

**Akorn Sales, Inc.**

**Case No: Case 20-11174**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| AKORN, INC., *et al.*,[1] | Case No. 20-11177 (KBO) |
| Debtors. | (Jointly Administered) |

## GLOBAL NOTES AND STATEMENT OF
## LIMITATIONS, METHODOLOGY AND DISCLAIMERS
## REGARDING THE DEBTORS' SCHEDULES OF ASSETS
## AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Akorn, Inc. (at times referred to as the "Company" or "Akorn") and the above-captioned debtors and debtors in possession (collectively, the "Debtors") have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors, with the assistance of their legal and financial advisors, prepared the Schedules and Statements in accordance with section 521 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure, and Rule 1007–1 of the Bankruptcy Local Rules for the District of Delaware.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. For the avoidance of doubt, the Debtors hereby reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.

The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and will not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: Akorn, Inc. (7400); 10 Edison Street LLC (7890); 13 Edison Street LLC; Advanced Vision Research, Inc. (9046); Akorn (New Jersey), Inc. (1474); Akorn Animal Health, Inc. (6645); Akorn Ophthalmics, Inc. (6266); Akorn Sales, Inc. (7866); Clover Pharmaceuticals Corp. (3735); Covenant Pharma, Inc. (0115); Hi-Tech Pharmacal Co., Inc. (8720); Inspire Pharmaceuticals, Inc. (9022); Oak Pharmaceuticals, Inc. (6647); Olta Pharmaceuticals Corp. (3621); VersaPharm Incorporated (6739); VPI Holdings Corp. (6716); and VPI Holdings Sub, LLC. The location of the Debtors' service address is: 1925 W. Field Court, Suite 300, Lake Forest, Illinois 60045.

efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law. In no event will the Debtors or their agents, attorneys and/or financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

Mr. Duane Portwood, Chief Financial Officer of Akorn, Inc., has signed each set of the Schedules and Statements. Mr. Portwood is an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Portwood has necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' legal and financial advisors. Mr. Portwood has not (and could not have) personally verified the accuracy of each such statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

These *Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements. The Global Notes should be referred to and considered in connection with any review of the Schedules and Statements.[2] In the event that the Schedules and/or Statements differ from these Global Notes, the Global Notes control.

## Global Notes and Overview of Methodology

1.  **Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements, but inadvertent errors or omissions may exist. The Debtors reserve all rights to: (i) amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to amend the Schedules and Statements with respect to the description, designation, or Debtor against which any claim against a Debtor ("Claim")[3] is asserted; (ii) dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to

---

[2] These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors have prepared a Global Note with respect to any individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.

[3] For the purposes of these Global Notes, the term Claim shall have the meaning as defined under section 101(5) of the Bankruptcy Code.

amount, liability, priority, status, or classification; (iii) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or (iv) object to the extent, validity, enforceability, priority, or avoidability of any Claim (regardless of whether of such Claim is designated in the Schedules and Statements as "disputed," "contingent," or "unliquidated"). Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, issues involving Claims, substantive consolidation, defenses, statuary or equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation or rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements

2.  **Description of Cases.** On May 20, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On May 22, 2020, an order was entered directing procedural consolidation and joint administration of these chapter 11 cases [Docket No. 57]. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements. The information provided herein, except as otherwise noted, is reported as of the close of business the day before the Petition Date.

3.  **Basis of Presentation.** For financial reporting purposes, in the ordinary course prior to the Petition Date, the Debtors prepared financial statements that were consolidated by the Debtors ultimate parent, Akorn, Inc. Combining the assets and liabilities set forth in the Schedules and Statements would result in amounts that may be different from financial information that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("GAAP"). Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements prepared by the Debtors. Unlike the consolidated financial statements, these Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain assets and liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time prior to the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

4. **No Admission.** Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

### General Disclosures Applicable to Schedules and Statements

1. **Causes of Action.** Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

2. **Recharacterization.** The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, the Debtors may have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' business. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

3. **Claim Designations.** Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed." Moreover, the Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate. Listing a claim does not constitute an admission of liability by the Debtors.

4. **Unliquidated Claim Amounts.** Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

5.      **Undetermined Amounts.**  The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

6.      **Court Orders.**  Pursuant to certain orders of the Bankruptcy Court entered in the Debtors' chapter 11 cases entered on or about the Petition Date (collectively, the "First Day Orders"), the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of employees, lienholders, suppliers, customer credits/refunds, claimants under section 503(b)(9) of the Bankruptcy Code, and taxing authorities, among others.  Accordingly, these liabilities may have been or may be satisfied in accordance with such orders and therefore generally are not listed in the Schedules and Statements. Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend or supplement their Schedules and Statements.

7.      **Other Paid Claims.**  To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Bankruptcy Court approval.  To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

8.      **Valuation.**  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets and, in certain circumstances, estate assets are being currently marketed to effectuate the Debtors' proposed bidding procedures pursuant to the *Order (A) Authorizing and Approving Bidding Procedures, (B) Scheduling an Auction and a Sale Hearing, (C) Approving the Form and Manner of Notice Thereof, (D) Establishing Notice and Procedures for the Assumption and Assignment of Certain Executory Contracts and Leases, and (E) Granting Related Relief* [Docket No. 18].  For these reasons, the Debtors have indicated in the Schedules and Statements that the values of certain assets and liabilities are undetermined or unknown. Accordingly, unless otherwise indicated, net book values as of May 31, 2020 are reflected on the Schedules and Statements.  Exceptions to this include operating cash and certain other assets.  Operating cash is presented as bank balance as of the Petition Date.  Certain other assets, such as investments in subsidiaries and other intangible assets, are listed at undetermined amounts, as the net book values may differ materially from fair market values.  Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein.  In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.  Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value.  The omission of an asset from the Schedules and Statements does not

constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset. Given, among other things, the current market valuation of certain assets and the valuation and nature of certain liabilities, nothing in the Schedules and Statements shall be, or shall be deemed to be, an admission that any Debtor was solvent or insolvent as of the Petition Date.

9.    **Liabilities.**  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

10.   **Excluded Assets and Liabilities.**  The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including without limitation, accrued salaries, employee benefit accruals, goodwill and other intangibles, and accrued accounts payable. In addition and as set forth above, the Debtors may have excluded amounts for which the Debtors have paid or have been granted authority to pay pursuant to a First Day Order or other order that may be entered by the Bankruptcy Court. The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected (if any), to the extent such damage claims exist. In addition, accruals for customer programs, including chargebacks, coupon redemption, product returns, rebates, discounts to customers in the ordinary course of business, and other programs pursuant to which customers may receive credits or make deductions from future payments (the "gross-to-net" programs), are excluded. Additionally, certain immaterial assets and liabilities may have been excluded.

11.   **Confidential or Sensitive Information.**  There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to the nature of an agreement between a Debtor and a third party, local restrictions on disclosure, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual.  The alterations will be limited to only what is necessary to protect the Debtor or third party.

12.   **Duplication.**  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules.  To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

13.   **Leases.**  The Debtors have not included in the Schedules and Statements the future obligations of any capital or operating leases. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule F of the Schedules.

14.   **Contingent Assets.**  The Debtors believe that they may possess certain claims and causes of action against various parties.  Additionally, the Debtors may possess contingent claims

in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws.  The Debtors, despite reasonable efforts, may not have identified and/or set forth all of their causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.  The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims.  Additionally, prior to the Petition Date, each Debtor, as plaintiff, may have commenced various lawsuits in the ordinary course of its business against third parties seeking monetary damages.

