**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| AKORN, INC., *et al.,*[1] | ) |
| | ) Case No. 20-11177 (KBO) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |

**THE TEXAS COMPTROLLER OF PUBLIC ACCOUNTS,**
**UNCLAIMED PROPERTY DIVISION'S OBJECTION TO DEBTORS' SALE**
***(Relates to Dkt. No. 18, 181, 210, 438)***

COMES NOW, the Unclaimed Property Division of the Texas Comptroller of Public

Accounts, ("**Texas Comptroller**" or "**Comptroller**"), by and through the Office of the Texas

Attorney General, and respectfully files this *Objection to Debtors' Sale* (Dkt. Nos. 18, 181, 210,

438). In support of its Objection, the Texas Comptroller respectfully states as follows.

## BACKGROUND

### The Bankruptcy Case

1. On May 20, 2020 (the "**Petition Date**"), the Debtors filed voluntary petitions for

relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"),

commencing the above-captioned cases (the "**Chapter 11 Cases**").

2. On May 21, 2020, the Debtors filed the *Debtors' Motion Seeking Entry of an Order*

*(A) Authorizing and Approving Bidding Procedures, (B) Scheduling an Auction and a Sale*

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: Akorn, Inc. (7400); 10 Edison Street LLC (7890); 13 Edison Street LLC; Advanced Vision Research, Inc. (9046); Akorn (New Jersey), Inc. (1474); Akorn Animal Health, Inc. (6645); Akorn Ophthalmics, Inc. (6266); Akorn Sales, Inc. (7866); Clover Pharmaceuticals Corp. (3735); Covenant Pharma, Inc. (0115); Hi-Tech Pharmacal Co., Inc. (8720); Inspire Pharmaceuticals, Inc. (9022); Oak Pharmaceuticals, Inc. (6647); Olta Pharmaceuticals Corp. (3621); VersaPharm Incorporated (6739); VPI Holdings Corp. (6716); and VPI Holdings Sub, LLC. The location of the Debtors' service address is: 1925 W. Field Court, Suite 300, Lake Forest, Illinois 60045.

*Hearing, (C) Approving the Form and Manner of Notice Thereof, (D) Establishing Notice and Procedures for the Assumption and Assignment of Certain Executory Contracts and Leases, and (E) Granting Related Relief,* ("**Sale Motion**") [Dkt. No.18].

3.       The *Order (A) Authorizing and Approving Bidding Procedures, (B) Scheduling an Auction and a Sale Hearing, (C) Approving the Form and Manner of Notice Thereof, (D) Establishing Notice and Procedures for the Assumption and Assignment of Certain Executory Contracts and Leases, and (E) Granting Related Relief* ("**Sale Order**,") [Dkt. No. 181] was entered by the Court on June 15, 2020. On June 22, 2020, a *Notice of Sale by Auction and Sale Hearing* was entered by the Court [Dkt 210]. On August 11, 2020, a *Notice of Adjournment of Confirmation and Sale Hearing* was entered by the Court, [Dkt. 438] and provides that objections to the Sale be filed no later than 1:00 p.m. (ET) on August 25, 2020.

4.       Debtors, by and through Counsel, agreed to allow the Comptroller until 5:00 p.m. (CST) on August 27, 2020, to file an objection to confirmation of the Plan and the Sale.

**Unclaimed Property**

5.       The Texas Comptroller is tasked with the duty of collecting unclaimed property ("**Unclaimed Property**")[2] from entities conducting business in the State of Texas. While Unclaimed Property can come in many different forms, typical examples include royalties returned as undeliverable or a check payable to a former employee that is mailed to his or her last known address and returned to the employer as undeliverable. Depending on the circumstances, it is not uncommon for businesses to accrue millions of dollars in Unclaimed Property. Texas law requires

---

[2] Unclaimed Property is addressed in Title 6 of the Texas Property Code.

such entities to file annual reports detailing the Unclaimed Property in its possession and remit the property to the Texas Comptroller.[3]

6.       The Texas Comptroller is currently conducting a review of the amount of Unclaimed Property held by the Debtors.

## OBJECTION AND BASIS THEREFOR

7.       The Texas Comptroller objects to the Sale to the extent that it seeks to convey Unclaimed Property, which is held in trust for the benefit of the State of Texas and is not property of the Debtors' estates.

