**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **AKORN, INC.,** *et al.*, | Lead Case No. 20-11177 (KBO) |
| | Jointly Administered |
| **Debtors.** | |
| | Honorable Karen B. Owens |
| | Hearing Date: Sept. 1, 2020 at 10:00 a.m. |
| | Obj. Deadline: Sept. 1, 2020 at 10:00 a.m. |
| | Re: D.I. #553 |

**MOTION OF 1199SEIU BENEFIT FUNDS, DC47 FUND AND SBA FUND FOR LEAVE
TO FILE OBJECTION (DI #553) TO THE DEBTORS' MOTION TO SELL (DI #18)
AND CONFIRMATION OF THE DEBTORS' PLAN (DI #258) UNDER SEAL**

   1199SEIU National Benefit Fund, 1199SEIU Greater New York Benefit Fund, 1199SEIU

National Benefit Fund for Home Care Workers, and 1199SEIU Licensed Practical Nurses Welfare

Fund, all of which are jointly administered health and welfare funds (together, "1199SEIU Benefit

Funds"), AFSCME District Council 47 Health and Welfare Fund ("DC47 Fund") and Sergeants

Benevolent Association Health and Welfare Fund ("SBA Fund")[1] by and through undersigned

counsel Obermayer Rebmann Maxwell & Hippel LLP, respectfully state the following in support

of this motion (the "Motion to Seal").

**Relief Requested**

   1.      By this Motion to Seal, and pursuant to sections 105(a) and 107(b) of the title 11 of

the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and rule 9018-1(d) of the Local Rules of Bankruptcy Practice

and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules"), the Objectors seek entry of an order, substantially in the form attached hereto as **Exhibit**

**A** (the "Proposed Order"), (a) authorizing the Objectors to file certain portions (described below)

---

[1] 1199SEIU Benefit Funds, DC47 Fund and SBA Fund are referred to collectively as the "Objectors."

of their Objection to the Debtors' motion to sell and confirmation of the Debtors' plan and certain

exhibits thereto under seal, (b) directing that the Sealed Documents shall remain under seal,

confidential, and not made available to anyone, except for (i) the Court, (ii) the United States

Trustee, (iii) counsel to the Debtors, (iv) any person or entities upon consent of the Debtors, and

(v) any person bound by a certain Protective Order (as defined below) and (c) granting such other

and further relief as the Court deems necessary or appropriate.


### Jurisdiction And Venue

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing*

*Order of Reference* from the United States District Court for the District of Delaware dated as of

February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and

this Motion to Seal is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The Objectors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy

Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the

"Local Rules") to the entry of a final order by the Court in connection with this Motion to Seal to

the extent that it is later determined that the Court, absent consent of the parties, cannot enter final

orders or judgments in connection herewith consistent with Article III of the United States

Constitution.

4.      The statutory bases for the relief requested herein are 11 U.S.C. §107, Bankruptcy

Rule 9018 and Local Rule 9018-1.

**Background**

1.      On May 20, 2020, the Debtors filed the instant bankruptcies, jointly administered under lead case In re Akorn Inc., No. 20-11177-KBO.

2.      On July 20, 2020, the Objectors signed onto a confidentiality agreement and protective order created by the Debtors (the "Protective Order").

3.      Under the Protective Order, the Debtors agreed to produce potentially-confidential documents to the Objectors.

4.      The Objectors were bound to use these produced documents only for the limited purposes of the instant bankruptcy cases.

5.      The Protective Order permitted parties to exchange documents with other parties subject to the Protective Order, and with the U.S. Trustee, and the Court.

6.      A number of other parties in interest have also signed onto identical Protective Orders including the Unsecured Creditors Committee and creditor Fresenius Kabi AG.

7.      The Objectors reviewed the produced documents and used a number of them in formulating an objection to confirmation and sale.

8.      On August 24, 2020, the Objectors contacted counsel for the Debtors and provided them a copy of the draft objection and exhibits.

9.      The Debtors were not able to finally determine the extent of sealing necessary to protect confidential material by the objection deadline of August 25, 2020.

10.      As a result, the Objectors filed the Objection and exhibits under seal as "restricted documents."  See (DI #553) (the "Objection").

11.      The Objectors also attached a number of documents subject to the Protective Order as exhibits to the Objection.

6

12.     In fact, only two (2) exhibits out of twenty-three (23) were not subject to the Protective Order.

13.     As described in the Certification of Leslie Spoltore, attached as **Exhibit B**, the Debtors and Objectors have continued to engage in a good faith discussion over the necessity of sealing these documents.

