# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| AKORN, INC., *et al.*,[1] | ) Case No. 20-11177 (KBO) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: Docket No. 500** |

## DEBTORS' LIMITED OBJECTION AND RESERVATION OF RIGHTS TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this limited objection (this "Objection") to the *MDL Plaintiffs' Motion for Relief from the Automatic Stay* [Docket No. 500] (the "Motion") filed by the undersigned plaintiffs in *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, No. 16-MD-2724, MDL No. 2724 (E.D. Pa.) (the "Movants"). In support of this Objection, the Debtors respectfully state as follows.

### Objection

1. Since the Motion was filed, the Debtors have commenced good faith negotiations with the Movants to seek resolution on a consensual basis. Specifically, the Debtors have been working with the Movants to ensure they obtain the relief they need to enable their pursuit of claims against non-Debtor defendants while (i) minimizing the burden and cost to the estate; and (ii) ensuring the Debtors have the necessary funds to achieve an orderly wind-down. The Debtors

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: Akorn, Inc. (7400); 10 Edison Street LLC (7890); 13 Edison Street LLC; Advanced Vision Research, Inc. (9046); Akorn (New Jersey), Inc. (1474); Akorn Animal Health, Inc. (6645); Akorn Ophthalmics, Inc. (6266); Akorn Sales, Inc. (7866); Clover Pharmaceuticals Corp. (3735); Covenant Pharma, Inc. (0115); Hi-Tech Pharmacal Co., Inc. (8720); Inspire Pharmaceuticals, Inc. (9022); Oak Pharmaceuticals, Inc. (6647); Olta Pharmaceuticals Corp. (3621); VersaPharm Incorporated (6739); VPI Holdings Corp. (6716); and VPI Holdings Sub, LLC. The location of the Debtors' service address is: 1925 W. Field Court, Suite 300, Lake Forest, Illinois 60045.

will continue these efforts to seek consensual resolution prior to the hearing on the Motion. The Debtors further propose that if the Motion remains unresolved by the hearing, the Motion be continued to allow further time to negotiate a consensual resolution. However, to the extent such a resolution cannot be reached, the Debtors respectfully submit that the Movant has not established "cause" to lift the automatic stay under section 362(d) of the Bankruptcy Code. *See* 11 U.S.C. § 362(d)(1).

2. The automatic stay is "one of the most fundamental protections granted the debtor under the Bankruptcy Code." *Izzarelli v. Rexene Prods. Co. (In re Rexene Prods. Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (citing *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 503 (1986)); *Cuffee v. Atl. Bus. & Cmty. Dev. Corp. (In re Atl. Bus. & Cmty. Corp.)*, 901 F.2d 325, 327 (3d Cir. 1990) (citing H.R. REP. NO. 95-595 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963) (same). The purpose of the automatic stay is three-fold: "to prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor." *Izzarelli*, 141 B.R. at 576 (citing *Borman v. Raymark Indus., Inc.*, 946 F.2d 1031, 1036 (3d Cir. 1991)). The automatic stay "allow[s] the bankruptcy court to centralize all disputes concerning property of the debtor's estate so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas." *SEC v. Brennan*, 230 F.3d 65, 70 (2d Cir. 2000) (citing *U.S. Lines, Inc. v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n (In re U.S. Lines, Inc.)*, 197 F.3d 631, 640 (2d Cir. 1999)).

3. "Cause" is not defined in the Bankruptcy Code. Instead, cause is a flexible concept, is fact intensive, and is to be determined on a case-by-case basis upon consideration of the totality of the circumstances. *Tribune Media Servs., Inc. v. Beatty (In re Tribune Co.)*, 418 B.R. 116, 126

(Bankr. D. Del. 2009); *In re SCO Grp., Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007).  In determining whether sufficient cause exists, courts in this District "generally consider the policies underlying the automatic stay in addition to the competing interests of the debtor and the movant." *In re Cont'l Airlines, Inc.*, 152 B.R. 420, 424 (D. Del. 1993).  When balancing competing interests of debtors and movants, courts consider three factors:  "(1) whether any great prejudice to either the bankruptcy estate or the debtor will result from continuation of the civil suit; (2) whether the hardship to the non-bankruptcy party by maintenance of the stay considerably outweighs the hardship to the debtor; and (3) the probability of the creditor prevailing on the merits." *In re W.R. Grace & Co.*, No. 01-01139 (JFK), 2007 WL 1129170, at *2 (Bankr. D. Del. Apr. 13, 2007) (citing *In re Cont'l Airlines, Inc.*, 152 B.R. at 424).  In order to obtain a lift of the automatic stay, the moving party has the burden of presenting facts to establish these three factors.  *See In re Scarborough-St. James Corp.*, 535 B.R. 60, 68 (Bankr. D. Del. 2015). As described herein, these factors weigh in favor of the automatic stay remaining in place with respect to the Movants' action.