15.    **Intercompany Accounts.**  The Debtors have historically kept separate books and records by entity in multiple accounting systems. The Debtors regularly engage in business relationships and transactions with each other, including the payment or funding of certain operating expenses. These relationships, payments, and/or funding of expenses are usually, but not always, reflected as intercompany receivables or payables, *see Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions and (II) Granting Related Relief* [Docket No. 3] (the "Cash Management Motion").

16.    **Guarantees and Other Secondary Liability Claims.**  The Debtors have used reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "Guarantees") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Where such Guarantees have been identified, they have been included in the relevant Schedule H for the Debtor or Debtors affected by such Guarantees. However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. Thus, the Debtors reserve all of their rights to amend the Schedules to the extent that additional Guarantees are identified.

17.    **Intellectual Property Rights.**  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

18.    **Executory Contracts.**  Although the Debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

19.    **Liens.**  The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or similar liens that may attach (or have attached) to such inventories, property, and equipment.

20.    **Estimates.**  To prepare and file the Schedules as close to the Petition Date as possible, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. The Debtors reserve all rights to amend the reported amounts of assets and liability to reflect changes in those estimates or assumptions.

21.    **Fiscal Year.**  Each Debtor's fiscal year ends on or about December 31st.

22.    **Currency.**  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

23.    **Property and Equipment.**  Unless otherwise indicated, owned property and equipment are stated at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third party lessors. Any such leases are set forth in the Schedules and Statements on Schedule G. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

24.    **Claims of Third-Party Related Entities.**  While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to same. Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

25.    **Umbrella or Master Agreements.**  Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement.

26.    **Credits and Adjustments.**  The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors.  The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

27. **Setoffs.** The Debtors incur certain setoffs and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their suppliers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Schedules.

In addition, the Debtors engage in several customer programs, including chargebacks, coupon redemption, product returns, rebates, and discounts to customers in the ordinary course of business, and other programs pursuant to which customers may receive credits or make deductions from future payments. These routine programs are consistent with the ordinary course of business in the Debtors' industry. These programs can be particularly voluminous, unduly burdensome, and costly for the Debtors to regularly document. Additionally, the Bankruptcy Court, pursuant to that certain *Final Order (I) Authorizing the Debtors to Maintain and Administer Their Existing Customer Programs and Honor Certain Prepetition Obligations Related Thereto, and (II) Granting Related Relief* [Docket No. 165], authorized the Debtors to make payments and satisfy prepetition obligations related to these customer programs. As such, these transactions were not considered setoffs for the purpose of responding to Question Six of the Statements, although the Debtors reserve all rights with respect thereto and make no admission or waiver thereby.

28. **Insiders.** In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals who the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.

The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed an admission of any fact, right, claim, or defense and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for: (1) the purposes of determining (a) control of the Debtors; (b) the extent to which any individual exercised management responsibilities or functions; (c) corporate decision-making authority over the Debtors; or (d) whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability; or (2) any other purpose.

29. **Payments.** The financial affairs and business of the Debtors are complex. Prior to the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their businesses (the "Cash Management System"), as described in the Cash Management Motion. Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute such payment to a different legal entity, if appropriate.

30. **Totals.** All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

31. **COVID-19.** The Debtors have filed these Schedules and Statements amidst the unprecedented circumstances arising from the global COVID-19 pandemic. Although the Debtors have not (and could not have) assessed the impact of these challenges, such circumstances may impact the Debtors' businesses and the disclosures contained herein.

## Specific Schedules Disclosures.

1. **Specific Notes Regarding Schedule A/B.**

   (a) **Schedule A/B, Parts 1 and 2 – Cash and Cash Equivalents; Deposits and Prepayments.** Details with respect to the Debtors' cash management system and bank accounts are provided in the Cash Management Motion and any orders of the Bankruptcy Court granting the Cash Management Motion [Docket Nos. 84, 177].

   Additionally, the Bankruptcy Court, pursuant to that certain *Final Order (I) Determining Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Utility Services, (III) Establishing Procedures for Determining Adequate Assurance of Payment, and (IV) Granting Related Relief* [Docket No. 70], authorized the Debtors to provide adequate assurance of payment for future utility services, including an initial deposit in the amount of $285,000. Some of the deposits are not listed on Schedule A/B, Part 2, which has been prepared as of the Petition Date.

   (b) **Schedule A/B-3 – Checking, savings, or other financial accounts, CDs, etc.** Schedule A/B-3 lists actual cash balances as of May 20, 2020. In addition, Schedule A/B, Part 3 identifies the gross accounts receivable balance as of May 31, 2020. For the Debtors, the value of the net accounts receivable balance is lower due to credits and deductions permitted under the Debtors' customer programs.

   (c) **Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture.** Ownership interests in subsidiaries and affiliates have been listed in Schedule A/B, Part 4 as undetermined. The Debtors make no representation as to the value of their ownership of each subsidiary as the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

   (d) **Schedule A/B-7 – Deposits.** The Debtors are required to make deposits from time to time with various vendors, landlords, and service providers in the ordinary course

of business. The Debtors have exercised reasonable efforts to report the current value of any deposits. The Debtors may have inadvertently omitted deposits and conversely may have reported deposits that are no longer outstanding. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if deposits are incorrectly identified.

(a)     **Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles.**  Dollar amounts are presented net of accumulated depreciation and other adjustments.   Because of the large number of furniture, fixtures, and equipment, as well as the difficulty of listing out every one of these assets, these items are listed as group line items.  The Debtors may lease furniture, fixtures, and equipment from certain third party lessors.  Any such leases are set forth in the Schedules and Statements.  Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

(b)     **Schedule A/B Part 8 – Prepayments.** The Debtors are required to make prepayments from time to time with various vendors, landlords, and service providers as part of the ordinary course of business. The Debtors have exercised reasonable efforts to identify any prepayments. The Debtors may have inadvertently omitted certain prepayments and conversely may have reported prepayments for which services have already been provided. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if prepayments are incorrectly identified.

(c)     **Schedule A/B, Part 9 – Real Property.**   Because of the large number of the Debtors' executory contracts and unexpired leases, as well as the size and scope of such documents, the Debtors have not attached such agreements to Schedule A/B. Instead, the Debtors have only listed such agreements on Schedule G.

(d)     **Schedule A/B, Part 10 – Intangibles and Intellectual Property.**  The Debtors review goodwill and other intangible assets having indefinite lives for impairment annually or when events or changes in circumstances indicate the carrying value of these assets might exceed their current fair values.  The Debtors report intellectual property assets as net book value based on the Debtors' books and records whenever applicable.  These assets are also part of an ongoing marketing effort and thus are currently being valued in connection with possible sale transactions.  For that reason, values are listed as unknown or undetermined where appropriate.

(e)     **Schedule A/B, Part 11 – All Other Assets.**  Dollar amounts are presented net of impairments and other adjustments.

        ***Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, including Counterclaims of the Debtor and Rights to Setoff Claims.*** In the ordinary course of business, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-claims, cross-claims, setoffs, refunds with their

customers and suppliers, or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims and/or cross-claims as a defendant. Because certain of these claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be listed on Schedule A/B, Part 11.

**Interests in Insurance Policies or Annuities.** The Debtors maintain a variety of insurance policies including property, general liability, and workers' compensation policies and other employee related policies. A list of the Debtors insurance policies and related information is available in the *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Their Obligations Under Insurance Policies Entered Into Prepetition, (B) Continue to Pay Brokerage Fees, (C) Renew, Supplement, Modify, or Purchase Insurance Coverage, and (D) Maintain the Surety Bonds, and (II) Granting Related Relief* [Docket No. 7]. The Debtors believe that there is little or no cash value to the vast majority of such insurance policies. Accordingly, such policies are not listed on Schedule A/B, Part 11. To the extent an insurance policy is determined to have value, it will be included in Schedule A/B.