8.       Property interests are created and defined by State law absent a countervailing federal interest. See *Delaware v. New York*, 507 U.S. 490, 501-02, 113 S. Ct. 1550, 1557, 123 L. Ed. 2d 211 (1993), *Butner v. United States*, 440 U.S. 48, 55, 99 S. Ct. 914, 918, 59 L. ed. 2d 136 (1979), *Standard Oil Co. v. State of N.J. by Parsons*, 341 U.S. 428, 436 71 S. Ct. 822, 95. L. Ed. 1078 (1951), and *In re Thorpe*, 546 B.R. 172, 176 (Bankr. C.D. Ill.2016).

9.       Texas law clearly provides that such Unclaimed Property is held in trust for the State of Texas.[4] Because the Debtors hold Unclaimed Property in trust, it is not property of the estate under Bankruptcy Code section 541.

10.      As stated in the case of *In re Megafoods Stores, Inc.*, "[i]t is well-settled that a debtor does 'not own an equitable interest in property he holds in trust for another,' and that funds held in trust are not 'property of the estate.'" *In re Megafoods Stores, Inc.*, 210 B.R. 351, 354 (B.A.P. 9th Cir. 1997), aff'd in part, vacated in part, 163 F.3d 1063 (9th Cir. 1998), citing *Begier v. I.R.S.*, 496 U.S. 53, 59 110 S. Ct. 2258, 2263, 110 L.Ed.2d 46 (1990).

---

[3] *See* Tex. Property Code § 74.301.
[4] *See, e.g.*, Tex. Property Code §§ 72.103 and 74.708.

11.     Additionally, the Debtors are required to comply with state law obligations.[5] The Texas Comptroller and the Office of the Texas Attorney General, on behalf of the Texas Comptroller, intend to work with the Debtors and Debtors' counsel to determine the amount of Unclaimed Funds currently held by the Debtors, and are hopeful of a consensual resolution. However, in light of the impending Sale Hearing, the Texas Comptroller hereby objects to any attempt to sell Unclaimed Property held by the Debtors. The Texas Comptroller further reserves all rights with respect to this issue with respect to any subsequent Plan confirmation stage of the case.

WHEREFORE, the Texas Comptroller respectfully requests that the Court (1) include a provision in any order entered on the Sale either (a) providing that Unclaimed Property is not property of the estate and is not included among the Sale Assets, or (b) providing that any Unclaimed Property that may be conveyed by the Debtors remains held in trust by the purchaser for the benefit of the State of Texas and that such purchaser assumes all obligations with respect to any Unclaimed Property under applicable Texas law, and (2) grant such other and further relief, both at law and in equity, to which the Texas Comptroller may justly be entitled.

*[Remainder of Page Intentionally Left Blank]*

---

[5] *See* 28 U.S.C. § 959(b).

Dated:  August 27, 2020

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

RYAN L. BANGERT
Deputy First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

RACHEL R. OBALDO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/ Layla D. Milligan*
JASON B. BINFORD
Texas State Bar No. 24045499
LAYLA D. MILLIGAN
Texas State Bar No. 24026015
Office of the Attorney General of Texas
Bankruptcy & Collections Division
P. O. Box 12548 MC008
Austin, Texas 78711-2548
Telephone: (512) 463-2173
Facsimile: (512) 936-1409
jason.binford@oag.texas.gov
layla.milligan@oag.texas.gov

ATTORNEYS FOR THE TEXAS COMPTROLLER OF
PUBLIC ACCOUNTS, UNCLAIMED PROPERTY
DIVISION

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing has been served via the Court's Electronic Filing System on all parties requesting notice in this proceeding and that copies were provided to the counsel and parties listed below via email notice, on August 27, 2020.

Patrick J. Nash, Jr., P.C.  (patrick.nash@kirkland.com)
Gregory F. Pesce (gregory.pesce@kirkland.com)
Christopher M. Hayes (christopher.hayes@kirkland.com)
Nicole L. Greenblatt, P.C. (nicole.greenblatt@kirkland.com)
Paul N. Heath (heath@rlf.com)
Amanda R. Steele (steele@rlf.com)
Zachary I. Shapiro (shapiro@rlf.com)
Brett M. Haywood (haywood@rlf.com)
Andrew Goldman (andrew.goldman@wilmerhale.com)
Catherine Steege (csteege@jenner.com)
Landon Raiford (lraiford@jenner.com)
William Williams (wwilliams@jenner.com)
Mark Minuti (mark.minuti@saul.com)
Luke Murley (luke.murley@saul.com)
Scott J. Greenberg (sgreenberg@gibsondunn.com)
Michael J. Cohen (mcohen@gibsondunn.com)
Robert S. Brady (rbrady@ycst.com)
Jane Leamy (jane.m.leamy@usdoj.gov)

*/s/ Layla D. Milligan*
LAYLA D. MILLIGAN