14.     The Debtors have agreed that only the following documents (the "Sealed Documents") need to be filed under seal or otherwise redacted:

   a.   Exhibit H (Investor Presentation 4.1.2.3): sealed entirely;

   b.   Exhibit I (2020 4+8 Forecast 4.15.3): sealed entirely;

   c.   Exhibit J (Bid Summary 4.1.1.2): sealed entirely;

   d.   Exhibit O (8-6-19 Board Discussion Materials): sealed entirely;

   e.   Exhibit Q (Director Compensation History 4.7.5): employee names redacted;

   f.   Exhibit S (Douglas Boothe Accelerated Bonus Agreement): sealed entirely; and

   g.   Objection brief: redaction of references to sealed/redacted material.

15.     The Debtors agree that the remaining portions of the Objection and exhibits thereto need not be filed under seal.

## Basis For Relief

16.     Section 107(b) requires the Court to protect confidential commercial information from public disclosure. 11 U.S.C. § 107(b) ("On request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ."). Once the Court determines that an entity is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy

Code, such as confidential commercial information, "the court is required to protect a requesting interested party and has no discretion to deny the application." <u>Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)</u>, 21 F.3d 24, 27 (2d Cir. 1994).

17.    Local Rule 9018-1(d) provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(d).

18.    The Court has defined "commercial information" as "information which would result in 'an unfair advantage to competitors by providing them with information as to the commercial operations of the debtor.'" <u>In re Alterra Healthcare Corp.</u>, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting <u>Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)</u>, 21 F.3d 24, 27–28 (2d Cir. 1994)). Commercial information does not need to rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. <u>See Orion Pictures</u>, 21 F.3d at 28.  It need only be confidential and commercial in nature. See <u>id</u>. (noting that an interested party only has to show that the information to be sealed is "confidential and commercial" in nature).

19.    The movant is not required to demonstrate "good cause" to file the relevant document(s) under seal. Rather, if the material falls within one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." <u>Id</u>. at 27.

20.    Sufficient cause exists for the Court to grant the relief requested in this Motion to Seal as the Sealed Documents contain confidential commercial information.

21.    The Objectors seek to comply with their responsibilities under the Protective Order by protecting such commercial information, as determined in good-faith consultation with the Debtors.

8

22.    Pursuant to Local Rule 9018-1, within three days of the filing of this Motion to Seal, the Objectors will file a publicly viewable redacted version of the Objection.

23.    The Protective Order already permits the Objectors to share the Sealed Documents with the Court, U.S. Trustee, Committee and all other signatories to the Protective Order.

24.    For the foregoing reasons, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, authorizing the Objectors to file the Sealed Documents under seal, and to provide a copy of the Sealed Documents to the U.S.

**Notice**

25.    Notice of this Motion to Seal will be provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the Debtors; and (d) any other party that has requested notice pursuant to Local Rule 2002-1(b). The Objectors respectfully submit that no further notice of this Motion to Seal is required under the circumstances.

Respectfully submitted,

Dated:  August 28, 2020
        Wilmington, Delaware

By: /s/Leslie B. Spoltore
    Leslie B. Spoltore, Esquire (DE Bar No. 3605)
    OBERMAYER REBMANN MAXWELL & HIPPEL LLP
    123 Justison Street, Suite 100
    Wilmington, Delaware 19801
    Telephone: (302) 238-6947
    Facsimile: (302) 655-1092
    Email: leslie.spoltore@obermayer.com

    -and-

    Edmond M. George, Esquire (*pro hac vice*)
    Michael D. Vagnoni, Esquire (*pro hac vice*)
    Turner N. Falk, Esquire (*pro hac vice*)
    OBERMAYER REBMANN MAXWELL & HIPPEL LLP
    Centre Square West
    1500 Market Street, Suite 3400

9

Philadelphia, PA 19102
Telephone: (215) 665-3140
Facsimile: (215) 665-3165
Email: Edmond.george@obermayer.com
*Counsel to AFSCME District Council 47 Health and Welfare Fund, 1199SEIU National Benefit Fund, 1199SEIU Greater New York Benefit Fund, 1199SEIU National Benefit Fund for Home Care Workers, 1199SEIU Licensed Practical Nurses Welfare Fund and Sergeants Benevolent Association Health and Welfare Fund*

10