4. Here, the Debtors and their estates would face significant prejudice if the actions underlying the Motion were permitted to proceed.  Courts will find great prejudice to the debtor if allowing litigation to proceed will further deplete the bankrupt estate, hinder the reorganization process, or be more burdensome to a debtor than litigating in the bankruptcy court. *See In re Aleris Int'l, Inc.*, 456 B.R. 35, 48 (Bankr. D. Del. 2011).  Movants' Motion would do just that as they seek to lift the stay to resume complex and costly litigation against Akorn.[2]  As part of this litigation, Movants are seeking sweeping discovery requests for written discovery, ESI,

---

[2] Akorn is one of several Defendants named in the lawsuit.  According to Movants, "[a]s of July 9, 2020, Defendants collectively have produced more than 12.4 million custodial documents, 5.2 million noncustodial documents, and transactional-level sales data and cost information."  (Dkt. 500 at 7.)

depositions and interviews of "key Akorn employees."[3] (Dkt. 500 at 11.) This will undoubtedly prejudice the Debtors as Akorn employees are currently focused on preparing for closing on the sale and transitioning to operating under new ownership. Lifting the automatic stay at this juncture will divert significant resources and attention away from accomplishing these critical finals steps.

5. Most importantly, the costs associated with responding to these sweeping requests and defending this litigation will be hundreds of thousands of dollars (and likely more). Moreover, these costs will be incurred primarily to establish liability against other defendants, as any liability ultimately assessed against the Debtors will not receive any recovery under the Debtors' confirmed plan. Put simply, the Debtors' wind-down budget does not contemplate the substantial costs associated with responding to the Movants' extensive discovery requests. Thus, to do so would cause the depletion of assets and resources the Debtors do not have and threatens their successful reorganization. As a result, the Debtors and the estate would face significant hardships if the stay was lifted and the Movants were permitted to proceed with the litigation.

6. The balance of the hardships also clearly weighs against lifting the stay at this time. In contrast to the prejudice Debtors will face, Movants have demonstrated no pressing need to lift the stay. Plaintiffs' litigation has been pending for four years—and that litigation has been stayed as to the Debtors since the onset of these bankruptcy cases. Ultimately, Movants fail to identify any need for the stay to be lifted at this time or any hardship under the continued stay. In fact, by Movants' own admission, the dates for important case management milestones have not even been set.[4]

---

[3] For example, Movants are seeking to search the custodial files of twenty-five individuals—many of whom are employees of Akorn. (Dkt 500 at 7.) For perspective, the non-custodial production from Akorn alone resulted in a production of over 50,000 documents. (*Id.* at 10.)

[4] Dates for case milestones such as "*commencing* depositions,…class certification and summary judgment" are still being negotiated. (Dkt. 500 at 7–8 (emphasis added).)

7. The Debtors therefore submit that the balance of equities strongly favors keeping the stay in place. In sum, Movants are not adversely affected by the imposition of the automatic stay while, in contrast lifting the stay would impede the ability of the Debtors' employees to transition under new ownership and require the Debtors to expend funds that have not been budgeted in the wind-down budget.

8. The Debtors reserve all rights to file a supplemental brief in support of this Objection and present any evidence at a hearing on the Motion.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully submit that the Court deny the Motion in its entirety.

Wilmington, Delaware
September 11, 2020

*/s/ Amanda R. Steele*

| | |
|---|---|
| **RICHARDS, LAYTON & FINGER, P.A.** | **KIRKLAND & ELLIS LLP** |
| Paul N. Heath (No. 3704) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Amanda R. Steele (No. 5530) | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*) |
| Zachary I. Shapiro (No. 5103) | Gregory F. Pesce (admitted *pro hac vice*) |
| Brett M. Haywood (No. 6166) | Christopher M. Hayes (admitted *pro hac vice*) |
| One Rodney Square | 300 North LaSalle Street |
| 920 N. King Street | Chicago, Illinois 60654 |
| Wilmington, Delaware 19801 | Telephone: (312) 862-2000 |
| Telephone: (302) 651-7700 | Facsimile: (312) 862-2200 |
| Facsimile: (302) 651-7701 | Email: patrick.nash@kirkland.com |
| Email: heath@rlf.com | gregory.pesce@kirkland.com |
| steele@rlf.com | christopher.hayes@kirkland.com |
| shapiro@rlf.com | |
| haywood@rlf.com | -and- |
| | |
| *Co-Counsel for the Debtors and Debtors in Possession* | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | Nicole L. Greenblatt, P.C. (admitted *pro hac vice*) |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone: (212) 446-4800 |
| | Facsimile: (212) 446-4900 |
| | Email: nicole.greenblatt@kirkland.com |
| | |
| | *Co-Counsel for the Debtors and Debtors in Possession* |