## 2.    Specific Notes Regarding Schedule D

Except as otherwise agreed pursuant to a stipulation, or agreed order, or general order entered by the Bankruptcy Court that is or becomes final, the Debtors and their estates reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. Further, while the Debtors have included the results of Uniform Commercial Code searches, the listing of such results is not nor shall it be deemed an admission as to the validity of any such lien. Conversely, the Debtors made reasonable, good faith efforts to include all liens on Schedule D, but may have inadvertently omitted to include an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation. Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facility and other funded secured indebtedness, only the administrative agents have been listed for purposes of Schedule D. The amounts reflected outstanding under the Debtors' prepetition funded indebtedness reflect approximate amounts as of the Petition Date.

Detailed descriptions of the Debtors' prepetition debt structure and descriptions of collateral relating to the debt contained on Schedule D are contained in the *Declaration of Duane Portwood in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 15] (the "<u>First Day Declaration</u>").

**3.    Specific Notes Regarding Schedule E/F**

(a)    **Creditors Holding Priority Unsecured Claims.** The listing of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and/or the priority status of any claim on any basis at any time.

Pursuant to the *Final Order (I) Authorizing, But Not Directing, the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Employee Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 178] (the "<u>Employee Wage Order</u>"), the Bankruptcy Court granted the Debtors authority to pay certain prepetition obligations, including to pay employee wages and other employee benefits, in the ordinary course of business. The Debtors believe that any non-insider employee claims for prepetition amounts related to ongoing payroll and benefits, whether allowable as a priority or nonpriority claim, have been or will be satisfied, and such satisfied amounts are not listed. The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority status.

Pursuant to the *Final Order (I) Authorizing the Payment of Certain Prepetition and Postpetition Taxes and Fees and (II) Granting Related Relief* [Docket No. 162] (the "<u>Tax Order</u>"), the Bankruptcy Court granted the Debtors authority to pay, in their discretion, certain tax liabilities and regulatory fees that accrued prepetition. While the Debtors' believe they have, or will resolve all of the known, prepetition amounts owed to the various tax and regulatory agencies under the authority granted under the Tax Order, in an effort to identify, and resolve, any unknown tax or regulatory claims, the Debtors' have listed all of their historical tax and regulatory agencies on schedule E/F as contingent, unliquidated, and disputed.

(b)    **Schedule E/F - Trade Payables.** Trade Payables listed on Schedule E/F contain the prepetition liability information available to the Debtors as of the date of filing and do not include invoices that were paid subsequent to the Petition Date related to prepetition obligations pursuant to the *Final Order (I) Authorizing Debtors to Pay Prepetition Claims of Certain Critical Vendors, Foreign Vendors, Import/Export Claimants, 503(b)(9) Claimants, and Lien Claimants, (II) Granting Administrative Expense Priority to All Undisputed Obligations on Account of Outstanding Orders, and (III) Granting Related Relief* [Docket No. 161].

**(c)**    **Creditors Holding Nonpriority Unsecured Claims.**  The Debtors have used their reasonable best efforts to list all general unsecured claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records.

Schedule E/F does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves.  Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on the Debtors' books and records as required in accordance with GAAP.  Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

Schedule E/F does not include certain reserves for potential unliquidated contingencies that historically were carried on the Debtors' books as of the Petition Date; such reserves were for potential liabilities only and do not represent actual liabilities as of the Petition Date.

The claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F.

Schedule E/F contains information regarding potential and pending litigation involving the Debtors.  In certain instances, the Debtor that is the subject of the litigation is unclear or undetermined. To the extent that litigation involving a particular Debtor has been identified, however, such information is contained in the Schedule for that Debtor.

Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease.  In addition, Schedule E/F does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Except in certain limited circumstances, the Debtors have not scheduled contingent and unliquidated liabilities related to guaranty obligations on Schedule E/F.  Such guaranties are, instead, listed on Schedule H.

The claims of individual creditors for, among other things, goods, services, or taxes listed on the Debtors' books and records may not reflect credits or allowances due from such creditors. The Debtors reserve all of their rights in respect of such credits or allowances.  The dollar amounts listed may be exclusive of contingent or unliquidated amounts.

Unless the Debtors were required to pay ancillary costs, such as freight, miscellaneous fees and taxes, such costs are not included in the liabilities scheduled, as such amounts do not represent actual liabilities of the Debtor.

4.    **Specific Notes Regarding Schedule G**

(a)    **Executory Contracts and Unexpired Leases.** While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors, and although commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or over inclusions may have occurred. The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G and to amend or supplement Schedule G as necessary. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument or other document is listed thereon.

In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

In the ordinary course of business, the Debtors may have issued numerous purchase orders for supplies, product, and related items which, to the extent that such purchase orders constitute executory contracts, are not listed individually on Schedule G. To the extent that goods were delivered under purchase orders prior to the Petition Date, vendors' claims with respect to such delivered goods are included on Schedule E/F.

As a general matter, certain of the Debtors' executory contracts and unexpired leases could be included in more than one category. In those instances, one category has been chosen to avoid duplication. Further, the designation of a category is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such contract.

Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, right to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, rights of way,

subordination, nondisturbance, and atonement agreements, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements. Such documents also are not set forth in Schedule G.

The Debtors hereby reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary. Inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease and the Debtors reserve all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

In addition, certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.

In the ordinary course of business, the Debtors have entered into numerous contracts or agreements, both written and oral, regarding the provision of certain services on a month to month basis. To the extent such contracts or agreements constitute executory contracts, these contracts and agreements are not listed individually on Schedule G.

Certain of the executory contracts may not have been memorialized and could be subject to dispute; executory agreements that are oral in nature have not been included in Schedule G.

In the ordinary course of business, the Debtors may have entered into confidentiality agreements which, to the extent that such confidentiality agreements constitute executory contracts, are not listed individually on Schedule G.

Certain of the executory contracts and unexpired leases listed in Schedule G were assigned to, assumed by, or otherwise transferred to certain of the Debtors in connection with, among other things, acquisitions by the Debtors.

The Debtors generally have not included on Schedule G any insurance policies, the premiums for which have been prepaid. The Debtors submit that prepaid insurance policies are not executory contracts pursuant to section 365 of the Bankruptcy Code because no further payment or other material performance is required by the Debtors. Nonetheless, the Debtors recognize that in order to enjoy the benefits of continued coverage for certain claims under these policies, the Debtors may have to comply with certain non-monetary obligations, such as the provision of notice of claims and cooperation with insurers. In the event that the Bankruptcy Court were to ever determine that any such prepaid insurance policies are executory contracts,

the Debtors reserve all of their rights to amend Schedule G to include such policies, as appropriate.

In addition, Schedule G does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

Certain of the agreements listed on Schedule G may have been entered into by or on behalf of more than one of the Debtors. Additionally, the specific Debtor obligor(s) to certain of the agreements could not be specifically ascertained in every circumstance. In such cases, the Debtors have made reasonable efforts to identify the correct Debtors' Schedule G on which to list the agreement and, where a contract party remained uncertain, such agreements may have been listed on a different Debtor's Schedule G.

**5.    <u>Specific Notes Regarding Schedule H</u>**

(a)    **Co-Debtors**. In the ordinary course of their business, the Debtors pay certain expenses on behalf of their subsidiaries. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable. Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified or such guarantees are discovered to have expired or become unenforceable.

In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and claims arising out of certain ordinary course of business transactions. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because such claims are contingent, disputed, and/or unliquidated, such claims have not been set forth individually on Schedule H. However, some such claims may be listed elsewhere in the Schedules and Statements.

<u>Specific Statements Disclosures</u>.

(a)    **Question 1 – Gross Revenue.** The debtors have excluded intercompany sales from gross revenue in response to Question 1.

(b)    **Questions 3, 4, and 30 – Payments to Certain Creditors.** Prior to the Petition Date, the Debtors maintained a centralized cash management system through which certain Debtors made payments on behalf of certain Debtor affiliates as further explained in the Cash Management Motion. Consequently, most, if not all,

payments to creditors and insiders listed in response to Questions 3, 4, and 30 on each of the Debtors' Statements reflect payments made by Akorn from one of its operating bank accounts (the "<u>Operating Accounts</u>"), on behalf of the corresponding Debtor, pursuant to the Debtors' cash management system described in the Cash Management Motion. The Debtors have excluded ordinary course intercompany Debtor-to-Debtor transfers from their response to Question 4.

The Debtors have responded to Question 3 in detailed format by creditor. The response, however, does not include transfers to bankruptcy professionals (which transfers appear in response to Part 6, Question 11) or ordinary course compensation of individuals through salaries, wages, or related allowances.

The Debtors have responded to Questions 4 and 30 in detailed format by insider in the attachment for Question 4. To the extent: (i) a person qualified as an "insider" in the year prior to the Petition Date, but later resigned their insider status or (ii) did not begin the year as an insider, but later became an insider, the Debtors have only listed in Question 4 those payments made while such person was defined as an insider.

The dates recorded for the vesting of employee restricted stock units may differ from the actual vesting date given that the employee restricted stock units are shown as recorded on the dates of the payrolls within which the income was recorded.

(c)     **Question 6 – Setoffs.** For a discussion of setoffs and nettings incurred by the Debtors, refer to paragraph 28 of these Global Notes.

**Question 11 – Payments Made Related to Bankruptcy.** The response to Question 11 identifies the Debtor that made a payment in respect of professionals the Debtors have retained or will seek to retain under section 327 and section 363 of the Bankruptcy Code. Additional information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications, motions, and related orders. Although the Debtors have made reasonable efforts to distinguish between payments made for professional services related and unrelated to their restructuring efforts, some amounts listed in response to Question 11 may include payments for professional services unrelated to bankruptcy.

(d)     **Question 16 – Personally Identifiable Information.** In the ordinary course of the Debtors' businesses, certain of the Debtors collect and retain certain personally identifiable information of their customers, including, but not limited to, names, addresses, email addresses, and certain payment information. Such information is subject to the Debtors' privacy policy regarding personally identifiable information.

(e)     **Question 17 – Employee Benefits.** Debtor Akorn Inc. is the plan administrator with respect to the Debtors' active benefits plan.

(f)    **Questions 22-24 – Details About Environmental Information.**  The Debtors historically have operated over a substantial period of time at various locations.  At some locations, the Debtors may no longer have active operations and may no longer have relevant records, or the records may no longer be complete or reasonably accessible or reviewable.  In some cases, statutory document retention periods have passed.  Further, some individuals who once possessed responsive information may no longer be employed by the Debtors. For all these reasons, it may not be reasonably possible to identify and supply all of the requested information that is responsive to Questions 22-24. The Debtors have made commercially reasonable efforts to provide responsive information.  The Debtors acknowledge the possibility that information related to proceedings, governmental notices and reported releases of hazardous materials responsive to Questions 22-24 may be discovered subsequent to the filing of the Schedules and Statements.  The Debtors reserve the right to supplement or amend this response in the future if additional information becomes available.

This response does not include sites or proceedings related to non-environmental laws, such as occupational safety and health laws or transportation laws.  This response is also limited to identifying circumstances in which governmental agencies have alleged in writing that particular operations of the Debtors are in violation of environmental laws and proceedings that have resulted from alleged violations of environmental laws.  This response also does not cover:  (i) periodic information requests, investigations or inspections from governmental units concerning compliance with environmental laws; or (ii) routine reports and submissions concerning permitted discharges resulting from routine operations where such reports and submissions were made in compliance with regulatory requirements.

(g)    **Question 26 – Books, Records, and Financial Statements.**  Pursuant to the requirements of the Securities Exchange Act of 1934, as amended, Akorn has filed with the U.S. Securities and Exchange Commission (the "SEC") reports on Form 8-K, Form 10-Q, and Form 10-K.  These SEC filings contain consolidated financial information relating to the Debtors and Non-Debtors.  Akorn has not filed any financial information specifically related to the Debtors either individually or on a combined or consolidated basis.  Additionally, consolidated financial information for the Debtors is posted on the company's website at http://investors.akorn.com/sec-filings.  In addition, the Debtors provide certain parties, such as banks, auditors, potential investors, vendors, and financial advisors, with financial statements that may not be part of a public filing.  The Debtors do not maintain complete lists or other records tracking such disclosures.  Therefore, the Debtors have not provided lists of these parties in their Responses to Statement Question 26.

(h)    **Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders.**  Distributions by the Debtors to their directors and officers are listed on the attachment to Question 4.  Certain directors and executive officers of Debtor Akorn, Inc. are also directors and executive officers of certain of the other Debtors

and non-Debtor affiliates.  Such individuals are only compensated for services rendered to Akorn on a consolidated basis, so to the extent payments to such individuals are not listed in the response to Question 4 on the Statements for such Debtor affiliates, they did not receive payment from the Debtors for their services as directors or executive officers of these entities. Certain of the Debtors' directors and executive officers received distributions net of tax withholdings in the year preceding the Petition Date.  The amounts listed under Question 4 reflect the gross amounts paid to such directors and officers rather than the net amounts after deducting for tax withholdings.

*       *       *       *       *

**Akorn Sales, Inc.**                                                                                          **Case Number:    Case 20-11174**

## Schedule G: Executory Contracts and Unexpired Leases

1.  **Does the debtor have any executory contracts or unexpired leases?**

    ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

    ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

2.  **List all contracts and unexpired leases**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| **Service and Supply Agreements** | | | | | |
| 2. 1  UMBRELLA LIABILITY BUSINESS INSURANCE POLICY NO. 83 RHU ZV8731 K3 | | 12270 | ☑ | ACE AMERICAN INSURANCE COMPANY | CHUBB GLOBAL CASUALTY ROUTING 1275-2W ONE BEAVER VALLEY ROAD WILMINGTON, DE 19803 |
| 2. 2  SPECIAL MULTI-FLEX BUSINESS INSURANCE POLICY NO. 83 UEN ZV8795 K3 | | 12269 | ☑ | AJ GALLAGHER RISK MGMT SRVC INC | 2850 W GOLF RD ROLLING MEADOWS, IL 60008 |
| 2. 3  UMBRELLA LIABILITY BUSINESS INSURANCE POLICY NO. 83 RHU ZV8731 K3 | | 12270 | ☑ | AJ GALLAGHER RISK MGMT SRVC INC. | 2850 W GOLF RD ROLLING MEADOWS, IL 60008 |
| 2. 4  EXCESS NAMED STORM POLICY NO. MWH0080660 | | 12284 | ☑ | ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC. | 2850 GOLF ROAD ROLLING MEADOWS, IL 60008-4050 |
| 2. 5  COMMON POLICY CONDITIONS AND ENDORSEMENTS RE: POLICY NO. CPP 1279616 - 03 | | 12288 | ☑ | GREAT AMERICAN INSURANCE GROUP | 301 E. FOURTH STREET, 21ST FLOOR CINCINNATI, OH 45202-4201 |
| 2. 6  UMBRELLA LIABILITY BUSINESS INSURANCE POLICY NO. 83 RHU ZV8731 K3 | | 12270 | ☑ | HARTFORD CASUALTY INSURANCE COMPANY | ONE HARTFORD PLAZA HARTFORD, CT 06155 |
| 2. 7  UMBRELLA LIABILITY BUSINESS INSURANCE POLICY NO. 83 RHU ZV8731 K3 | | 12270 | ☑ | HARTFORD FIRE INSURANCE COMPANY | HANK HOFFMAN, ASSISTANT VICE PRESIDENT ONE HARTFORD PLAZA HARTFORD, CT 06155 |
| 2. 8  ENGAGEMENT LETTER (LEGAL SERVICES) | | 12176 | ☑ | KIRKLAND & ELLIS LLP | ATTN NICOLE L. GREENBLATT, P.C. 601 LEXINGTON AVENUE NEW YORK, NY 10022 |

**Akorn Sales, Inc.**

**Case Number:   Case 20-11174**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| **Service and Supply Agreements** | | | | | |
| 2. 9  EXCESS NAMED STORM POLICY NO. MWH0080660 | | 12284 | ☑ | MT. HAWLEY INSURANCE COMPANY | 9025 N. LINDBERGH DRIVE PEORIA, IL 61615 |
| 2. 10  EXCESS NAMED STORM POLICY NO. MWH0080660 | | 12284 | ☑ | RISK PLACEMENT SERVICES INC. | 525 W VAN BUREN STREET, SUITE 1325 CHICAGO, IL 60607 |
| 2. 11  SPECIAL MULTI-FLEX BUSINESS INSURANCE POLICY NO. 83 UEN ZV8795 K3 | | 12269 | ☑ | THE HARTFORD INSURANCE GROUP | COMMERCIAL AUTO TRUMBULL INSURANCE COMPANY ONE HARTFORD PLAZA HARTFORD, CT 06155 |
| 2. 12  UMBRELLA LIABILITY BUSINESS INSURANCE POLICY NO. 83 RHU ZV8731 K3 | | 12270 | ☑ | TRUMBULL INSURANCE COMPANY | ONE HARFORD PLAZA HARTFORD, CT 06155 |
| 2. 13  UMBRELLA LIABILITY BUSINESS INSURANCE POLICY NO. 83 RHU ZV8731 K3 | | 12270 | ☑ | TWIN CITY FIRE INSURANCE COMPANY | 3600 WISEMAN BLVD SAN ANTONIO, TX 78251 |

**Akorn Sales, Inc.**  **Case Number:**  **Case 20-11174**

## Schedule G: Executory Contracts and Unexpired Leases

**TOTAL NUMBER OF CONTRACTS:  13**

**Akorn Sales, Inc.**                                             **Case Number:   Case 20-11174**

## Schedule H: Codebtors

1.  **Does the debtor have any codebtors?**

    ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

    ☑ Yes

2.  **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.**

    Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1 | Column 2 | Applicable Schedule | | |
|---|---|---|---|---|
| **Codebtor Name and Mailing Address** | **Creditor Name** | **D** | **E/F** | **G** |
| 2.1    10 EDISON STREET LLC<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 11701 | ACE AMERICAN INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.2    13 EDISON STREET LLC<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 11701 | ACE AMERICAN INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.3    ADVANCED VISION RESEARCH, INC.<br>2929 PLYMOUTH ROAD<br>SUITE 275<br>ANN ARBOR , MI 48105 | ACE AMERICAN INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.4    AKORN (NEW JERSEY), INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | ACE AMERICAN INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.5    AKORN ANIMAL HEALTH, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | ACE AMERICAN INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.6    AKORN OPHTHALMICS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | ACE AMERICAN INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.7    AKORN, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | ACE AMERICAN INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.8    CLOVER PHARMACEUTICALS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | ACE AMERICAN INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.9    COVENANT PHARMA, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | ACE AMERICAN INSURANCE COMPANY | ☐ | ☐ | ☑ |

Akorn Sales, Inc.                                    **Case Number:   Case 20-11174**

## Schedule H: Codebtors

| Column 1 | Column 2 | Applicable Schedule | | |
|---|---|---|---|---|
| **Codebtor Name and Mailing Address** | **Creditor Name** | **D** | **E/F** | **G** |
| 2.10  HI-TECH PHARMACAL CO., INC.<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 48105 | ACE AMERICAN INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.11  INSPIRE PHARMACEUTICALS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | ACE AMERICAN INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.12  OAK PHARMACEUTICALS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | ACE AMERICAN INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.13  OLTA PHARMACEUTICALS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | ACE AMERICAN INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.14  VERSAPHARM INCORPORATED<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | ACE AMERICAN INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.15  VPI HOLDINGS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | ACE AMERICAN INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.16  10 EDISON STREET LLC<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 11701 | AJ GALLAGHER RISK MGMT SRVC INC | ☐ | ☐ | ☑ |
| 2.17  13 EDISON STREET LLC<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 11701 | AJ GALLAGHER RISK MGMT SRVC INC | ☐ | ☐ | ☑ |
| 2.18  ADVANCED VISION RESEARCH, INC.<br>2929 PLYMOUTH ROAD<br>SUITE 275<br>ANN ARBOR , MI 48105 | AJ GALLAGHER RISK MGMT SRVC INC | ☐ | ☐ | ☑ |
| 2.19  AKORN (NEW JERSEY), INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | AJ GALLAGHER RISK MGMT SRVC INC | ☐ | ☐ | ☑ |
| 2.20  AKORN ANIMAL HEALTH, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | AJ GALLAGHER RISK MGMT SRVC INC | ☐ | ☐ | ☑ |

**Akorn Sales, Inc.**                                        **Case Number:  Case 20-11174**

## Schedule H: Codebtors

| Column 1 | Column 2 | Applicable Schedule | | |
|---|---|---|---|---|
| **Codebtor Name and Mailing Address** | **Creditor Name** | **D** | **E/F** | **G** |
| 2.21 AKORN OPHTHALMICS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | AJ GALLAGHER RISK MGMT SRVC INC | ☐ | ☐ | ☑ |
| 2.22 AKORN, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | AJ GALLAGHER RISK MGMT SRVC INC | ☐ | ☐ | ☑ |
| 2.23 CLOVER PHARMACEUTICALS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | AJ GALLAGHER RISK MGMT SRVC INC | ☐ | ☐ | ☑ |
| 2.24 COVENANT PHARMA, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | AJ GALLAGHER RISK MGMT SRVC INC | ☐ | ☐ | ☑ |
| 2.25 HI-TECH PHARMACAL CO., INC.<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 48105 | AJ GALLAGHER RISK MGMT SRVC INC | ☐ | ☐ | ☑ |
| 2.26 INSPIRE PHARMACEUTICALS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | AJ GALLAGHER RISK MGMT SRVC INC | ☐ | ☐ | ☑ |
| 2.27 OAK PHARMACEUTICALS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | AJ GALLAGHER RISK MGMT SRVC INC | ☐ | ☐ | ☑ |
| 2.28 OLTA PHARMACEUTICALS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | AJ GALLAGHER RISK MGMT SRVC INC | ☐ | ☐ | ☑ |
| 2.29 VERSAPHARM INCORPORATED<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | AJ GALLAGHER RISK MGMT SRVC INC | ☐ | ☐ | ☑ |
| 2.30 VPI HOLDINGS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | AJ GALLAGHER RISK MGMT SRVC INC | ☐ | ☐ | ☑ |
| 2.31 10 EDISON STREET LLC<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 11701 | ARTHUR J. GALLAGHER RISK MANAGEMENT<br>SERVICES, INC. | ☐ | ☐ | ☑ |

**Akorn Sales, Inc.**                                    **Case Number:   Case 20-11174**

## Schedule H: Codebtors

| Column 1 | Column 2 | Applicable Schedule | | |
|----------|----------|---|---|---|
| **Codebtor Name and Mailing Address** | **Creditor Name** | **D** | **E/F** | **G** |
| 2.32   13 EDISON STREET LLC<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 11701 | ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC. | ☐ | ☐ | ☑ |
| 2.33   ADVANCED VISION RESEARCH, INC.<br>2929 PLYMOUTH ROAD<br>SUITE 275<br>ANN ARBOR , MI 48105 | ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC. | ☐ | ☐ | ☑ |
| 2.34   AKORN (NEW JERSEY), INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC. | ☐ | ☐ | ☑ |
| 2.35   AKORN ANIMAL HEALTH, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC. | ☐ | ☐ | ☑ |
| 2.36   AKORN OPHTHALMICS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC. | ☐ | ☐ | ☑ |
| 2.37   AKORN, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC. | ☐ | ☐ | ☑ |
| 2.38   CLOVER PHARMACEUTICALS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC. | ☐ | ☐ | ☑ |
| 2.39   COVENANT PHARMA, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC. | ☐ | ☐ | ☑ |
| 2.40   HI-TECH PHARMACAL CO., INC.<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 48105 | ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC. | ☐ | ☐ | ☑ |
| 2.41   INSPIRE PHARMACEUTICALS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC. | ☐ | ☐ | ☑ |
| 2.42   OAK PHARMACEUTICALS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC. | ☐ | ☐ | ☑ |

Akorn Sales, Inc.                                    Case Number:    Case 20-11174

## Schedule H: Codebtors

| Column 1 | Column 2 | Applicable Schedule | | |
|---|---|---|---|---|
| Codebtor Name and Mailing Address | Creditor Name | D | E/F | G |
| 2.43  OLTA PHARMACEUTICALS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC. | ☐ | ☐ | ☑ |
| 2.44  VERSAPHARM INCORPORATED<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC. | ☐ | ☐ | ☑ |
| 2.45  VPI HOLDINGS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC. | ☐ | ☐ | ☑ |
| 2.46  10 EDISON STREET LLC<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 11701 | GREAT AMERICAN INSURANCE GROUP | ☐ | ☐ | ☑ |
| 2.47  13 EDISON STREET LLC<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 11701 | GREAT AMERICAN INSURANCE GROUP | ☐ | ☐ | ☑ |
| 2.48  ADVANCED VISION RESEARCH, INC.<br>2929 PLYMOUTH ROAD<br>SUITE 275<br>ANN ARBOR , MI 48105 | GREAT AMERICAN INSURANCE GROUP | ☐ | ☐ | ☑ |
| 2.49  AKORN (NEW JERSEY), INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | GREAT AMERICAN INSURANCE GROUP | ☐ | ☐ | ☑ |
| 2.50  AKORN ANIMAL HEALTH, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | GREAT AMERICAN INSURANCE GROUP | ☐ | ☐ | ☑ |
| 2.51  AKORN OPHTHALMICS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | GREAT AMERICAN INSURANCE GROUP | ☐ | ☐ | ☑ |
| 2.52  AKORN, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | GREAT AMERICAN INSURANCE GROUP | ☐ | ☐ | ☑ |
| 2.53  CLOVER PHARMACEUTICALS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | GREAT AMERICAN INSURANCE GROUP | ☐ | ☐ | ☑ |

Akorn Sales, Inc.                                    Case Number:   Case 20-11174

## Schedule H: Codebtors

| Column 1 | Column 2 | Applicable Schedule | | |
|---|---|---|---|---|
| **Codebtor Name and Mailing Address** | **Creditor Name** | **D** | **E/F** | **G** |
| 2.54  COVENANT PHARMA, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | GREAT AMERICAN INSURANCE GROUP | ☐ | ☐ | ☑ |
| 2.55  HI-TECH PHARMACAL CO., INC.<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 48105 | GREAT AMERICAN INSURANCE GROUP | ☐ | ☐ | ☑ |
| 2.56  INSPIRE PHARMACEUTICALS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | GREAT AMERICAN INSURANCE GROUP | ☐ | ☐ | ☑ |
| 2.57  OAK PHARMACEUTICALS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | GREAT AMERICAN INSURANCE GROUP | ☐ | ☐ | ☑ |
| 2.58  OLTA PHARMACEUTICALS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | GREAT AMERICAN INSURANCE GROUP | ☐ | ☐ | ☑ |
| 2.59  VERSAPHARM INCORPORATED<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | GREAT AMERICAN INSURANCE GROUP | ☐ | ☐ | ☑ |
| 2.60  VPI HOLDINGS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | GREAT AMERICAN INSURANCE GROUP | ☐ | ☐ | ☑ |
| 2.61  10 EDISON STREET LLC<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 11701 | HARTFORD CASUALTY INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.62  13 EDISON STREET LLC<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 11701 | HARTFORD CASUALTY INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.63  ADVANCED VISION RESEARCH, INC.<br>2929 PLYMOUTH ROAD<br>SUITE 275<br>ANN ARBOR , MI 48105 | HARTFORD CASUALTY INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.64  AKORN (NEW JERSEY), INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | HARTFORD CASUALTY INSURANCE COMPANY | ☐ | ☐ | ☑ |

Akorn Sales, Inc.                                                          Case Number:   Case 20-11174

## Schedule H: Codebtors

| Column 1 | Column 2 | Applicable Schedule | | |
|---|---|---|---|---|
| **Codebtor Name and Mailing Address** | **Creditor Name** | **D** | **E/F** | **G** |
| 2.65  AKORN ANIMAL HEALTH, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | HARTFORD CASUALTY INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.66  AKORN OPHTHALMICS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | HARTFORD CASUALTY INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.67  AKORN, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | HARTFORD CASUALTY INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.68  CLOVER PHARMACEUTICALS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | HARTFORD CASUALTY INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.69  COVENANT PHARMA, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | HARTFORD CASUALTY INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.70  HI-TECH PHARMACAL CO., INC.<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 48105 | HARTFORD CASUALTY INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.71  INSPIRE PHARMACEUTICALS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | HARTFORD CASUALTY INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.72  OAK PHARMACEUTICALS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | HARTFORD CASUALTY INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.73  OLTA PHARMACEUTICALS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | HARTFORD CASUALTY INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.74  VERSAPHARM INCORPORATED<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | HARTFORD CASUALTY INSURANCE COMPANY | ☐ | ☐ | ☑ |

**Akorn Sales, Inc.**                                              **Case Number:  Case 20-11174**

## Schedule H: Codebtors

| Column 1 | Column 2 | Applicable Schedule | | |
|---|---|---|---|---|
| **Codebtor Name and Mailing Address** | **Creditor Name** | **D** | **E/F** | **G** |
| 2.75  VPI HOLDINGS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | HARTFORD CASUALTY INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.76  10 EDISON STREET LLC<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 11701 | HARTFORD FIRE INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.77  13 EDISON STREET LLC<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 11701 | HARTFORD FIRE INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.78  ADVANCED VISION RESEARCH, INC.<br>2929 PLYMOUTH ROAD<br>SUITE 275<br>ANN ARBOR , MI 48105 | HARTFORD FIRE INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.79  AKORN (NEW JERSEY), INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | HARTFORD FIRE INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.80  AKORN ANIMAL HEALTH, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | HARTFORD FIRE INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.81  AKORN OPHTHALMICS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | HARTFORD FIRE INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.82  AKORN, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | HARTFORD FIRE INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.83  CLOVER PHARMACEUTICALS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | HARTFORD FIRE INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.84  COVENANT PHARMA, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | HARTFORD FIRE INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.85  HI-TECH PHARMACAL CO., INC.<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 48105 | HARTFORD FIRE INSURANCE COMPANY | ☐ | ☐ | ☑ |

Akorn Sales, Inc.                                                    Case Number:   Case 20-11174

## Schedule H: Codebtors

| Column 1 | Column 2 | Applicable Schedule | | |
|---|---|---|---|---|
| Codebtor Name and Mailing Address | Creditor Name | D | E/F | G |
| 2.86   INSPIRE PHARMACEUTICALS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | HARTFORD FIRE INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.87   OAK PHARMACEUTICALS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | HARTFORD FIRE INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.88   OLTA PHARMACEUTICALS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | HARTFORD FIRE INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.89   VERSAPHARM INCORPORATED<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | HARTFORD FIRE INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.90   VPI HOLDINGS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | HARTFORD FIRE INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.91   10 EDISON STREET LLC<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 11701 | KIRKLAND & ELLIS LLP | ☐ | ☐ | ☑ |
| 2.92   13 EDISON STREET LLC<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 11701 | KIRKLAND & ELLIS LLP | ☐ | ☐ | ☑ |
| 2.93   ADVANCED VISION RESEARCH, INC.<br>2929 PLYMOUTH ROAD<br>SUITE 275<br>ANN ARBOR , MI 48105 | KIRKLAND & ELLIS LLP | ☐ | ☐ | ☑ |
| 2.94   AKORN (NEW JERSEY), INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | KIRKLAND & ELLIS LLP | ☐ | ☐ | ☑ |
| 2.95   AKORN ANIMAL HEALTH, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | KIRKLAND & ELLIS LLP | ☐ | ☐ | ☑ |
| 2.96   AKORN OPHTHALMICS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | KIRKLAND & ELLIS LLP | ☐ | ☐ | ☑ |

**Akorn Sales, Inc.**                                                    **Case Number:   Case 20-11174**

## Schedule H: Codebtors

| Column 1 | Column 2 | Applicable Schedule | | |
|---|---|---|---|---|
| **Codebtor Name and Mailing Address** | **Creditor Name** | **D** | **E/F** | **G** |
| 2.97 AKORN, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | KIRKLAND & ELLIS LLP | ☐ | ☐ | ☑ |
| 2.98 CLOVER PHARMACEUTICALS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | KIRKLAND & ELLIS LLP | ☐ | ☐ | ☑ |
| 2.99 COVENANT PHARMA, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | KIRKLAND & ELLIS LLP | ☐ | ☐ | ☑ |
| 2.100 HI-TECH PHARMACAL CO., INC.<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 48105 | KIRKLAND & ELLIS LLP | ☐ | ☐ | ☑ |
| 2.101 INSPIRE PHARMACEUTICALS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | KIRKLAND & ELLIS LLP | ☐ | ☐ | ☑ |
| 2.102 OAK PHARMACEUTICALS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | KIRKLAND & ELLIS LLP | ☐ | ☐ | ☑ |
| 2.103 OLTA PHARMACEUTICALS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | KIRKLAND & ELLIS LLP | ☐ | ☐ | ☑ |
| 2.104 VERSAPHARM INCORPORATED<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | KIRKLAND & ELLIS LLP | ☐ | ☐ | ☑ |
| 2.105 VPI HOLDINGS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | KIRKLAND & ELLIS LLP | ☐ | ☐ | ☑ |
| 2.106 VPI HOLDINGS SUB, LLC<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | KIRKLAND & ELLIS LLP | ☐ | ☐ | ☑ |
| 2.107 10 EDISON STREET LLC<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 11701 | MT. HAWLEY INSURANCE COMPANY | ☐ | ☐ | ☑ |

**Akorn Sales, Inc.**                                    **Case Number:   Case 20-11174**

## Schedule H: Codebtors

| Column 1 | Column 2 | Applicable Schedule | | |
|---|---|---|---|---|
| **Codebtor Name and Mailing Address** | **Creditor Name** | **D** | **E/F** | **G** |
| 2. 108   13 EDISON STREET LLC<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 11701 | MT. HAWLEY INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2. 109   ADVANCED VISION RESEARCH, INC.<br>2929 PLYMOUTH ROAD<br>SUITE 275<br>ANN ARBOR , MI 48105 | MT. HAWLEY INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2. 110   AKORN (NEW JERSEY), INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | MT. HAWLEY INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2. 111   AKORN ANIMAL HEALTH, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | MT. HAWLEY INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2. 112   AKORN OPHTHALMICS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | MT. HAWLEY INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2. 113   AKORN, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | MT. HAWLEY INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2. 114   CLOVER PHARMACEUTICALS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | MT. HAWLEY INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2. 115   COVENANT PHARMA, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | MT. HAWLEY INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2. 116   HI-TECH PHARMACAL CO., INC.<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 48105 | MT. HAWLEY INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2. 117   INSPIRE PHARMACEUTICALS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | MT. HAWLEY INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2. 118   OAK PHARMACEUTICALS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | MT. HAWLEY INSURANCE COMPANY | ☐ | ☐ | ☑ |

Akorn Sales, Inc.                                        **Case Number:**   **Case 20-11174**

## Schedule H: Codebtors

Column 1                                    Column 2                            Applicable Schedule

| Codebtor Name and Mailing Address | Creditor Name | D | E/F | G |
|---|---|---|---|---|
| 2.119 OLTA PHARMACEUTICALS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | MT. HAWLEY INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.120 VERSAPHARM INCORPORATED<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | MT. HAWLEY INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.121 VPI HOLDINGS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | MT. HAWLEY INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.122 10 EDISON STREET LLC<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 11701 | RISK PLACEMENT SERVICES INC. | ☐ | ☐ | ☑ |
| 2.123 13 EDISON STREET LLC<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 11701 | RISK PLACEMENT SERVICES INC. | ☐ | ☐ | ☑ |
| 2.124 ADVANCED VISION RESEARCH, INC.<br>2929 PLYMOUTH ROAD<br>SUITE 275<br>ANN ARBOR , MI 48105 | RISK PLACEMENT SERVICES INC. | ☐ | ☐ | ☑ |
| 2.125 AKORN (NEW JERSEY), INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | RISK PLACEMENT SERVICES INC. | ☐ | ☐ | ☑ |
| 2.126 AKORN ANIMAL HEALTH, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | RISK PLACEMENT SERVICES INC. | ☐ | ☐ | ☑ |
| 2.127 AKORN OPHTHALMICS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | RISK PLACEMENT SERVICES INC. | ☐ | ☐ | ☑ |
| 2.128 AKORN, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | RISK PLACEMENT SERVICES INC. | ☐ | ☐ | ☑ |
| 2.129 CLOVER PHARMACEUTICALS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | RISK PLACEMENT SERVICES INC. | ☐ | ☐ | ☑ |

| Akorn Sales, Inc. | Case Number: | Case 20-11174 |
|---|---|---|

## Schedule H: Codebtors

| Column 1 | Column 2 | Applicable Schedule | | |
|---|---|---|---|---|
| Codebtor Name and Mailing Address | Creditor Name | D | E/F | G |
| 2.130 COVENANT PHARMA, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | RISK PLACEMENT SERVICES INC. | ☐ | ☐ | ☑ |
| 2.131 HI-TECH PHARMACAL CO., INC.<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 48105 | RISK PLACEMENT SERVICES INC. | ☐ | ☐ | ☑ |
| 2.132 INSPIRE PHARMACEUTICALS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | RISK PLACEMENT SERVICES INC. | ☐ | ☐ | ☑ |
| 2.133 OAK PHARMACEUTICALS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | RISK PLACEMENT SERVICES INC. | ☐ | ☐ | ☑ |
| 2.134 OLTA PHARMACEUTICALS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | RISK PLACEMENT SERVICES INC. | ☐ | ☐ | ☑ |
| 2.135 VERSAPHARM INCORPORATED<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | RISK PLACEMENT SERVICES INC. | ☐ | ☐ | ☑ |
| 2.136 VPI HOLDINGS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | RISK PLACEMENT SERVICES INC. | ☐ | ☐ | ☑ |
| 2.137 10 EDISON STREET LLC<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 11701 | THE HARTFORD INSURANCE GROUP | ☐ | ☐ | ☑ |
| 2.138 13 EDISON STREET LLC<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 11701 | THE HARTFORD INSURANCE GROUP | ☐ | ☐ | ☑ |
| 2.139 ADVANCED VISION RESEARCH, INC.<br>2929 PLYMOUTH ROAD<br>SUITE 275<br>ANN ARBOR , MI 48105 | THE HARTFORD INSURANCE GROUP | ☐ | ☐ | ☑ |
| 2.140 AKORN (NEW JERSEY), INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | THE HARTFORD INSURANCE GROUP | ☐ | ☐ | ☑ |

**Akorn Sales, Inc.**                                      **Case Number:   Case 20-11174**

## Schedule H: Codebtors

| Column 1 | Column 2 | Applicable Schedule | | |
|---|---|---|---|---|
| Codebtor Name and Mailing Address | Creditor Name | D | E/F | G |
| 2.141  AKORN ANIMAL HEALTH, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | THE HARTFORD INSURANCE GROUP | ☐ | ☐ | ☑ |
| 2.142  AKORN OPHTHALMICS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | THE HARTFORD INSURANCE GROUP | ☐ | ☐ | ☑ |
| 2.143  AKORN, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | THE HARTFORD INSURANCE GROUP | ☐ | ☐ | ☑ |
| 2.144  CLOVER PHARMACEUTICALS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | THE HARTFORD INSURANCE GROUP | ☐ | ☐ | ☑ |
| 2.145  COVENANT PHARMA, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | THE HARTFORD INSURANCE GROUP | ☐ | ☐ | ☑ |
| 2.146  HI-TECH PHARMACAL CO., INC.<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 48105 | THE HARTFORD INSURANCE GROUP | ☐ | ☐ | ☑ |
| 2.147  INSPIRE PHARMACEUTICALS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | THE HARTFORD INSURANCE GROUP | ☐ | ☐ | ☑ |
| 2.148  OAK PHARMACEUTICALS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | THE HARTFORD INSURANCE GROUP | ☐ | ☐ | ☑ |
| 2.149  OLTA PHARMACEUTICALS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | THE HARTFORD INSURANCE GROUP | ☐ | ☐ | ☑ |
| 2.150  VERSAPHARM INCORPORATED<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | THE HARTFORD INSURANCE GROUP | ☐ | ☐ | ☑ |

Akorn Sales, Inc.                                            Case Number:    Case 20-11174

## Schedule H: Codebtors

| Column 1 | Column 2 | Applicable Schedule | | |
| --- | --- | --- | --- | --- |
| Codebtor Name and Mailing Address | Creditor Name | D | E/F | G |
| 2.151 VPI HOLDINGS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | THE HARTFORD INSURANCE GROUP | ☐ | ☐ | ☑ |
| 2.152 10 EDISON STREET LLC<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 11701 | TRUMBULL INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.153 13 EDISON STREET LLC<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 11701 | TRUMBULL INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.154 ADVANCED VISION RESEARCH, INC.<br>2929 PLYMOUTH ROAD<br>SUITE 275<br>ANN ARBOR , MI 48105 | TRUMBULL INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.155 AKORN (NEW JERSEY), INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | TRUMBULL INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.156 AKORN ANIMAL HEALTH, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | TRUMBULL INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.157 AKORN OPHTHALMICS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | TRUMBULL INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.158 AKORN, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | TRUMBULL INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.159 CLOVER PHARMACEUTICALS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | TRUMBULL INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.160 COVENANT PHARMA, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | TRUMBULL INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2.161 HI-TECH PHARMACAL CO., INC.<br>369 BAYVIEW AVENUE<br>AMITYVILLE , NY 48105 | TRUMBULL INSURANCE COMPANY | ☐ | ☐ | ☑ |

**Akorn Sales, Inc.**                                                    **Case Number:    Case 20-11174**

## Schedule H: Codebtors

Column 1                                          Column 2                              Applicable Schedule

| Codebtor Name and Mailing Address | Creditor Name | D | E/F | G |
|---|---|---|---|---|
| 2. 162 INSPIRE PHARMACEUTICALS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | TRUMBULL INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2. 163 OAK PHARMACEUTICALS, INC.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | TRUMBULL INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2. 164 OLTA PHARMACEUTICALS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | TRUMBULL INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2. 165 VERSAPHARM INCORPORATED<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | TRUMBULL INSURANCE COMPANY | ☐ | ☐ | ☑ |
| 2. 166 VPI HOLDINGS CORP.<br>1925 W. FIELD COURT<br>SUITE 300<br>LAKE FOREST , IL 60045 | TRUMBULL INSURANCE COMPANY | ☐ | ☐ | ☑ |

**Total Number of Co-Debtor / Creditor rows: 166**

**Fill in this information to identify the case:**

Debtor Name:  Akorn Sales, Inc.

United States Bankruptcy Court for the:  District of Delaware

Case Number (if known):  Case 20-11174

[X]  Check if this is an amended filing

## Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

12/15

| Part 1: | Summary of Assets |
| --- | --- |

1. **Schedule A/B: Assets–Real and Personal Property**  (Official Form 206A/B)

    1a. **Real property:**

        Copy line 88 from Schedule A/B ...........................................................................  $0

    1b. **Total personal property:**

        Copy line 91A from Schedule A/B .........................................................................  $0

            +

    1c. **Total of all property:**

        Copy line 92 from Schedule A/B ...........................................................................  $0

| Part 2: | Summary of Liabilities |
| --- | --- |

2. **Schedule D: Creditors Who Have Claims Secured by Property**   (Official Form 206D)

    Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D  .............................  $854,694,318

3. **Schedule E/F: Creditors Who Have Unsecured Claims**  (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**

        Copy the total claims from Part 1 from line 6a of Schedule E/F  .................................................  $0

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**

        Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F  ......................................  $0

            +

4. **Total liabilities**

    Lines 2 + 3a + 3b  ...................................................................................................  $854,694,318

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name: | Akorn Sales, Inc. |
| United States Bankruptcy Court for the: | District of Delaware |
| Case Number (if known): | Case 20-11174 |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

**12/15**

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**Warning -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and Signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- [ ] Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)
- [ ] Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- [ ] Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- [ ] Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- [ ] Schedule H: Codebtors (Official Form (206H)
- [X] Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- [X] Amended Schedule G, Amended Schedule H
- [ ] Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

| | | | |
|---|---|---|---|
| **Executed on:** | August 21, 2020 | **Signature:** /s/ | _Duane G Portwood_ |
| | | | Duane Portwood, CFO |
| | | | **Name and Title** |